UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS MATYASOVSZKY on behalf of himself and all other similarly situated | : : : : | CIVIL ACTION NO. |
| | : | 3:03 CV 968 (RNC) |
| Plaintiff, | : : | |
| V. | : : | |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, ET AL. | : : : | OCTOBER 20, 2003 |
| Defendants. | : : | |

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO INTERVENE

## PRELIMINARY STATEMENT

Intervenor Judith Montes seeks to intervene in this purported class action pursuant to FRCP 24(b). She alleges that she is a 49 year-old handicapped by "depression, anxiety, learning impairments, asthma, migraines and fibromyalgia." Intervenor has also alleged that she is homeless and relies on state assistance as her sole source of income. She claims that on October 22, 2002 she applied for housing with the Housing Authority of the City of Bridgeport ("BHA") and that on November 22, 2002 she received a letter informing her that she had been placed on Defendants' wait list. See Motion to Intervene at ¶¶1-4. Based on these allegations alone she speculates that she has had rental housing at the Fireside Apartments denied to her "for discriminatory reasons related to her disabled status." See Motion to Intervene at ¶ 7(a).

However, Plaintiff Thomas Matyasovszky, who currently seeks class certification has alleged that he is a 57 year-old who is permanently disabled due to a mobility impairment. He has alleged that on November 14, 2002 he telephoned the BHA to inquire about housing at the Fireside Apartments but was told by an unidentified person who had determined his age that he could not apply because Fireside is for residents 62 years of age or older and that he is too young. Plaintiff Thomas Matyasovszky did not complete a pre-application form because he alleges that the BHA would not give him one. See Plaintiff's Class Action Complaint at ¶¶ 5, 23, 27 and 28.

Based on these allegations class Plaintiff Thomas Matyasovszky purports to represent a class of plaintiffs and has defined that class as: all low income, disabled, non-elderly persons who have been, are being, or will be, subjected to the discriminatory policies of the BHA because of their disabilities while applying, or attempting to apply, for the senior/disabled housing operated by the Defendants. See Plaintiff's Class Action Complaint at ¶¶ 1 and 36 and Plaintiff's Memorandum of Law in support of his Motion for Class Certification at page 5.

**LAW**

Federal Rule of Civil Procedure 24(b) which governs permissive intervention provides in relevant part:

> Upon timely application anyone may be permitted to intervene in an action... when an applicant's claim or defense and the main action have a question of law or fact in common...in exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

"Putative class members frequently are not entitled to intervene as of right under FRCP 24(a), and permissive intervention under FRCP 24(b) may be denied in the discretion of the District Court." Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983). Permissive intervention is wholly discretionary with the trial court. United States Postal Service v. Brennan, 579 F. 2d 188 (2d Cir. 1978).

Rule 24(b)(2) gives the court discretion to permit intervention when certain factors are satisfied, provided such intervention will not unduly delay or prejudice the rights of the original parties. Spangler v. Pasadena City Board of Education, 552 F. 2d 1326 (9th Cir. 1977).

When considering a permissive intervention motion, the court generally considers whether the would be intervenors can demonstrate that an alleged claim or defense and the main action have common questions of fact or law. The court must also determine whether the rights of the original parties will be prejudiced by permitting intervention and whether the interests of judicial economy will best be served by allowing intervention. Other factors include the legal position sought to be advanced by the intervenors, and whether the would be intervenors will significantly contribute to full development of the underlying factual basis in the suit and to the just and equitable adjudication of the legal questions presented. State of Arizona v. Motorola, Inc., 139 FRD 141 (9th Cir. 1991).

Permissive intervention is wholly discretionary with the District Court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied. New Orleans Public Service, Inc. v. United Gas Pipe Line Co., 732 F 2d. 452 (5th Cir. 1984).

"It is easy to see what are the arguments against intervention where, as here, the intervenor merely underlines issues of law already raised by the primary parties. Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceedings a Donnybrook Fair. Where he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief *amicus curiae* and not by intervention." Bush v. Viterna, 740 F 2d 350 (5th Cir. 1984).

When exercising its discretion concerning permissive intervention, additional relevant factors considered include "the nature and extent of the intervenors' interests, the degree to which those interests are "adequately represented by other parties" and "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal question presented. Spangler, supra.

