FILED

2003 NOV 20 A 8:07

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVSZKY, on behalf of himself and all other persons similarly situated, Plaintiffs, | : CIVIL ACTION NO. : : 3:03-CV-968 (RNC) |
| V. | : : : |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, COLLIN VICE, individually and in her capacity as Executive Director of the Housing Authority of the City of Bridgeport, and JONAS DE GUZMAN, individually and in his capacity as Special Assistant to the Executive Director of the Housing Authority of the City of Bridgeport, Defendants. | : : : : NOVEMBER 18, 2003 : : : : |

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION TO CERTIFY CLASS**

Pursuant to Rule 43(e) of the Federal Rules of Civil Procedure, Plaintiff Thomas Matyasovszky submits herewith an Affidavit of Counsel. Such Affidavit is intended to serve as an offer of proof in connection with oral argument scheduled before this Court November 25, 2003.

Respectfully submitted,

PLAINTIFF THOMAS MATYASOVSZKY

By _____
Jennifer Vickery, Esq.
(ct 24089)
1115 Main Street, Suite 415
Bridgeport, CT 06604
Tel.(203) 384-1245, Fax. (203) 384-1246
Email: alanrosner@aol.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent by facsimile transmission on this 19th day of November, 2003 to:

Michael Ryan, Jeffrey Nagle, and James Mahar
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905-3057
Fax (203) 357-7915

_____
Commissioner of Superior Court

## AFFIDAVIT OF COUNSEL

I, Jennifer Vickery, being duly sworn, depose and say:

1. I am over the age of eighteen years and appreciate the obligations of an oath.

2. I am counsel to the plaintiff and proposed class representative, Thomas Matyasovszky, in this action.

3. Prior to filing this action, on December 16, 2002, plaintiff Thomas Matyasovszky filed a housing discrimination complaint with the Connecticut Commission on Human Rights and Opportunities, No. 0350122. Defendant Bridgeport Housing Authority ("BHA") filed an answer and submitted documents in connection with this complaint. See attached Exhibits A, B and C. On November 5, 2003 the BHA provided its policy manuals to plaintiff pursuant to a request under the Connecticut Freedom of Information Act. See attached Exhibit D. On July 2, 2003, the Department of housing and Urban Development provided a letter to plaintiff pursuant to a request under the federal Freedom of Information Act. See attached Exhibit E.

4. Exhibit A is a thirty-one page document entitled "Application Wait Listing" and dated 1/03/03. Upon information and belief, this document is a computer print-

out of the waiting list for all Bridgeport Housing Authority public housing units. The final page of Exhibit A is an "Application Summary." The summary states that the waiting list contains 94 elderly families, 128 disabled families, and 467 applicants who are neither elderly nor disabled.

5. Exhibit B is a four page document entitled "Disabled Application Waiting List" and dated 3/19/03. It shows the date on which each disabled applicant on the BHA public housing waiting list first applied. The total number of disabled applicants listed is 171.

6. Exhibit C is a nine page document dated 4/08/03 and entitled "Resident List–Demographics" for Fireside Apartments, the 248 unit BHA complex that plaintiff alleges is legally mixed population housing, for both the elderly and the disabled. On pages one through six of Exhibit C, and 100% of the residents are listed as over 62 years of age. Exhibit C lists separately 23 residents who are between the ages of 55 and 61 years of age. Exhibit C shows that 229 units in the Fireside Apartments were leased to persons over 62 in April 8, 2003. Of the remaining 19 units of the Fireside Apartments, 16 are leased to persons between 55 and 62 years of age. Exhibits C further shows that there are zero residents of Fireside Apartments who are under 55.

7. Exhibit D is a page from the manual policies of the BHA for "elderly-designated

developments" in the 2002-2003 year as follows: (1) admit elderly families over 62; (2) admit near-elderly families between 55 and 62 years of age, "if there are insufficient elderly families who wish to reside in the development;" and (3) admit "near elderly applicants who are 46-62 years of age" if there are insufficient applicants.

8. Exhibit E is a three page document provided by the Department of Housing and Urban Development in response to a request by plaintiff's counsel pursuant to the federal Freedom of Information Act. The document shows that the Fireside

Apartments complex is not an "elderly designated development."

9. Plaintiff's counsel has served defendants with requests for production seeking waiting lists and demographic data in order to identify members of the class that plaintiff Matyasovszky proposes to represent. Defendants have objected to these requests.

Dated: Bridgeport, CT
November 18, 2003

_____
Jennifer Vickery

Subscribed and sworn to before me this 18th day of November, 2003.

_____
Commissioner of Superior Court