03cv968exh1

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVSZKY,<br>Plaintiff, | : CIVIL ACTION NO.<br>: 3:03 CV 968 (WWE)<br>:<br>: |
| V. | :<br>: OCTOBER 13, 2003 |
| HOUSING AUTHORITY OF THE CITY OF<br>BRIDGEPORT, et al.<br>Defendants. | :<br>:<br>: |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO COLLIN VICE, JONAS DE GUZMAN, AND THE BRIDGEPORT HOUSING AUTHORITY

Pursuant to Fed. R. Civ. P. Rule 34 and D. Conn. Loc. R. Civ. P. Rule 26, plaintiff propounds the following requests that defendants produce the documents specified below for inspection and copying no later than 30 days after service of this Request, at the Law Offices of Alan Rosner, Esq., 1115 Main Street, Suite 415, Bridgeport, CT 06604, or at such other place as may be agreed upon by counsel.

### DEFINITIONS AND INSTRUCTIONS

A. Each defendant must respond individually to the Requests for Production containing his or her name, and the defendant Housing Authority of the City of Bridgeport ("BHA") shall designate a person as the individual responsible for its responses to these Requests; each defendant shall provide not only such information, statements, documents, and items as are in such defendant's possession, but also those that are available upon request by such defendant, or in the care, custody, or control of such defendant, regardless of the location of the documents or items, and regardless of whether such documents or items are held by representatives of defendant.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVSZKY,<br>Plaintiff, | : CIVIL ACTION NO.<br>: 3:03 CV 968 (WWE)<br>:<br>:<br>: |
| V. | :<br>: OCTOBER 13, 2003 |
| HOUSING AUTHORITY OF THE CITY OF<br>BRIDGEPORT, et al.<br>Defendants. | :<br>:<br>: |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
TO COLLIN VICE, JONAS DE GUZMAN, AND
THE BRIDGEPORT HOUSING AUTHORITY**

Pursuant to Fed. R. Civ. P. Rule 34 and D. Conn. Loc. R. Civ. P. Rule 26, plaintiff propounds the following requests that defendants produce the documents specified below for inspection and copying no later than 30 days after service of this Request, at the Law Offices of Alan Rosner, Esq., 1115 Main Street, Suite 415, Bridgeport, CT 06604, or at such other place as may be agreed upon by counsel.

**DEFINITIONS AND INSTRUCTIONS**

A. Each defendant must respond individually to the Requests for Production containing his or her name, and the defendant Housing Authority of the City of Bridgeport ("BHA") shall designate a person as the individual responsible for its responses to these Requests; each defendant shall provide not only such information, statements, documents, and items as are in such defendant's possession, but also those that are available upon request by such defendant, or in the care, custody, or control of such defendant, regardless of the location of the documents or items, and regardless of whether such documents or items are held by representatives of defendant.

B. The words "communication," "concerning," "document," "identify," and "person," are used herein in the broadest sense permissible under the above-cited rules. The phrase "in any form" includes written, recorded, or graphic matter, however produced, reproduced, or maintained, including but not limited to, writings of every kind, typed and printed materials, transcripts or taped, videotaped, or digitized records of proceedings, hearings, or other statements taken under oath, electronic mail and archives or back-up copies of electronic mail, electronically searchable databases to the extent that information requested is ordinarily stored in such a database, letters, telegrams, memoranda, diary entries, notes, schedules, graphs, charts, tabulations, analyses, computer printouts, disks, tapes, visual aids, slides, sound or mechanical reproductions, and copies of documents which are not identical duplicates of the originals (e.g., because handwritten or blind notes appear thereon or are attached), whether or not the originals are in the possession, custody or control of the defendants. When there are multiple copies of a writing with different notations, under linings, comments, or the like thereon, every copy shall constitute a separate writing. C. "Attorney-Client Privilege." With respect to any document that you contend is subject to the attorney-client privilege or work product doctrine, or that you have withheld pursuant to any other privilege, please provide the following information in a privilege log, pursuant to D. Conn. Loc. R. Civ. P., Rule 37:

a) the date or approximate date of the document;

b) the type of document (e.g., letter, memorandum);

c) a description of the subject matter of the document;

d) each and every person who prepared, signed or participated in the preparation of the document or any copy thereof;

e) each and every person who received the document or any copy thereof;

f) the present custodian(s) of the document;

g) a list of all attachments or enclosures to the document; and

h) the nature of the privilege asserted and any statutes or rules which you contend support your assertion or the privilege.

D. If any of the documents requested herein has been destroyed, please furnish a list identifying each such document, its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a summary of the substance of the document, the date (or approximate date) upon which it was destroyed, and the reason it was destroyed.

E. These Requests are deemed to be continuing in nature, and in the event you become aware of or acquire in your possession, custody, or control additional responsive documents, you are requested promptly to produce such additional documents for inspection and copying.

F. The terms "you" and "your" refer to each defendant individually, and each defendant is required to respond individually.

