

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS MATYASOVSZKY,          : CIVIL ACTION NO.
       Plaintiff,              : 3:03 CV 968 (WWE)
                                        :
                                        :
V.                            :
                                        : OCTOBER 14, 2003
HOUSING AUTHORITY OF THE CITY OF    :
BRIDGEPORT, et al.            :
                Defendants.         :

### PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION TO COLLIN VICE, JONAS DE GUZMAN, AND THE BRIDGEPORT HOUSING AUTHORITY

Pursuant to Fed. R. Civ. P. Rule 34 and D. Conn. Loc. R. Civ. P. Rule 26, plaintiff propounds the following requests that the defendants produce the documents specified below for inspection and copying no later than 30 days after service of this Request, at the Law Offices of Alan Rosner, Esq., 1115 Main Street, Suite 415, Bridgeport, CT 06604, or at such other place as may be agreed upon by counsel.

### DEFINITIONS AND INSTRUCTIONS

A. Each defendant must respond individually to the Requests for Production containing his or her name, and the defendant Housing Authority of the City of

1

Bridgeport ("BHA") shall designate a person as the individual responsible for its responses to these Requests; each  defendant shall provide not only such information, statements, documents, and items as are in such defendant's possession, but also those that are available upon request by such defendant, or in the care, custody, or control of such defendant, regardless of the location of the documents or items, and regardless of whether such documents or items are held by representatives of defendant.

B.  The words "communication," "concerning,"  "document," "identify," and "person," are used herein in the broadest sense permissible under the above-cited rules. The phrase "in any form"  includes written, recorded, or graphic matter, however produced, reproduced, or maintained, including but not limited to, writings of every kind, typed and printed materials, transcripts or taped, videotaped, or digitized records of proceedings, hearings, or other statements taken under oath, electronic mail and archives or back-up copies of electronic mail, electronically searchable databases to the extent that information requested is ordinarily stored in such a database, letters, telegrams, memoranda, diary entries, notes, schedules, graphs, charts, tabulations, analyses, computer printouts, disks, tapes, visual aids, slides, sound or mechanical reproductions, and copies of documents which are not identical duplicates of the originals (e.g., because

2

handwritten or blind notes appear thereon or are attached), whether or not the originals are in the possession, custody or control of the defendants. When there are multiple copies of a writing with different notations, underlinings, comments, or the like thereon, every copy shall constitute a separate writing.

C. "Attorney-Client Privilege." With respect to any document that you contend is subject to the attorney-client privilege or work product doctrine, or that you have withheld pursuant to any other privilege, please provide the following information in a privilege log, pursuant to D. Conn. Loc. R. Civ. P., Rule 37:

a) the date or approximate date of the document;

b) the type of document (e.g., letter, memorandum);

c) a description of the subject matter of the document;

d) each and every person who prepared, signed or participated in the preparation of the document or any copy thereof;

e) each and every person who received the document or any copy thereof;

f) the present custodian(s) of the document;

g) a list of all attachments or enclosures to the document; and

h) the nature of the privilege asserted and any statutes or rules which you contend

3

support your assertion or the privilege.

D.  If any of the documents requested herein has been destroyed, please furnish a list identifying each such document, its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a summary of the substance of the document, the date (or approximate date) upon which it was destroyed, and the reason it was destroyed.

E.  These Requests are deemed to be continuing in nature, and in the event you become aware of or acquire in your possession, custody, or control additional responsive documents, you are requested promptly to produce such additional documents for inspection and copying.

F.  The terms "you" and "your" refer to each individual defendant; in the case of the entity defendant, these terms refer interchangeably to the entities denominated as "the Housing Authority of the City of Bridgeport" and as "the Bridgeport Housing Authority."

G.  The terms "disabled," "elderly," and "near-elderly" are defined herein in the same manner as they are defined by the relevant regulations for the time period in question; in accordance with this definition, for the period of October 19, 1999 through the present, these terms are defined as they are in 42 U.S.C. 1437a(b)(3), as follows:

4

1.  Person who is "elderly" means "a person who is at least 62 years of age;"

2.  Person who is "disabled" means "a person who–

    (i) has a disability as defined in section 223 of the Social Security Act;

    (ii) is determined, pursuant to regulations issued by the Secretary, to have a physical, mental, or emotional impairment which (I) is expected to be of long-continued and indefinite duration, (II) substantially impedes his or her ability to live independently, and (III) is of such a nature that such ability could be improved by more suitable housing conditions; or

    (iii) has a developmental disability as defined in section 102 of the Developmental Disabilities Assistance and Bill of Rights Act."

