

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS MATYASOVSZKY on behalf
of himself and all other
similarly situated

           Plaintiff,                CIVIL ACTION NO. 3:03 CV 968 (RNC)

    V.

HOUSING AUTHORITY OF THE CITY        NOVEMBER 12, 2003
OF BRIDGEPORT, ET AL.

        Defendants.

## OBJECTION TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION DATED OCTOBER 13, 2003

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the undersigned Defendants,

HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, COLLIN VICE, individually and

in her official capacity as Executive Director of the Housing Authority of the City of Bridgeport,

and JONAS DE GUZMAN, individually and in his official capacity as Special Assistant to the

Executive Director of the Housing Authority of the City of Bridgeport Housing Authority of the

City of Bridgeport, in the above-captioned matter, hereby object to following production requests

set forth in Plaintiff's First Set of Production Requests dated October 13, 2003.

    1.    Request for production objected to:

        5.    Please produce the pre-applications and any other application materials
            you may possess for each elderly person who became eligible for a unit in
            the Fireside Apartments during the months of September and October,
            2002.

**OBJECTION:**

This request calls for the production of personal information of individuals such as

education, financial transactions, medical history, criminal or employment history, names and/or

identifying numbers or symbols and would constitute a violation of their privacy rights.

Production of such information is prohibited by 5 U.S.C. 552a.

    2.    Request for production objected to:

        6.    Please produce the pre-applications and any other application materials you may possess for each person with a disability who became eligible for a unit in the Fireside Apartments during the months of September and October, 2002.

**OBJECTION:**

This request calls for the production of personal information of individuals such as

education, financial transactions, medical history, criminal or employment history, names and/or

identifying numbers or symbols and would constitute a violation of their privacy rights.

Production of such information is prohibited by 5 U.S.C. 552a.

    3.    Request for production objected to:

        7.    Please produce any documents you may possess that support your claim that disabled persons were admitted the Fireside Apartments during the months of September and October, 2002.

**OBJECTION:**

This request calls for the production of personal information of individuals such as

education, financial transactions, medical history, criminal or employment history, names and/or

identifying numbers or symbols and would constitute a violation of their privacy rights.

Production of such information is prohibited by 5 U.S.C. 552a.

    4.    Request for production objected to:

        8.    Please produce each "Notice of Ineligibility" that the Resident Selection.

2

Department of the BHA, or any staff member in that department, sent to any disabled applicant under the age of 62 during the months of September and October, 2002.

**OBJECTION:**

This request calls for the production of personal information of individuals such as education, financial transactions, medical history, criminal or employment history, names and/or identifying numbers or symbols and would constitute a violation of their privacy rights. Production of such information is prohibited by 5 U.S.C. 552a.

Wherefore, the Defendants respectfully move this Court to sustain their objections to the disclosure sought by the Plaintiff.

THE DEFENDANTS,
HOUSING AUTHORITY OF THE CITY OF
BRIDGEPORT, et al

By:_____
James A. Mahar, Esq., (CT 21854)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905
Juris No. 52525
Phone No. 203-357-9200

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November _____, 2003, a copy of the above was mailed to the

following counsel and pro se parties of record:

Alan Rosner, Esq.
Jennifer Vickery, Esq.
Law Offices of Alan Rosner
1115 Main Street, Suite 415
Bridgeport, CT 06604
Attorney for Plaintiff, Thomas Matyasovszky


_____
James A. Mahar, Esq.

4



# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

THOMAS MATYASOVSZKY on behalf
of himself and all other
similarly situated

          Plaintiff,          CIVIL ACTION NO. 3:03 CV 968 (RNC)

    V.

HOUSING AUTHORITY OF THE CITY      NOVEMBER 12, 2003
OF BRIDGEPORT, ET AL.

        Defendants.

## **OBJECTION TO PLAINTIFF'S SECOND PRODUCTION REQUESTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the undersigned Defendants,

HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, COLLIN VICE, individually and

in her official capacity as Executive Director of the Housing Authority of the City of Bridgeport,

and JONAS DE GUZMAN, individually and in his official capacity as Special Assistant to the

Executive Director of the Housing Authority of the City of Bridgeport Housing Authority of the

City of Bridgeport, in the above-captioned matter, hereby object to following production requests

set forth in Plaintiff's Notice of Deposition directed to **BRIDGEPORT HOUSING**

**AUTHORITY** dated October 14, 2003.

    1.     Request for production objected to:

        4.     Please produce copies of all documents that you have exchanged with any
            other governmental or non-profit agency from and after October 19, 1999,
            including but not limited to correspondence with:
            a.     The United States Department of Housing and Urban
                Development, or any office, staff member, agent or representative
                thereof ("HUD");
            b.     The City of Bridgeport, or any office, staff member, agent or
                representative thereof;
            c.     Any non-profit entity located in the city of Bridgeport.

**OBJECTION:**

This request is overly broad on its face, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Rule 34 (b) of the Federal Rules of Civil Procedure requires the party seeking discovery to "describe ... with reasonable particularity" each individual item or by category, the items to be inspected. As stated, the plaintiff seeks thousands of pieces of correspondence dating back four years without limitation as to the subject matter of said correspondence. The plaintiff should not be permitted to engage in a fishing expedition.

