UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2003 DEC 29  P 4: 35

US DISTRICT COURT
HARTFORD CT

THOMAS MATYASOVSZKY on behalf
of himself and all other
similarly situated

        Plaintiff,                  CIVIL ACTION NO. 3:03 CV 968 (RNC)

    V.

HOUSING AUTHORITY OF THE CITY        DECEMBER 29, 2003
OF BRIDGEPORT, ET AL.

        Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION

The Defendants hereby respond to the Plaintiff's Motion to Compel Production dated

December 6, 2003.

The Plaintiff in the above referenced matter claims he was discriminated against by the

Housing Authority of the City of Bridgeport (BHA) in that he was denied the opportunity to

obtain an apartment at one of the BHA's complexes, the Fireside Apartments, due to the fact that

he is disabled and under the age of 62. The plaintiff claims that the BHA operated the Fireside as

"elderly only" in violation of federal law.

On October 13, 2003, the plaintiff served his First Requests for Production. On October

14, 2003, the plaintiff served his Second Requests for Production. On November 12, 2003, the

Defendants served Objections to both sets of production. With respect to the First Requests for

Production, the Defendants object to Requests numbers 5, 6, 7, and 8. With respect to the

Second Requests for Production, the Defendants object to Requests numbers 4, 5, 10, 18, 19, 20,

21, 22, and 31. On November 24, 2003, the Defendants served responses to the plaintiff's First

and Second Requests for Production and on December 17, 2003, served Supplemental Responses

to the First Request for Production.

For the reasons set forth more fully below, the Defendants respectfully move this Court to sustain the aforesaid objections.

## FIRST REQUESTS FOR PRODUCTION

With respect to the Plaintiff's First Request for Production, the Defendants objected to Requests numbers 5, 6, 7 and 8 on the basis of 5 U.S.C. § 552a, the Federal Personal Privacy Act.  5 U.S.C § 552a states in relevant part:

> (b) Conditions of disclosure.  No agency shall disclose any record which is contained in a system of records by any means of communications to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be – ...
> 
> (2)   Required under section 552 of this title; ...
> 
> (11) pursuant to the order of a court of competent jurisdiction.

Record, as defined by the act are:

> "any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph."

Personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, are exempt from disclosure by a federal agency.  5 U.S.C. § 552(b)(6).

The plaintiff's Requests for Production to which the Defendants object are as follows:

5.    Please produce the pre-applications and any other application materials you may possess for each elderly person who became eligible for a unit in the Fireside Apartments during the months of September and October, 2002.

2

6.    Please produce the pre-applications and any other application materials you may possess for each person with a disability who became eligible for a unit in the Fireside Apartments during the months of September and October, 2002.

7.    Please produce any documents you may possess that support your claim that disabled persons were admitted the Fireside Apartments during the months of September and October, 2002.

8.    Please produce each "Notice of Ineligibility" that the Resident Selection Department of the BHA, or any staff member in that department, sent to any disabled applicant under the age of 62 during the months of September and October, 2002.

These requests call for the disclosure of personal information of BHA applicants and current tenants, such as education, financial information, medical history, criminal or employment history, names and/or addresses identifying numbers or symbols. Disclosure of such information would constitute a violation of the privacy rights of such individuals under 5 U.S.C. § 552a, and should not be permitted. It should be noted that the Defendants provided documents responsive to the above requests with personal, identifying information redacted.

The plaintiff agues that 5 U.S.C. § 552a does not apply to the Defendants because the BHA is not a federal agency for the purposes of the application of that statute. In order for a non-federal entity to be considered a 'federal agency' for the purposes of the Privacy Act, "there must be extensive, detailed and virtually day-to-day supervision by the federal government before agency status can attach to a non-federal entity." *Occidental Chemical Corp. v. The Power Authority of New York*, 758 F. Supp. 854, 859, (W.D. New York, 1981) (citing *Singleton Sheet Metal Works v. City of Pueblo*, 727 F. Supp. 579, 581 (D. Colo. 1989); *Forsham v. Harris,* 445 U.S. 169, 180 (1980); *United States v. Orleans*, 425 U.S. 807, 815-816 (1976).

In this present case, the privacy provisions set forth in 5 U.S.C. § 552a ought to extend to the disclosure of personal information collected by the Bridgeport Housing Authority from

3

applicants and tenants. While the Bridgeport Housing Authority was created under state statute, Conn. Gen. Stat. § 8-40, et seq., the BHA receives almost all of its funding from the federal government and is subject to strict oversight by the Department of Housing and Urban Development (HUD). The BHA is required to submit reports to HUD on an annual basis detailing their plans to house low income families. HUD approval must be sought before changes may be made to a Housing Authority' s plan. Moreover, the personal information given to the BHA by applicants for public housing is taken on behalf of HUD to determine the applicant's eligibility for public housing. HUD uses the information provided by applicants to monitor compliance with Federal requirements for eligibility and reports to the President and Congress.

