

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVSZKY, on behalf of himself and all other persons similarly situated, Plaintiffs, | : CIVIL ACTION NO. : : |
| JOSEPH PELLECHIO, Intervenor | : : 3:03-CV-968 (RNC) |
| V. | : : |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, COLLIN VICE, individually and in her capacity as Executive Director of the Housing Authority of the City of Bridgeport, and JONAS DE GUZMAN, individually and in his capacity as Special Assistant to the Executive Director of the Housing Authority of the City of Bridgeport, Defendants. | : : : : JANUARY 14, 2004 : : : : |

## MEMORANDUM IN SUPPORT OF JOSEPH AND SANDRA PELLECHIO'S MOTION TO INTERVENE

The proposed intervenors, Joseph and Sandra Pellechio, have filed a motion to intervene pursuant to Fed. R. Civ. P. 24(b). This memorandum is filed in support of that motion.

**RELEVANT FACTS**

1

Joseph Pellechio, 54, injured his back while working as a yard worker for Milford Crane and Machine. He is further disabled by diabetes and Hepatitis C. His wife, Sandra Pellechio, 53, suffers from severe arthritis. At the time they applied for public housing, their sole source of income was Mr. Pellechio's Supplemental Security Disability benefits of $872.00 per month. Mrs. Pellechio began receiving Supplemental Security Disability benefits in 2003, bringing their combined monthly income up to $1,523.00 monthly.

Due to their disabilities, the Pellechios are unable to work. Because their income from Social Security Disability benefits is fixed, they are not able to afford to live in non-subsidized housing. The Pellechios applied for subsidized housing for low income persons that is owned and operated with federal funds by the Housing Authority of the City of Bridgeport ("BHA"). As a condition for receipt of such funds, the BHA is required to comply with federal laws applicable to so-called "mixed population" units–units especially designated for both seniors and disabled tenants. The Fireside Apartments, a quiet and clean 248-unit complex of single story apartments with adjacent gardening areas, is mixed population complex. See Deposition of Jonas DeGuzman, Tr.11/7/03, at 55, lines 1-7, and 77, line 22 through 79, line 6 attached hereto as Exhibit

A. A public housing authority may not exclude either seniors or disabled tenants from a mixed population complex such as Fireside, unless it has applied and received approval to do so from the United States Department of Housing and Urban Development ("HUD").

The BHA owns other mixed population complexes, including Harborview. Without requesting permission from HUD, the defendants have been excluding disabled tenants from the Fireside Apartments and steering them instead to other sites, such as Harborview. Because the BHA excludes disabled applicants for consideration for all of the 248 units in Fireside, they are forced to wait longer on the waiting list, and to compete for the reduced number of units that remain at other mixed population sites such as Harborview. Harborview is a highrise building with a cement block interior located in a noisy and dilapidated downtown intersection.

The Pellechios expressed a preference for Fireside when they filed their pre-application for public housing in the year 2000. They reiterated this preference in 2001 when they were interviewed by a BHA staff person. In response, the staff person informed the Pellechios that they could not be considered for Fireside because they were under 62 years old. Upon learning of the instant action, the Pellechios decided to pursue

intervention, because they hope to secure the right to be considered for a transfer from their Harborview apartment to the Fireside.

## ARGUMENT

Like the named plaintiff, the Pellechios were the victims of a blatant misrepresentation by the defendants and their agents: they were told that the Fireside Apartments are only for people over 62 years old. Like all of the disabled applicants whom the BHA has steered away from the more desirable Fireside complex and into Harborview, the proposed intervenors have been and will continue to be effectively denied the opportunity to rent an apartment at the Fireside Apartments because they are disabled. And, like all members of the proposed class in the main action, the Pellechios' two year wait for public housing was longer than it would have been if the BHA had obeyed federal housing laws. In the absence of relief from this Court, the proposed intervenors will continue to suffer discrimination based on their disabilities, just as members of the proposed class have and continue to suffer from the BHA's discrimination, albeit without knowledge of their rights under fair housing laws.

Since the Pellechios are a member of the proposed plaintiff class, any order entered by the Court to protect their rights to be free from discrimination under fair

housing laws will also affect other class members. Their intervention in this case will assist the Court by providing a representative for those claiming harm as the result of steering by the defendants. Absent intervention, the Pellechios would likely be required to file a separate action to assure protection of their interests and rights, needlessly burdening the Court with an additional lawsuit. Forcing the Pellechios to file their action against the defendants separately would be an inefficient use of judicial resources, and creates the risk of confusion, and inconsistent or varying adjudications with respect to the same issues.

Under Rule 24(b), the Pellechios need not show a complete identity of facts and law in common with the claims of the other parties in this action. Rather, they must show "a question of law or fact in common." The Pellechios easily meet this standard for permissive intervention. They have suffered discrimination at the hands of the BHA from the same illegal policy applied to all disabled persons who apply for mixed population public housing from the BHA, and all current disabled tenants who apply to transfer to the Fireside complex. They will serve as an additional named plaintiff for the litigation, and as typical representatives for those claiming continuing harm as the result of the BHA's discriminatory policy and practice. Thus, plaintiff- intervenors have met the

5

criteria for permissive intervention under Rule 24(b).

## CONCLUSION

For the reasons stated above, Intervenors Joseph and Sandra Pellechio respectfully request that this Court permit them to intervene as a party plaintiffs.

INTEVENORS JOSEPH AND SANDRA PELLECHIO,

BY _____
Jennifer Vickery, Esq. (CT24089)
1115 Main Street, Suite 415
Bridgeport, CT 06604
Phone (203) 809-0223
Fax (203) 384-1246

## CERTIFICATION

This is to certify that a copy of the foregoing has been served by regular first class mail postage prepaid on this 14th day of January, 2004 to:

Michael Ryan and James Mahar
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905-3057
Fax (203) 357-7915

_____
Commissioner of Superior Court

7