FILED

2004 JAN 29 P 12: 20

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVSZKY, on behalf of himself and all other persons similarly situated, Plaintiffs, | CIVIL ACTION NO. |
| LINDA DEDRICK, Intervenor | |
| V. | 3:03-CV-968 (RNC) |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, COLLIN VICE, individually and in her capacity as Executive Director of the Housing Authority of the City of Bridgeport, and JONAS DE GUZMAN, individually and in his capacity as Special Assistant to the Executive Director of the Housing Authority of the City of Bridgeport, Defendants. | JANUARY 26, 2004 |

## LINDA DEDRICK'S MOTION TO INTERVENE

Intervenor Linda Dedrick hereby respectfully request that the Court permit them to intervene as plaintiff parties pursuant to Fed. R. Civ. P. 24(b), and in support thereof state the following:

1. Intervenor Linda Dedrick is 50 years old and has been determined to be

1

disabled by the Social Security Administration due to a back and leg injuries. She receives Social Security Disability Insurance Benefits and Supplemental Security Income disability benefits as her primary sources of income.

2. Ms. Dedrick applied for housing with the Housing Authority of the City of Bridgeport ("BHA") in or about July, 2003. She lives several short blocks from the BHA's Fireside Apartment complex and wants to remain in her current neighborhood. More importantly, Ms. Dedrick is unable to negotiates stairs and has a medical need for the kind of single floor apartment without stairs to enter the premises that is afforded at the Fireside complex.

3. Ms. Dedrick, therefore, contacted the BHA by phone in or about July, 2003 and expressed her desire to live at Fireside. A BHA representative responded to her preference for a Fireside apartment by inquiring about Ms. Dedrick's age. Upon learning that Ms. Dedrick was 50 years of age, the BHA representative told her she was not old enough to be eligible for a Fireside apartment. The BHA representative further explained to Ms. Dedrick that she would have to be 62 years old to be eligible for housing at Fireside.

4. Under federal law, the 248 housing units at Fireside are to be made available

2

to a mixed use population, that is, to both disabled and elderly (62 and over) applicants on an equal basis. The BHA, in violation of federal law, operates the Fireside as a complex exclusively for persons 62 years of age and over, and excludes disabled applicants like Ms. Dedrick. As a result, Ms. Dedrick and other disabled applicants are denied a housing opportunity based on their disabled status because they languish on the BHA waiting list for longer than they would if Fireside Apartments were operated in accordance with federal law and because they are not permitted to live at the Fireside Apartments.

5. A public housing authority may not exclude either seniors or disabled tenants from a mixed unit complex such as Fireside, unless it has applied and received approval from the United States Department of Housing and Urban Development ("HUD") to designate the complex as either "elderly only" or "disabled only."

6. Upon information and belief, the BHA owns other mixed population complexes, including Harborview Towers. Without requesting permission from HUD, the defendants have been excluding disabled tenants from the Fireside Apartments and steering them instead to other sites, such as Harborview. Harborview is a high-rise building with a cement block interior located in a noisy and physically dilapidated downtown intersection.

7. Upon learning of the instant action, Ms. Dedrick decided to seek to intervene in this case in the hope of being considered eligible to reside in her neighborhood, in a Fireside apartment.

8. Intervenor Linda Dedrick is a member of the proposed class.

9. Intervenor's claims and the main action have questions of law and fact in common, and, regarding the claims, are in most respects identical to those interposed by plaintiff Matyasovszky in that:

  a. Intervenor Dedrick, like the named plaintiff, have had rental housing at the Fireside denied them and otherwise made unavailable to them for discriminatory reasons related to their disabled status;

  b. As occurred with the named plaintiff, defendants violated federal and state laws by discriminating in the terms and conditions under which they would rent to disabled persons like the proposed intervenor;

  c. As with other applicant members of the proposed plaintiff class, the opportunity for the proposed intervenor to obtain urgently needed affordable housing was delayed by unavailability to her of 248 units for discriminatory reasons related to her disabled status;

d.   The policy and practice challenged in the main action is precisely the same policy and practice that the proposed intervenor has been victimized by;

10. Intervention will not delay or prejudice the rights of the original parties.

11. Intervenor's complaint is attached hereto.

WHEREFORE, Intervenor Linda Dedrick respectfully requests that the Court permit her to intervene as a party plaintiff.

