UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JAN 29 P 1:32
US DIST...

| | |
|---|---|
| THOMAS MATYASOVSZKY on behalf of himself and all other persons similarly situated | CIVIL ACTION NO. 3:03 CV-968 (RNC) |
| Plaintiffs, | |
| | |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, COLLIN VICE, individually and in her capacity as Executive Director of the Housing Authority of the City of Bridgeport, and JONAS DE GUZMAN, individually and in his capacity as Special Assistant to the Executive Director of the Housing Authority of the City of Bridgeport | |
| Defendants, | JANUARY 22, 2004 |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the plaintiff, Thomas Matyasovszky, has sued The Housing Authority of the City of Bridgeport ("BHA"), Collin Vice, individually and in her capacity as Executive Director of the BHA and Jonas deGuzman, individually and in his capacity as Special Assistant to the Executive Director of the BHA alleging, among other things, a violation of federal and state fair housing laws ; and

WHEREAS, the plaintiff, in accordance with Fed.R.Civ. P. Rule 34, served the defendants with Requests for Production, dated October 13, 2003 and October 14, 2003; and

WHEREAS, the defendants filed Objections to the plaintiff's Requests for Production, asserting, among other things, that the requests called for the production of documents which contain medical and health information, social security numbers and telephone numbers (the "CONFIDENTIAL INFORMATION"); and

WHEREAS, responses to the aforesaid Requests for Production would require the disclosure of said CONFIDENTIAL INFORMATION; and

WHEREAS, the defendants have agreed, without waiving any other pending objection, to release said information and documents, subject to the procedures set forth below, upon order of the Court approving this Stipulated Protective Order; and

WHEREAS, the attorneys for the plaintiff has agreed to enter into a Stipulated Protective Order providing for the confidentiality of certain information.

NOW THEREFORE, IT IS HEREIN stipulated and agreed, by and among the attorneys for the parties that the following Stipulated Protective Order is in effect:

Without waiving any other pending objections, defense counsel will make responsive documents available to plaintiff's counsel for inspection at a time mutually agreed upon by counsel.

Plaintiff's counsel will review the documents made available to them and will identify for defense counsel the specific documents they wish to receive copies of. The expense of all documents copied will be borne by plaintiff's attorney.

Defense counsel will review said documents and identify the portion of any such documents which contain CONFIDENTIAL INFORMATION. The CONFIDENTIAL INFORMATION shall be protected as such by plaintiff and his attorneys in accordance with the terms of this Stipulated Protective Order.

The CONFIDENTIAL INFORMATION shall be used by the plaintiff and his attorneys only for pretrial proceedings, preparation for trial and at the trial of this action. The CONFIDENTIAL INFORMATION shall not be provided or disseminated by the plaintiff or his

attorneys to any person or entity, except as specifically permitted in Paragraph 5 below or by order of the Court.

The plaintiff and his attorneys shall keep all CONFIDENTIAL INFORMATION wholly and absolutely confidential and use it only for the purposes of this lawsuit between the parties. The CONFIDENTIAL INFORMATION may only be disclosed in accordance with this order and then only to the following persons: (a) to the Court, court personnel and court clerks in this action, subject to the requirements of Paragraph 6; (b) to the attorneys for the parties, and, to the extent necessary, their employees and agents, each of whom shall be required to keep the information confidential; (c) to any insurance company which issued a policy that might apply to the allegations of the complaint and, to the extent necessary, its employees and agents, each of whom shall be required to keep the information confidential; and (d) to any expert witness or potential expert witness retained by the parties in connection with this action, and, to the extent necessary, their employees and agents, each of whom shall be required to keep the information confidential;

Before sending CONFIDENTIAL INFORMATION to an expert witness or proposed expert witness, counsel will send a copy of this Stipulated Protective Order to said expert witness or proposed expert witness, together with an Acknowledgment in the form attached hereto as Exhibit 1, and will require the expert witness or proposed expert witness to read the Stipulated Protective Order, to agree to abide by its terms and conditions and to sign and return the Acknowledgment to him or her.

Any documents filed with the clerk of the court that contains information or materials designated as CONFIDENTIAL INFORMATION, including but not limited to any pleading, deposition, motion, affidavit or other filing that contains, quotes, attaches or makes

-3-

ference to any CONFIDENTIAL INFORMATION, shall be filed with the clerk under seal and shall remain sealed until further order of the Court or shall be filed with the clerk so that any CONFIDENTIAL INFORMATION is redacted.

Notwithstanding the provisions of this Stipulated Protective Order, the right of the each party to freely disclose any document that did not come into its possession in response to plaintiff's Requests for Production shall remain unaffected.

Nothing herein shall preclude the parties from applying to the Court, with notice to the other party or parties, for an order modifying this Stipulated Protective Order. It is understood and agreed that the execution of this Stipulated Protective Order shall in no way constitute a waiver of the right of either party to raise or to assert any objection, including but not limited to defenses or objections with respect to the use, relevance or admissibility of any documents or their contents.

Upon termination of this litigation, the plaintiff and plaintiff's expert witnesses and proposed expert witnesses shall return all CONFIDENTIAL INFORMATION, and all copies thereof, to defense counsel, or destroy and dispose of all CONFIDENTIAL INFORMATION and all copies thereof. Upon written request from counsel of record for the defendants, the plaintiff shall produce a signed certification of compliance with this paragraph.

The termination of the proceedings in this litigation shall not relieve any person to whom any CONFIDENTIAL INFORMATION has been disclosed from the obligations of this Stipulated Protective Order. The parties agree to comply with the terms of this Stipulated Protective Order following the termination of this litigation. The Court shall retain jurisdiction over the final disposition of this litigation for the purposes of any application to modify or

enforce the provisions of this Stipulated Protective Order.

11. The effective date for this agreement, or any modification thereto agreed upon by the parties, shall be the date on which an original signed by all parties or their counsel, is ordered by the Court.

SO ORDERED

1/23/04
DATE

_____
~~Robert Chatigny~~ W. Garfinkel, USMJ
United States District Court, District of Connecticut

BY THE PLAINTIFF,

_____
Alan Rosner (ct10414)
15 Main Street, Suite 415
Bridgeport, CT 06604
(203) 384-1245

Dated: January 23, 2004
l:\ocases\1742.007\protectiveorderfinal.wpd

BY THE DEFENDANTS,

_____
Michael T. Ryan (ct05685)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
Stamford, CT 06905
(203) 357-9200

Dated: January 22, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS MATYASOVSZKY on behalf of himself and all other persons similarly situated | : : : | CIVIL ACTION NO. 3:03 CV-968 (RNC) |
| Plaintiffs, | : | |
| | : : | |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, COLLIN VICE, individually and in her capacity as Executive Director of the Housing Authority of the City of Bridgeport, and JONAS DE GUZMAN, individually and in his capacity as Special Assistant to the Executive Director of the Housing Authority of the City of Bridgeport | : : : : : : : | |
| Defendants, | : | JANUARY 22, 2004 |

**EXHIBIT 1**

**ACKNOWLEDGMENT**

I acknowledge that I have read and understood the Stipulated Protective Order in the above-referenced matter, have received a copy of it and agree to abide by its terms and conditions. I hereby consent to the jurisdiction of the United States District Court for the District of Connecticut for the purposes of any proceedings arising out of the enforcement of the Stipulated Protective Order.

Dated:

Signed: _____

Name: _____

Business Address: _____
                        _____
                        _____

Subscribed and sworn to before me this _____ day of _____ 2004.

                                                             _____
                                                             Commissioner of the Superior Court