UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVSZKY, on behalf of himself and all others similarly situated,<br>Plaintiff,<br><br>V.<br><br>HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT et al.<br>Defendants. | : <br>: <br>: CIVIL ACTION NO.<br>: NO. 3:03 968 (RNC)(WIG)<br>: <br>: <br>: <br>: <br>: JANUARY 26, 2004<br>: |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO JOIN JUDIT GROF-TISZA AS A PARTY DEFENDANT AND TO AMEND

Plaintiff filed this action on May 30, 2003 against defendant Collin Vice, as Executive Director of the Housing Authority of the City of Bridgeport ("BHA"), and others, to challenge their policy and practice of operating a housing complex intended equally for both elderly and disabled tenants as an "elderly only" complex. Plaintiff has alleged claims under both the state and federal fair housing acts, the Americans with Disabilities Act, and the Rehabilitation Act.

Upon information and belief, on or about December 22, 2003, the BHA's Board of Commissioners voted to discharge defendant Vice and relieve her of her duties as Executive Director. The Commissioners made proposed defendant Judit Grof-Tisza

1

Acting Executive Director.

During the tenure of defendant Vice, the defendant BHA, acting through and by defendant Vice, operated the Fireside ApartmentS as an "elderly only" complex though Fireside is intended to be a mixed population complex for both elderly and disabled tenants. Defendants were, at all times, aware that such operation was unlawful and that Fireside could be operated as an exclusively elderly complex only if the United States Department of Housing and Urban Development gave them permission to do so. No such permission has been sought or granted.

With the firing of defendant Vice and the appointment of proposed defendant Grof-Tisza, the defendants continue to operate Fireside as an elderly only complex. Defendants, with Ms. Grof-Tisza directing the BHA, have failed to rescind their oft-stated public policy of operating Fireside as an elderly only complex. Ms. Grof-Tisza has assumed the duties of Executive Director, and has even attended a court settlement conference in that capacity, but has failed to express any change in the defendants' illegal operations.

Therefore, plaintiff seeks to join her as a party defendant; she stands in the stead of defendant Vice and has ratified the illegal policy and practice by her silence on the

matter. Like defendant Vice before her, she presides over a BHA that intentionally discriminates against disabled people. Plaintiff also seeks leave to amend his complaint to reflect the change in the leadership of the defendant BHA.

I. <u>MS. GROF-TISZA SHOULD BE JOINED AS A DEFENDANT UNDER RULE 20.</u>

Rule 20(a) of the Federal Rules of Civil Procedure authorizes the joining of all persons as defendants if there is asserted against them "jointly, severally, or in the alternative, any right of relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

As the newly appointed Acting Executive Director, Ms. Grof-Tisza is charged in the amended complaint with responsibility for the same illegal policy with regard to the Fireside Apartments as defendant Vice. The proposed defendant has taken Ms. Vice' place as a defender of the discriminatory policy of keeping Fireside "elderly only." Thus, the case against the proposed defendant relies upon the exact same occurrences and transactions and involves the same questions of law and fact as arose when defendant Vice was directing the BHA's fortunes. Where, as here, the particular circumstances of the plaintiff and the various intervenors that have thus far sought to become party

3

plaintiffs implicate the same, corporate wide discriminatory policy and practice, such policy and practice must arise necessarily from the same series of transactions and occurrences. Blesedell v. Mobil Oil Corp., 708 F.Supp. 1408, 1422 (1989). That plaintiff challenges the actions or inaction of both defendant Vice and proposed defendant Grof-Tisza based on their support for a systemic policy that discriminates based on an applicant's disabled status provides support for a finding of commonality of legal and factual questions. Id.

If injunctive relief requested by plaintiff is granted, the defendants' illegal policy will need to be rescinded by someone with authority to do so. Similarly, implementation of the affirmative portions of any relief granted will need to be performed by someone with operational authority. Only the Executive Director of the BHA may perform these functions. It therefore is clear that the proposed defendant must be joined in this action.

## II. THE COMPLAINT SHOULD BE AMENDED TO REFLECT JOINDER.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his pleading by consent of the parties or by leave of the court, which shall be freely given when justice so requires. Defendants have not yet responded to plaintiff's request for consent to the relief requested herein.

4

As discussed above, the proposed defendant, as the executive director of the defendant BHA, must be joined so that full relief may be provided to plaintiff. Ms. Grof-Tisza also must be joined so that plaintiff may hold her accountable for her failure to rescind an obviously illegal policy and practice by the entity she leads. Justice would require, under these circumstances, that the complaint be amended to include Ms. Grof-Tisza as a defendant charged with operational responsibility for the defendant BHA. A proposed amended complaint holding Ms. Grof-Tisza is attached to this motion as an exhibit.

Based on the foregoing, it is respectfully requested that the proposed defendant be joined as a party defendant in this action, and that plaintiff be granted leave to amend his complaint accordingly.

THE PLAINTIFF,

By _____
Alan Rosner, Esq. (Fed. Bar 10414)
1115 Main Street, Suite 415
Bridgeport, CT 06604
(203) 384-1245
Fax (203) 384-1246
Email: alanrosner@aol.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been served on this 26th day of January, 2004 by regular first class mail postage prepaid to Michael Ryan, Esq., Ryan Ryan Johnson & Deluca, LLP, P.O. Box 3057, 80 Fourth Street, Stamford, CT 06905-3057.

_____
Alan Rosner