In Schomber v. Jewel Companies, Inc., 614 F. Supp. 210 (1985) in denying the motion of putative class members to intervene, the court reasoned "that allowing such intervention would serve little purpose, since the intervenors are already putative class members and are not complaining of inadequate representation. Indeed, such a complaint could not be made since the intervenors and plaintiff share the same counsel." When the same attorney represents both the proposed intervenor and the original plaintiff, adequacy of representation must be presumed. Carroll v. American Federation of Musicians, 33 FRD 353 (S.D. N.Y. 1963).

In <u>Wade v. Goldschmidt</u>, 673 F 2d 182 (7th Cir. 1982) the court, in denying a motion to intervene elaborated that "applicants have not overcome the presumption of adequacy of representation that arises when the proposed intervenor and a party to the suit have the same ultimate objective. When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interest are adequately represented, against which petitioner must demonstrate adversity of interest, collusion or nonfeasance. <u>Bush</u>, supra.

**ARGUMENT**

Assuming *arguendo* that proposed intervenor has a question of law in common with the purported class Plaintiff Thomas Matyasovszky, in that both claim discrimination based on their alleged handicaps in applying for housing with the Defendants, intervention should be denied because it will unduly delay the adjudication of the rights of the original parties. The delay will result from the fact that proposed class plaintiff and intervenor claim different handicaps and the issue of whether they are indeed handicapped as defined in Federal law and what that handicap is will have to be adjudicated separately, thereby delaying resolution of this action. Further, the issue of the eligibility for low income housing will also have to be adjudicated separately.

The factual issues as alleged by the intervenor are not common with the factual issues alleged by the purported class plaintiff which favors a denial of intervention. Purported class Plaintiff alleges that he was denied an application for housing by the Defendants while intervenor claims that she applied for housing with the Defendants and was placed on the wait list 30 days thereafter. Each Plaintiff must litigate the issue of how the Defendants allegedly discriminated

5

against them because of their alleged handicaps. In fact, while purported class representative Thomas Matyasovszky has alleged he was denied an application due to his handicap, intervenor admits she applied and was placed on the wait list. She does not even allege that any available housing was denied to her, she merely speculates "based on what I have learned from my attorney, I believe that I will remain on the wait list for longer than necessary because I am disabled." See Affidavit in Support of Motion to intervene at page 5.

In fact, intervenor's claim is not ripe. She alleges that she "has been or will be effectively denied the opportunity to rent an apartment at the Fireside Apartments because she is disabled." See Memorandum in support of intervention at pg 3.

Intervenor has not demonstrated any discriminatory practices on the part of Defendants. She readily concedes that she applied for an apartment and was placed on the wait list. Her Motion to Intervene is devoid of any facts, specifically illustrating discrimination against her because of her disability. Intervenor is attempting to circumvent Defendants' wait list procedure through allegations of discrimination. Further, since purported class Plaintiff seeks declaratory and injunctive relief in this action and because intervenor is represented by the very same attorney, her interests are adequately protected without intervention which will only prolong the resolution of this action.

**CONCLUSION**

For all the reasons stated herein, it is respectfully submitted that the motion to intervene be denied.

                    THE DEFENDANTS,

By: _____
    Michael T. Ryan, Esq. (ct 05685)
    Ryan, Ryan, Johnson & Deluca, LLP
    80 Fourth Street, P.O. Box 3057
    Stamford, CT   06905
    Juris No. 52525
    Phone No. 203-357-9200

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 20, 2003, a copy of the above was mailed to the following counsel and pro se parties of record:

Alan Rosner, Esq.
Law Offices of Alan Rosner
1115 Main Street, Suite 415
Bridgeport, CT 06604
Attorney for Plaintiff, Thomas Matyasovszky, on Behalf of Plaintiff Class

Jennifer Vickery, Esq.
Law Offices of Alan Rosner
1115 Main Street, Suite 415
Bridgeport, CT 06604
Attorney for Plaintiff, Thomas Matyasovszky, on Behalf of Plaintiff Class

_____
Michael T. Ryan, Esq.

I:\Procases\1742.007\memorandum101603.wpd
1742.007