G. The terms "disabled," "elderly," and "near-elderly" are defined herein in the same manner as they are defined by the relevant regulations for the time period in question; in accordance with this definition, for the period of October 19, 1999 through the present, these terms are defined as they are in 42 U.S.C. 1437a(b)(3), as follows:

    1. Person who is "elderly" means "a person who is at least 62 years of age;"

    2. Person who is "disabled" means "a person who–

        (i) has a disability as defined in section 223 of the Social Security Act;

        (ii) is determined, pursuant to regulations issued by the Secretary, to have a physical, mental, or emotional impairment which (I) is expected to be of long-continued and

indefinite duration, (II) substantially impedes his or her ability to live independently, and (III) is of such a nature that such ability could be improved by more suitable housing conditions; or

(iii) has a developmental disability as defined in section 102 of the Developmental Disabilities Assistance and Bill of Rights Act."

3. Person who is "near-elderly" means: "a person who is at least 50 years of age but below the age of 62."

## REQUESTS

1. Please produce any document(s) that indicate that any unit of housing owned and/or operated by the BHA that was subject to a HUD-approved "elder-only" designation in October and November of 2002.

2. Please produce any document(s), in any form, that indicate whether you maintained separate waiting list(s) for applicants who were elderly, the near-elderly, or disabled during the months of October and November of 2002.

3. Please produce any documents you may possess that describe internal BHA policies, rules, or procedures with respect to any waiting list(s) or report(s) or print-out(s) used by the Resident Selection Department to determine the order in which applicants will be deemed eligible for the Fireside Apartment complex.

4. Please produce any documents you may possess that describe internal BHA policies, rules, or procedures with respect to any waiting list(s) or report(s) or

print-out(s) used by the Resident Selection Department to determine the order in which applicants will be leased a unit in the Fireside Apartments complex

5. Please produce the pre-applications and any other application materials you may possess for each elderly person who became eligible for a unit in the Fireside Apartments during the months of September and October, 2002.

6. Please produce the pre-applications and any other application materials you may possess for each person with a disability who became eligible for a unit in the Fireside Apartments during the months of September and October, 2002.

7. Please produce any documents you may possess that support your claim that disabled persons were admitted the Fireside Apartments during the months of September and October, 2002.

8. Please produce each "Notice of Ineligibility" that the Resident Selection

Department of the BHA, or any staff member in that department, sent to any disabled applicant under the age of 62 during the months of September and October, 2002.

Respectfully submitted,

PLAINTIFF THOMAS MATYASOVSZKY

By_____
Jennifer Vickery, Esq. (Ct24089)
Law Offices of Alan Rosner
1115 Main Street, Suite 415
Bridgeport, CT 06604
Tel. (203) 384-1245
Fax. (203) 384-1246

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent by mail and facsimile transmission on this 13th day of October, 2003 to:

Jeff Nagle and Michael Ryan
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905

_____
Commissioner of Superior Court

ALAN ROSNER, ESQ.
1115 MAIN STREET, SUITE 415
BRIDGEPORT, CT 06604
(203) 384-1245
FAX (203) 384-1246

CONFIDENTIAL FAX TRANSMITTAL MEMORANDUM

TODAYS'S DATE: __10/13/03__   TIME: _____

NUMBER OF PAGES (INCLUDING COVER SHEET): __8__

TO: __Jeff Nagle + Mike Ryan__

COMPANY __Ryan, Ryan__

LOCATION _____

FAX NO. __(203) 357-7915__

FROM: ALAN ROSNER / __Jennifer Vickery__

FAX NO. __(203) 384-1246__

IF THERE IS AN ERROR IN TRANSMISSION, PLEASE CALL 384-1245.

COMMENTS: _____

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE MAY BE PRIVELEGED AND CONFIDENTIAL AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

TRANSMISSION VERIFICATION REPORT

```
TIME  : 10/13/2003 14:40
NAME  :
FAX   : 2033841246
TEL   : 2033841245
SER.# : BROC3N800799
```

```
DATE,TIME              10/13  14:37
FAX NO./NAME           12033577915
DURATION               00:02:35
PAGE(S)                08
RESULT                 OK
MODE                   STANDARD
```

**ALAN ROSNER, ESQ.**
**1115 MAIN STREET, SUITE 415**
**BRIDGEPORT, CT 06604**
**(203) 384-1245**
**FAX (203) 384-1246**

**CONFIDENTIAL FAX TRANSMITTAL MEMORANDUM**

**TODAYS'S DATE:** _10/13/03_   **TIME:** _____

**NUMBER OF PAGES (INCLUDING COVER SHEET):** _8_

**TO:** _Jeff Nable + Mike Ryan_

    **COMPANY** _Ryan, Ryan_

    **LOCATION** _____

    **FAX NO.** _(203) 357-7915_

**FROM: ALAN ROSNER** / _Jennifer Vickery_

    **FAX NO.** _(203) 384-1246_

**IF THERE IS AN ERROR IN TRANSMISSION, PLEASE CALL 384-1245.**

**COMMENTS:** _____