3.  Person who is "near-elderly" means: "a person who is at least 50 years of age but below the age of 62."

**REQUESTS**

1.    Please produce all documents, in any form, including but not limited to

"note history" entries and any other internal records, that comprise any

type of file(s) concerning Judith Montes.

2.    Please produce all documents you may possess, in any form, generated

from and after October 19, 1999, that concern or contain eligibility criteria

for senior/disabled public housing.

3.    Please produce all documents you may possess, in any form, generated

from and after October 19, 1999, that concern or contain eligibility criteria

for the Fireside Apartments.

4.    Please produce copies of all documents that you have exchanged with any

other governmental or non-profit agency from and after October 19, 1999,

including but not limited to correspondence with:

a.      the United States Department of Housing and Urban

6

Development, or any office, staff member, agent or representative thereof ("HUD");

b.     the City of Bridgeport, or any office, staff member, agent or representative thereof ;

c.     any non-profit entity located in the city of Bridgeport.

5.     Please produce any documentation you may possess of communications between Collin Vice, Jonas DeGuzman, Loretta Fuller, Tracy Zennis, or any member of the Resident Selection Office staff, and Joseph Winzce, including but not limited to telephone statements for the relevant extensions and phone numbers in the months of September, October, November and December 2002.

6.     Please produce all documentation, in any form, including but not limited to internal memoranda, manuals, or computer database training materials, that you have used to train or supervise Resident Selection Office staff the policies, rules, and/or procedures concerning application procedures for

7

public housing for the disabled.

7.    Please produce all documentation, in any form, including but not  limited

to internal memoranda,  manuals, or computer database training materials,

that  you have used to train or supervise Resident Selection Office staff

the policies, rules, and/or procedures concerning application procedures

for public housing for the elderly.

8.    Please produce all documentation, in any form, which indicates whether

you maintain separate public housing waiting lists for elderly applicants,

disabled applicants, and/or near-elderly applicants.

9.    Please produce all documentation, in any form, which indicates whether

you maintain a separate public housing waiting list for any other group of

applicants.

10.    Please produce documentation of any communications that occurred from

1993 to the present concerning a request  to HUD to change the

8

senior/disabled designation status of any public housing units owned
and/or operated by the BHA.

11. Please produce all documents you possess in which the BHA represents or
states that the Fireside Apartments are designated for or limited to
"elders," the "near -elderly," "seniors," or persons "62 years of age or
older" only, and all documentation you possess of any communications in
which such representation were made.

12. Please produce all documents you possess in which the BHA represents or
states that the Fireside Apartments are designated as "senior/disabled" or
"mixed population" housing, and all documentation you possess of any
communications in which such representation were made.

13. Please produce all documents you possess in which the BHA represents or
states that any units within the Fireside Apartments are designated for or
limited to "disabled" or "handicapped" persons only, and all

9

documentation you possess of any communications in which such representation were made.

14. Please produce all documents, in any form, generated from and after October 19, 1999 concerning the demographic characteristics, such as age and disability, of the persons whom the BHA has admitted to senior/disabled public housing, including but not limited to its Fireside Apartments complex, that you or your office have exchanged with any other governmental agency, including but not limited to correspondence with:

a.    the United States Department of Housing and Urban Development, or any office, staff member, agent or representative thereof ("HUD");

b.    the City of Bridgeport, or any office, staff member, agent or representative thereof ;

c.    any non-profit entity located in the city of Bridgeport.

10

15.    Please produce all documents, in any form, generated from and after
October 19, 1999 concerning the demand for senior/disabled public
housing, such as the Fireside Apartments, including but not limited to
documents containing information on occupancies and vacancies in the
Fireside Apartments, that you or your office have exchanged with any
other governmental agency, including but not limited to correspondence
with:

a.    the United States Department of Housing and Urban
Development, or any office, staff member, agent or representative
thereof ("HUD");

b.    the City of Bridgeport, or any office, staff member, agent or
representative thereof;

c.    any non-profit entity located in the city of Bridgeport.