2. Request for production objected to:

5. Please produce any documents you may possess of communications between Collin Vice, Jonas DeGuzman, Loretta Fuller, Tracey Zennis, or any member of the Resident Selection Office staff, and Joseph Winzce, including but not limited to telephone statements for the relevant extensions and phone numbers in the months of September, October, November and December 2002.

**OBJECTION:**

The Defendants object to the portion of this request seeking "telephone statements for the relevant extensions and phone numbers". The defendants do not understand what the plaintiff is seeking and the request is confusing. Rule 34 (b) of the Federal Rules of Civil Procedure requires the party seeking discovery to "describe ... with reasonable particularity" each individual item or by category, the items to be inspected. The defendants should not have to guess what documents the plaintiff is seeking.

2

3.    Request for production objected to:

      6.    Please produce all documentation, in any form, including but not limited to internal memoranda, manuals, or computer database training materials, that you have used to train or supervise Resident Selection Office staff the policies, rules, and/or procedures concerning application procedures for public housing for the disabled.

**OBJECTION:**

This production request is overly broad on its face, in that it is not limited in scope of time. The plaintiff's claim relates to alleged conduct that occurred in the year 2002, although plaintiff alleges conduct relating back to the year 1999. Additionally, the information sought by plaintiff regarding the training of staff is irrelevant to his claims and is not reasonably calculated to lead to the discovery of admissible evidence. Finally, this request seems to identify two categories of material to be produced, training material and material related to policies and procedures concerning applications for public housing for the disabled. The defendants have no objection to producing the latter and have already provided the plaintiff with the policy manuals for the years 2000 through 2004.

4.    Request for production objected to:

      7.    Please produce all documentation, in any form, including but not limited to internal memoranda, manuals, or computer database training materials, that you have used to train or supervise Resident Selection Office staff the policies, rules, and/or procedures concerning application procedures for public housing for the elderly.

**OBJECTION:**

This production request is overly broad on its face, in that it is not limited in scope of time. The plaintiff's claim relates to alleged conduct that occurred in the year 2002, although plaintiff alleges conduct relating back to the year 1999. Additionally, the information sought by

3

plaintiff regarding the training of staff is irrelevant to his claims and is not reasonably calculated to lead to the discovery of admissible evidence. Finally, this request seems to identify two categories of material to be produced, training material and material related to policies and procedures concerning applications for public housing for the elderly. The defendants have no objection to producing the latter and have already provided the plaintiff with the policy manuals for the years 2000 through 2004.

    5.    Request for production objected to:

        10.    Please produce documentation of any communications that occurred from 1993 to the present concerning a request to HUD to change the senior/disabled statues of any public housing units owned and/or operated by the BHA.

**OBJECTION:**

    The plaintiff's claims are related to conduct that allegedly occurred in the year 2002 at one of the housing complexes owned by the BHA. As such, this request is overly broad as to scope, unduly burdensome as it requires the defendants to search records dating back over a decade. Additionally, is not reasonably calculated to lead to the discovery of admissible evidence.

    6.    Request for production objected to:

        18.    Please produce all pre-applications submitted to the BHA from and after October 19, 1999 which indicate that the applicant is both disabled and under the age of 62 on the date that the pre-application was submitted.

**OBJECTION:**

This request seeks information contained in the tenant files that is highly personal and private in nature and may include medical information, income information and identifying

information such as social security numbers and the like. The release of such information would be highly invasive to the privacy of such individuals who are not parties to this lawsuit and is prohibited by 5 U.S.C. 552a. Simply because a person seeks public assistance or public housing should not mean their personal information should become public.

    7.    Request for production objected to:

        19.    Please produce all documents, in any form, including but not limited to "note history" entries and any other internal records, that compromise any type of file(s) concerning the persons whose pre-applications are provided in response to Request 18.

**OBJECTION:**

This request seeks information contained in the tenant files that is highly personal and private in nature and may include medical information, income information and identifying information such as social security numbers and the like. The release of such information would be highly invasive to the privacy of such individuals who are not parties to this lawsuit and is prohibited by 5 U.S.C. 552a. Simply because a person seeks public assistance or public housing should not mean their personal information should become public.

    8.    Request for production objected to:

        20.    Please produce copies of any documentation you may possess, in any form, of communications, telephone calls, visits to any housing complex or any office of the BHA, or other inquiries made by or on behalf of disabled persons seeking admission to public housing.

**OBJECTION:**

This request seeks information contained in the tenant files that is highly personal and private in nature and may include medical information, income information and identifying

5

information such as social security numbers and the like. The release of such information would be highly invasive to the privacy of such individuals who are not parties to this lawsuit and is prohibited by 5 U.S.C. 552a. Simply because a person seeks public assistance or public housing should not mean their personal information should become public.

    9.    Request for production objected to:

        21.    The entire file(s), including but not limited to copies of file jacket covers, all pre-applications and other application materials of any kind, and "note history" entries, for each current tenant of any unit in the Fireside Apartments.