Since the BHA collects the personal information from applicants on behalf of HUD, a federal agency, and the actions of the BHA are governed by an extensive and detailed set of federal laws and regulations, the privacy provisions set forth in 5 U.S.C. § 552a ought to extend to the BHA.

Even if the Court determines that 5 U.S.C. 552a does not apply to the BHA, the plaintiff should not be permitted to obtain personal, identifying information of BHA applicants and residents based on a strong public policy against the disclosure of personal information, particularly information concerning the health and medical treatment of individuals who are not parties to a lawsuit. See *Health Insurance Portability and Accountability Act of 1996*, P.L. 104-191; 5 U.S.C. § 552a; Conn. Gen. Stat. § 1-210 (b)(2) (Personnel and medical files and similar files the disclosure of which would constitute an invasion of personal privacy are not subject to disclosure pursuant to the *Connecticut Freedom of Information Act*).

4

Based upon the foregoing, the Defendants object to producing documents that contain

personal, identifying and/or medical or health information of applicants for public housing and

current BHA tenants.  The Defendants do not object to producing the documents requested with

the objectionable material redacted or with an appropriate protective order prohibiting the parties

from disclosing the personal information to third parties or individuals not connected to this

lawsuit, as well as providing for the return or destruction of such documents at the conclusion of

the case.

## SECOND REQUESTS FOR PRODUCTION

The Defendants object to Requests number 4, 5, 6, 7, 18, 19, 20, 21, 22, and 31.  The

plaintiff has agreed to withdraw Request number 38 and the Defendants will respond to Request

Number 40 pursuant to the agreement of counsel.

**Request # 4:**

Please produce copies of all documents that you have exchanged with any other
governmental or non-profit agency from and after October 19, 1999, including but not
limited to correspondence with:
   a.     The United States Department of Housing and Urban Development, or any
          office, staff member, agent or representative thereof ("HUD");
   b.     The City of Bridgeport, or any office, staff member, agent or
          representative thereof;
   c.     Any non-profit entity located in the city of Bridgeport.

This request is overly broad on its face, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence.  Rule 34 (b) of the Federal Rules of Civil

Procedure requires the party seeking discovery to "describe ... with reasonable particularity" each

individual item or by category, the items to be inspected.  As stated, the plaintiff seeks thousands

of pieces of correspondence dating back four years without any limitation as to the subject matter

of said correspondence.  The documents plaintiff has requested include many which are not

relevant to his claims and not reasonably calculated to lead to the discovery of admissible

evidence as required by F.R.Civ. Pro. Rule 26 (b)(1).  The plaintiff should not be permitted to

engage in a fishing expedition.

### Request # 5:

Please produce any documents you may possess of communications between Collin Vice, Jonas DeGuzman, Loretta Fuller, Tracey Zennis, or any member of the Resident Selection Office staff, and Joseph Winzce, including but not limited to telephone statements for the relevant extensions and phone numbers in the months of September, October, November and December 2002.

## OBJECTION:

The Defendants object to the portion of this request seeking "telephone statements for the

relevant extensions and phone numbers."  The defendants do not understand what the plaintiff is

seeking and the request is confusing and vague.  Rule 34 (b) of the Federal Rules of Civil

Procedure requires the party seeking discovery to "describe ... with reasonable particularity" each

individual item or by category, the items to be inspected.  The defendants should not have to

guess what documents the plaintiff is seeking.

### Request # 6:

Please produce all documentation, in any form, including but not limited to internal memoranda, manuals, or computer database training materials, that you have used to train or supervise Resident Selection Office staff the policies, rules, and/or procedures concerning application procedures for public housing for the disabled.

## OBJECTION:

This production request is overly broad on its face, in that it is not limited in scope of

time.  The plaintiff's claim relates to alleged conduct that occurred in the year 2002, although

plaintiff alleges conduct relating back to the year 1999. Additionally, the information sought by

plaintiff regarding the training of staff is irrelevant to his claims and is not reasonably calculated

to lead to the discovery of admissible evidence. Finally, this request seems to identify two

categories of material to be produced, training material and material related to policies and

procedures concerning applications for public housing for the disabled. The defendants have no

objection to producing the latter and have already provided the plaintiff with the policy manuals

for the years 2000 through 2004.

It should be noted that the Defendants have produced several documents including policy

manuals, dating from 1999 through the present, to the plaintiff that are responsive to this request.

**Request # 7:**

Please produce all documentation, in any form, including but not limited to internal
memoranda, manuals, or computer database training materials, that you have used to train
or supervise Resident Selection Office staff the policies, rules, and/or procedures
concerning application procedures for public housing for the elderly.