INTEVENOR LINDA DEDRICK

BY _____
Alan Rosner, Esq. (CT10414)
1115 Main Street, Suite 415
Bridgeport, CT 06604
Phone (203) 809-0223, fax 384-1246
Email: alanrosner@aol.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVSZKY, on behalf of himself and all others similarly situated,<br>Plaintiff, | : <br>: CIVIL ACTION NO.<br>: NO. 3:03 968 (RNC)(WIG)<br>: |
| LINDA DEDRICK, Intervenor, | : |
| V. | : |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT et al.<br>Defendants. | :<br>: JANUARY 26, 2004<br>: |

## AFFIDAVIT OF LINDA DEDRICK

Linda Dedrick, being duly sworn, deposes and says:

1. I am the proposed intervenor in the above referenced case and submit this affidavit in support of my motion to intervene.

2. I am disabled by leg and back injuries. Since in or about January, 2003, I have received Social Security Disability Insurance benefits in the amount of $515.00 and Supplement Security Income disability benefits in the amount of $68.00 from the Social Security Administration. I also receive $175.00 from the state of Connecticut to supplement my income.

3. On June 24, 2003, I submitted an application for an apartment with the

Housing Authority of the City of Bridgeport ("BHA"). At or about the time I filed my application, I told the BHA employee who assisted me with the application that I needed a ground floor unit because I am disabled and cannot climb stairs and need a cane to walk even a short distance.

4. At or about the time I applied for housing, I obtained a booklet that lists housing resources available to low income people, including disabled applicants. The BHA's Fireside Apartments was one of the housing projects listed in the pamphlet. I was familiar with Fireside because I live only a short distance from the complex. I knew that these apartments were easily accessible because they did not require residents to go up stairs to get into them. Because of this feature, and because I wanted to remain in my neighborhood, I was interested in obtaining an apartment at Fireside.

5. Shortly after applying, in or about July, 2003, I contacted the BHA by phone at (203) 337-8900. I informed the unidentified woman who answered my inquiry that I was in bad medical condition and could not go upstairs. I told her that I wanted to be referred to an apartment at Fireside Apartments because I knew that these units were appropriate for someone with my physical impairments and because they were in my neighborhood. The BHA representative responded by asking me my age. When I told her that I was 50 years old, she explained that I was not old enough to live at Fireside. She added that only

applicants 62 years of age or older are eligible for Fireside. She also told me that if I were eligible, I would be referred to one of the other projects that the BHA operated.

6. Since July, 2003, I have telephoned the BHA many times to learn of the status of my housing application. It was my understanding during these phone conversations that I would not be considered for Fireside based on the information I had been given.

7. However, several weeks ago, I read an article in the Connecticut Post about a lawsuit filed by Judith Montes. According to the article, Ms. Montes was trying to obtain an apartment at Fireside and claimed that the BHA was illegally denying apartments at Fireside to disabled applicants even though these apartments were intended to be occupied by both elderly and disabled applicants. At this moment, I realized that I too have been given false information from the BHA and was being illegally excluded from Fireside. I want to have my rights respected and, for this reason, now ask this Court for permission to become a plaintiff in this action.

Dated: Bridgeport, CT
January 26, 2004

_____
Linda Dedrick

Subscribed and sworn to before me this 26th day of January, 2004.

_____
Commissioner of the Superior Court

## CERTIFICATION

This is to certify that a copy of the foregoing has been served by regular first class mail postage prepaid on this 26th day of January, 2004 to:

Michael Ryan and James Mahar
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905-3057
Fax (203) 357-7915

_____
Commissioner of Superior Court

6