16.    Please produce all documents you may possess concerning any current
policy, rule, regulation, or practice that states the eligibility criteria for any
unit of the Fireside Apartments,  that you:

11

a.     have received from HUD;

b.     have sent to HUD; or

c.     have signed, generated and/or authorized to be distributed to any other person or entity.

17.     Please produce all documents, in any form, generated by you at any time from and after October 19, 1999, concerning any policy, rule, regulation, or practice concerning eligibility criteria for any units of senior/disabled housing owned and/or operated by the BHA.

18.     Please produce all pre-applications submitted to the BHA from and after October 19, 1999 which indicate that the applicant is both disabled and under the age of 62 on the date the pre-application was submitted.

19.     Please produce all documents, in any form, including but not limited to "note history" entries and any other internal records, that comprise any type of file(s) concerning the persons whose pre-applications are provided

12

in response to Request 18.

20.     Please produce copies of any documentation you may possess, in any

form, of communications, telephone calls, visits to any housing complex

or any office of the BHA, or other inquiries made by or on behalf of

disabled persons seeking admission to public housing.

21.     The entire file(s), including but not limited to copies of file jacket covers,

all pre-application and other application materials of any kind, and "note

history" entries, for each current tenant of any unit in the Fireside

Apartments.

22.     With respect to each tenant or former tenant who was deemed eligible for

admission to any unit of public housing owned and/or operated by the

BHA between October 19, 1999 and the present, based in part or in whole

on a disability, please produce:

a.      All pre-application and application materials, in any form,

13

including but not limited to communications concerning eligibility;

b. All internal communications, in any form, concerning the determination of which unit to offer each such tenant;

c. A copy of the first and last pages of all leases executed by each such tenant.

23. With respect to each applicant or former applicant who was deemed eligible for admission to public housing owned and/or operated by the BHA between October 19, 1999 and the present, based in part or in whole on being elderly, please produce:

a. All pre-application and application materials, in any form, including but not limited to communications concerning eligibility;

b. All internal communications, in any form, concerning the determination of which unit to offer each such tenant;

c. A copy of the first and last pages of any BHA leases executed by

14

each such tenant.

24.    With respect to each applicant or former applicant who was deemed

eligible for admission to public housing owned and/or operated by the

BHA between October 19, 1999 and the present, based in part or in whole

on being near-elderly, please produce:

a.    All pre-application and application materials, in any form,

including but not limited to communications concerning eligibility;

b.    All internal communications, in any form, concerning the

determination of which unit to offer each such tenant;

c.    A copy of the first and last pages of any BHA leases executed by

each such tenant.

25.    Please produce, in their current form, any separate waiting list(s) or

report(s) or print-out(s) used by the Resident Selection Department to

15

determine the order in which disabled applicants will be admitted to senior/disabled housing units owned and/or operated by the BHA.

26. Please produce the list(s) described in Request 25 in the form in which it existed on October 19, 1999.

27. Please produce, in their current form, any separate waiting list(s) or report(s) or print-out(s) used by the Resident Selection Department to determine the order in which elderly applicants will be admitted to senior/disabled housing units owned and/or operated by the BHA.

28. Please produce the list(s) described in Request 27 in the form in which it existed on October 19, 1999.

29. Please produce, in their current form, any separate waiting list(s) or report(s) or print-out(s) used by the Resident Selection Department to determine the order in which applicants will be admitted to "disabled-

16

only" housing units owned and/or operated by the BHA.

30.    Please produce the list(s) described in Request 29 in the form in which it

existed on October 19, 1999.

31.    Please produce each document you possess that identifies any unit of

housing owned and/or operated by the BHA as subject to a HUD-

approved "elder-only" designation at any time since 1993.

32.    Please produce, in their current form, any separate waiting list(s) or

report(s) or print-out(s) used by the Resident Selection Department to

determine the order in which applicants will be admitted to and/or deemed

eligible for the Fireside Apartments.

33.    Please produce the list(s) described in Request 23 in the form in which it

existed on October 19, 1999.