**OBJECTION:**

This request is overly broad and unduly burdensome on its face. The plaintiff seeks production of literally thousands of documents. There are 248 units at the Fireside Complex. Moreover, the some of the information contained in the tenant files is highly personal in nature and may include medical information, income information and identifying information such as social security numbers and the like. The release of such information would be highly invasive to the privacy of such individuals who are not parties to this lawsuit and is prohibited by 5 U.S.C. 552a. Simply because a person seeks public assistance or public housing should not mean their personal information should become public.

    10.    Request for production objected to:

        22.    With respect to each tenant or former tenant who was deemed eligible for admission to any unit of public housing owned and/or operated by the BHA between October 19, 1999 and the present, based in whole or in part on a disability, please produce:

            1.    All pre-application and application material, in any form, including but not limited to communication concerning eligibility;
            2.    All internal communications, in any form, concerning the

6

determination of which unit to offer each such tenant;

3.  A copy of the first and last pages of any BHA leases executed by
    each such tenant.

**OBJECTION:**

This request is overly broad, unduly burdensome and not reasonably calculated to lead to

the discovery of admissible evidence. The plaintiff seeks information regarding <u>any</u> applicant for

<u>any</u> public housing unit owned by the BHA. There are thousands of public housing units in the

city of Bridgeport. The plaintiff's claims relate only to the Fireside Complex. Moreover, this

request seeks information contained in the tenant files that is highly personal and private in

nature and may include medical information, income information and identifying information

such as social security numbers and the like. The release of such information would be highly

invasive to the privacy of such individuals who are not parties to this lawsuit and is prohibited by

5 U.S.C. 552a. Simply because a person seeks public assistance or public housing should not

mean their personal information should become public.

11.  Request for production objected to:

31.  Please produce each document you possess that identifies any unit of
     housing owned and/or operated by the BHA as subject to a HUD approved
     "elder-only" designation at any time since 1993.

**OBJECTION:**

The plaintiff's claims are related to conduct that allegedly occurred in the year 2002 at

one of the housing complexes owned by the BHA. As such, this request is overly broad as to

scope, unduly burdensome as it requires the defendants to search records dating back over a

decade. Additionally, is not reasonably calculated to lead to the discovery of admissible

7

evidence.

    12.    Request for production objected to:

        38.    Please produce all maintenance and repair records for the Fireside Apartments from 1993 to the present.

**OBJECTION:**

This request is overly broad, unduly burdensome as to scope of time. Further it is not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff's complaint alleges conduct that occurred in the year 2002. A response to this request would require searching records dating back ten years, some of which may no longer exist. Undoubtedly, maintenance and repair records for 248 units over ten years will be quite voluminous. The plaintiff should not be permitted to conduct a fishing expedition.

    13.    Request for production objected to:

        40.    To the extent that different or additional documents would be produced in response to any Request above if the definitions identified in Request 40 (sic) were used instead of the definitions stated in the instructions herein, please produce such documents, separated with respect to their relevance to the terms "disabled", "elderly" and "near-elderly".

**OBJECTION:**

This request is confusing because there are no definitions contained in Request 40.

8

14.    Request for production objected to:

      41.    Please identify each person involved in responding to each of the above

           Requests.

## OBJECTION:

This is an interrogatory, not a request for production and is, therefore, in improper form.

Wherefore, the Defendants respectfully move this Court to sustain their objections to the disclosure sought by the Plaintiff.

                       THE DEFENDANTS,
                       HOUSING AUTHORITY OF THE CITY OF
                       BRIDGEPORT, et al

By:_____

                       James A. Mahar, Esq., (CT 21854)
                       Ryan, Ryan, Johnson & Deluca, LLP
                       80 Fourth Street, P.O. Box 3057
                       Stamford, CT  06905
                       Juris No. 52525
                       Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on November _____, 2003, a copy of the above was mailed to the

following counsel and pro se parties of record:

Alan Rosner, Esq.
Jennifer Vickery, Esq.
Law Offices of Alan Rosner
1115 Main Street, Suite 415
Bridgeport, CT 06604
Attorney for Plaintiff, Thomas Matyasovszky

_____

James A. Mahar, Esq.

10

### RYAN, RYAN, JOHNSON & DELUCA, LLP
P.O. Box 3057
STAMFORD, CT 06905
(203) 357-9200
Fax: (203) 357-7915

## Fax Transmission

| | | | |
|---|---|---|---|
| **To:** | Jennifer Vickery, Esq. | **Date:** | November 13, 2003 |
| **Fax #:** | 203-384-1245 | **Pages:** | 15, including this cover sheet. |
| **From:** | James A. Mahar, Esq. | **File No:** | 1742.007 |
| **Subject:** | Thomas Matyasovszky v Housing Authority/Bridgeport | | |

*An operator can be contacted at (203) 357-9200 from 8:00 a.m. to 6:00 p.m. Eastern Time if there have been any transmission problems.*
COMMENTS:

*The information contained in this facsimile message is attorney/client privileged, and/or confidential or proprietary, or trade secret information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at the above number, and return the original message to us at the above address by U.S. Postal Service.*