**OBJECTION:**

This production request is overly broad on its face, in that it is not limited in scope of

time. The plaintiff's claim relates to alleged conduct that occurred in the year 2002, although

plaintiff alleges conduct relating back to the year 1999. Additionally, the information sought by

plaintiff regarding the training of staff is irrelevant to his claims and is not reasonably calculated

to lead to the discovery of admissible evidence. Finally, this request seems to identify two

categories of material to be produced, training material and material related to policies and

procedures concerning applications for public housing for the elderly. The defendants have no

objection to producing the latter and have already provided the plaintiff with the policy manuals

7

for the years 2000 through 2004.

**Request # 18:**

Please produce all pre-applications submitted to the BHA from and after October 19, 1999 which indicate that the applicant is both disabled and under the age of 62 on the date that the pre-application was submitted.

**OBJECTION:**

This request seeks information contained in the tenant files that is highly personal and private in nature and may include medical information, income information and identifying information such as social security numbers and the like. The release of such information would be highly invasive to the privacy of such individuals who are not parties to this lawsuit and is prohibited by 5 U.S.C. 552a. Simply because a person seeks public assistance or public housing should not mean their personal information should become public. Additionally, this request is overly broad and unduly burdensome in that it will require the physical review of thousands of applications that have been filed with the BHA over the last four years.

**Request # 19:**

Please produce all documents, in any form, including but not limited to "note history" entries and any other internal records, that compromise any type of file(s) concerning the persons whose pre-applications are provided in response to Request 18.

**OBJECTION:**

See objection to Request for Production Number 18.

**Request # 20:**

Please produce copies of any documentation you may possess, in any form, of communications, telephone calls, visits to any housing complex or any office of the BHA, or other inquiries made by or on behalf of disabled persons seeking admission to public housing.

8

**OBJECTION:**

This request seeks information contained in the tenant files that is highly personal and

private in nature and may include medical information, income information and identifying

information such as social security numbers and the like. The release of such information would

be highly invasive to the privacy of such individuals who are not parties to this lawsuit and is

prohibited by 5 U.S.C. 552a. Simply because a person seeks public assistance or public housing

should not mean their personal information should become public. Further, this Request is

overly broad on its face and is not limited in time.

**Request # 21:**

The entire file(s), including but not limited to copies of file jacket covers, all pre-
applications and other application materials of any kind, and "note history" entries, for
each current tenant of any unit in the Fireside Apartments.

**OBJECTION:**

This request is overly broad and unduly burdensome on its face. The plaintiff seeks

production of literally thousands of documents that have no relevance to the allegations

contained in the plaintiff's complaint. There are 248 units at the Fireside Complex. Moreover,

the information contained in the tenant files is highly personal in nature and may include medical

information, income information and identifying information such as social security numbers and

the like. The release of such information would be highly invasive to the privacy of such

individuals who are not parties to this lawsuit and is prohibited by 5 U.S.C. 552a. Simply

because a person seeks public assistance or public housing should not mean their personal

information should become public.

**Request # 22:**

9

With respect to each tenant or former tenant who was deemed eligible for admission to any unit of public housing owned and/or operated by the BHA between October 19, 1999 and the present, based in whole or in part on a disability, please produce:

1.    All pre-application and application material, in any form, including but not limited to communication concerning eligibility;
2.    All internal communications, in any form, concerning the determination of which unit to offer each such tenant;
3.    A copy of the first and last pages of any BHA leases executed by each such tenant.

**OBJECTION:**

This request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff seeks information regarding <u>any</u> applicant for <u>any</u> public housing unit owned by the BHA. There are thousands of public housing units in the city of Bridgeport. The plaintiff's claims relate only to the Fireside Complex. Moreover, this request seeks information contained in the tenant files that is highly personal and private in nature and may include medical information, income information and identifying information such as social security numbers and the like. The release of such information would be highly invasive to the privacy of such individuals who are not parties to this lawsuit and is prohibited by 5 U.S.C. 552a. Simply because a person seeks public assistance or public housing should not mean their personal information should become public.

**Request # 31:**

Please produce each document you possess that identifies any unit of housing owned and/or operated by the BHA as subject to a HUD approved "elder-only" designation at any time since 1993.

**OBJECTION:**

The plaintiff's claims are related to conduct that allegedly occurred in the year 2002 at

one of the housing complexes owned by the BHA. As such, this request is overly broad as to scope, unduly burdensome as it requires the defendants to search records dating back over a decade. Additionally, is not reasonably calculated to lead to the discovery of admissible evidence.

For the foregoing reasons, the Defendants respectfully request that their objections be sustained.

THE DEFENDANTS,
HOUSING AUTHORITY OF THE CITY OF
BRIDGEPORT, et al

By: _James A. Mahar_

James A. Mahar, Esq., (CT 21854)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT  06905
Juris No. 52525
Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2003, a copy of the above was mailed to the

following counsel and pro se parties of record:

Alan Rosner, Esq.
Jennifer Vickery, Esq.
Law Offices of Alan Rosner
1115 Main Street, Suite 415
Bridgeport, CT 06604
Attorney for Plaintiff, Thomas Matyasovszky


James A. Mahar, Esq.