17

34.    Please produce each document that you possess identifies any unit of housing owned and/or operated by the BHA as currently subject to a HUD-approved "elder-only" designation.

35.    Please provide each document that identifies any unit of senior/disabled housing owned and/or operated by the BHA that was not subject to a HUD-approved "elder-only" designation as of October 19, 1999.

36.    Please produce all correspondence that has been sent from you to any disabled person who is currently on any waiting lists identified in response to any of these requests from and after October 19, 1999.

37.    Please provide any documents you may possess that identify each unit of the Fireside Apartments that has been occupied by a tenant under 62 years of age at any time after October 19, 1999, and which show the basis of eligibility for such tenant.

18

38.    Please produce all maintenance and repair records for the Fireside
       Apartments from 1993 to the present.


39.    Please produce any documents you may have indicating the definition that
       the BHA uses for the terms "senior/disabled housing,"
       "disabled,""elderly" and "near-elderly."


40.    To the extent that different or additional documents would be produced in
       response to any Request above if the definitions identified in Request 40
       were used instead of the definitions stated in the instructions herein,
       please produce such documents, separated with respect to their relevance
       to the terms "disabled," "elderly" and "near-elderly."


41.    Please identify each person involved in responding to each of the above
       Requests.

Respectfully submitted,

PLAINTIFF THOMAS MATYASOVSZKY

By _____
     Jennifer Vickery, Esq. (Ct24089)
     Law Offices of Alan Rosner
     1115 Main Street, Suite 415
     Bridgeport, CT 06604
     Tel. (203) 384-1245
     Fax. (203) 384-1246

20

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing has been sent by facsimile transmission and mail on this 14th day of October, 2003 to:

Jeff Nagle and Michael Ryan
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905

_____
Commissioner of Superior Court

21

**ALAN ROSNER, ESQ.**
**1115 MAIN STREET, SUITE 415**
**BRIDGEPORT, CT 06604**
**(203) 384-1245**
**FAX (203) 384-1246**

### CONFIDENTIAL FAX TRANSMITTAL MEMORANDUM

**TODAYS'S DATE:** _10/14/13_    **TIME:** _____

**NUMBER OF PAGES (INCLUDING COVER SHEET):** _22_

**TO:** _JEFF NABLE AND MIKE RYAN_

   **COMPANY** _RYAN, RYAN_

   **LOCATION** _____

   **FAX NO.** _(203) 357 - 7915_

**FROM: ALAN ROSNER** / _JENNIFER VICKERY_

   **FAX NO.** _(203) 384-1246_

**IF THERE IS AN ERROR IN TRANSMISSION, PLEASE CALL 384-1245.**

**COMMENTS:** _____

_____

_____

_____

_____

**THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE MAY BE PRIVELEGED AND CONFIDENTIAL AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.  THANK YOU.**

TRANSMISSION VERIFICATION REPORT

```
TIME   : 10/14/2003 14:39
NAME   :
FAX    : 2033841246
TEL    : 2033841245
SER.#  : BROC3N800799
```

| | |
|---|---|
| DATE,TIME | 10/14  14:33 |
| FAX NO./NAME | 12033577915 |
| DURATION | 00:06:02 |
| PAGE(S) | 22 |
| RESULT | OK |
| MODE | STANDARD |

**ALAN ROSNER, ESQ.**
**1115 MAIN STREET, SUITE 415**
**BRIDGEPORT, CT 06604**
**(203) 384-1245**
**FAX (203) 384-1246**

**CONFIDENTIAL FAX TRANSMITTAL MEMORANDUM**

**TODAYS'S DATE:** _10/14/13_    **TIME:** _____

**NUMBER OF PAGES (INCLUDING COVER SHEET):** _22_

**TO:** _JEFF NABLE AND MIKE RYAN_

   **COMPANY** _Ryan, Ryan_

   **LOCATION** _____

   **FAX NO.** _(203) 357-7915_

**FROM: ALAN ROSNER** / _JENNIFER VILLERY_

   **FAX NO.** _(203) 384-1246_

**IF THERE IS AN ERROR IN TRANSMISSION, PLEASE CALL**
**384-1245.**

**COMMENTS:** _____