UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS MATYASOVSZKY on behalf
of himself and all other
similarly situated

        Plaintiff,                        CIVIL ACTION NO. 3:03 CV 968 (WIG)

V.

HOUSING AUTHORITY OF THE CITY        FEBRUARY 19, 2004
OF BRIDGEPORT, ET AL.

        Defendants.

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO INTERVENE

The undersigned Defendants, submit this Memorandum of Law in opposition to Linda Dedrick's Motion to Intervene.

### I.  PRELIMINARY STATEMENT

The would-be intervenor, LINDA DEDRICK, seeks the Court's permission to intervene in this purported class action suit pursuant to FRCP § 24(b). Ms. Dedrick alleges that she is a 50 year old woman who receives Social Security Disability Benefits due to a back and leg injuries. She further alleges that in or about July of 2003, she applied for public housing with the Bridgeport Housing Authority. She alleges that because of medical conditions, she is unable to negotiate stairs and has a medical need for "the kind of single floor apartment without stairs to

enter the premises that is afforded at the Fireside Complex." See Motion to Intervene ¶ 2. Ms. Dedrick further alleges that in or about July 2003, she contacted the BHA by telephone and expressed her desire to live at the Fireside and was told, that because she was only 50 years old, that she was not old enough to be eligible for a Fireside Apartment. She alleges she was told by the BHA that she had to be at least 62 years old to be eligible for housing at the Fireside.

The plaintiff in the underlying action, Thomas Matyasovszky, is a 57-year-old man who claims to be disabled. He alleges that on November 14, 2002 he contacted someone at the BHA to inquire about renting an apartment at the Fireside and was told that the Fireside Apartments are only for persons 62 years of age or older. See ¶ 27 of plaintiff's complaint.

Both the would-be intervenor and the plaintiff allege that the BHA owns and operates a public housing complex known as the Fireside Apartments, which consists of 248 one bedroom units. The would-be intervenor and the plaintiff allege that the BHA operates the Fireside Apartment complex in violation of federal law because they "categorically" refuse to offer units at the Fireside to disabled applicants, under the age of 62.

Both the would-be intervenor and the plaintiff allege that the conduct of the defendants violates the Federal Fair Housing Act, 42 U.S.C. § 3601, the Connecticut Fair Housing Act, C.G.S § 46a-64c, the Rehabilitation Act, 29 U.S.C. § 794, the Americans with Disabilities Act,

42 U.S.C. § 12131, the United States Housing Act of 1937, 42 U.S.C. § 1437 and that said violations have "deprived the plaintiffs of their rights, privileges and immunities . . . in violation of 42 U.S.C. § 1983." See Complaint in Intervention ¶ 45 and the original Complaint ¶ 55. Both the would-be intervenor and the plaintiff seek declaratory and injunctive relief as well as monetary damages, punitive damages and attorney's fees. Both the would-be intervenor and the plaintiff are represented by the same attorneys. It should be noted that counsel for both the plaintiff and the would-be intervenors have also filed a Motion to Intervene on behalf of Joseph and Sandra Pellechio that is presently pending before this court. Additionally, the same attorneys have filed a Motion to Intervene on behalf of Judith Montes, which is also currently pending.

Linda Dedrick's Motion to Intervene into this present action should be denied because it is 1) untimely and permitting intervention will unduly delay the adjudication of the case and prejudice the rights of the defendants; 2) any contribution to the development of the underlying factual basis for the suit and the equitable adjudication of this matter would be, at best, minimal; and 3) any interest Ms. Dedrick may have, is adequately protected by the present parties to the action.

## II. LAW AND ARGUMENT

Linda Dedrick seeks permissive intervention pursuant to FRCP Rule 24(b), which states in relevant part:

> Upon timely application anyone may be permitted to intervene in an action . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common . . . In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Permissive intervention under FRCP § 24(b) is "wholly discretionary with the trial court." *United States Postal Service v. Brennan*, 579 F. 2d 188, 191 (2d Cir. 1978); *Sidberry v. Koch*, 539 F. Supp. 413, 418 (S.D.N.Y. 1982). "There are three requirements for permissive intervention: (1) timely application; (2) a question of law or fact in common between the applicant's claim or defense and the main action; and (3) a determination that the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Mrs. W v. Tirozzi*, 124 F.R.D. 42, 45 (DCT 1989). "While the principal consideration is whether the intervention will unduly delay or prejudice the rights of the original parties, other relevant factors are the nature and extent of the intervenor's interest, any contribution the intervener's presence will have on the just and equitable adjudication of the matter, and whether the intervener's interests are adequately protected by the parties of record." *Id.* The court should also consider

- 4 -

whether the interest of judicial economy will be served by permitting intervention. *State of Arizona v. Motorola, Inc.*, 139 F.R.D. 141, 147 (1991). "Other factors include the legal position sought to be advanced by the intervenors, and whether the would-be intervenors will significantly contribute to full development of the underlying factual basis in the suit and to the just and equitable adjudication of the legal questions presented." *Id.* Permissive intervention is wholly discretionary with the District Court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied. *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F. 2d. 452 (5th Cir. 1984). "... [E]ven though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *Worlds v. Dept. of Health and Rehabilitative Services, State of Florida*, 929 F.2d 591, 595 (11th Cir. 1991).

In this present case, while the would-be intervenor's allegations are substantially similar to those made the plaintiff in this present action, the Motion to Intervene should nevertheless be denied because: 1) the motion is untimely, will unduly delay the adjudication of the case and prejudice the rights of the defendants by encouraging the attorneys for the plaintiff to seek the intervention of additional parties; 2) any contribution to the development of the underlying factual basis in the suit and the equitable adjudication of this matter by the would-be intervenor

will be, at best, minimal; and 3) any interest the would-be intervenor may have in this case is adequately protected by the present parties to the action.

### A. Linda Dedrick's Motion to Intervene is Untimely, Will Unduly Delay the Adjudication of this Case and Prejudice the Rights of the Defendants.

"Whether intervention is claimed of right or as permissive, the preliminary question is whether the application is 'timely'. If it is untimely, intervention should and must be denied." *NAACP v. New York*, 413 U.S. 345, 365 (1973). "The determination of timeliness of a motion to intervene is within the discretion of the district court, evaluated against the totality of the circumstances before the court. Circumstances considered in this determination include: (1) how long the applicant had notice of the interest before he made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." (Internal citations and quotations omitted) *D'Amato v. Deutsche Bank*, 236 F. 3d 78, 84 (2nd Cir., 2001). "In determining the timeliness of a motion to intervene, courts have considered the stage of the proceedings, possible prejudice to other parties, reasons for the delay, the length of time the applicants knew of and 'slept on' their rights, and an examination of the merits of the motion. (Internal citations and quotations omitted) *Cook v. Pan American World Airways, Inc.*, 636 F. Supp. 693, 695 (S.D.N.Y. 1986).

In this present case, the would-be intervenor is represented by the same attorneys as the plaintiff Thomas Matysovszky. On or about August 22, 2003, the parties in the underlying action submitted their Rule 26(F) Report of Parties' Planning Meeting, which was approved by the Court. Pursuant to the Report, the parties agreed that all motions to join or intervene parties would be filed on or before September 20, 2003. At that time, the attorneys for the plaintiff and the would-be intervenors filed a Motion to Intervene on behalf of Judith Montes. Ms. Montes has since filed a separate action against the defendants making substantially the same allegations as the plaintiff and the present would-be intervenors. While Ms. Montes filed a separate action, her Motion to Intervene in this present case has not been withdrawn and is currently pending before this Court. It should be noted that the same attorneys are representing Ms. Montes in her separate action, Linda Dedrick, the Pellichios and the plaintiff in this present case, Thomas Matyasovszky.

Counsel for the would-be intervenors was clearly aware of the deadline for filing motions to intervene on behalf of additional parties. This present motion was filed long past that deadline. The parties have been actively engaged in discovery, have served and are in the process of responding to discovery and the taking of depositions.

Permitting the intervention of Linda Dedrick will unduly delay the adjudication of this present case. This case is currently scheduled for trial in October of this year. The addition of more parties to this action at this time will require the defendants to engage in additional discovery and delay the trail date in this matter. Moreover, permitting Linda Dedrick to intervene will encourage the attorneys for the plaintiff and Ms. Dedrick to seek intervention of additional parties. See *Coburn v. Daimler Chrysler Services North America*, 216 F.R.D. 607 (Northern Dist. of Ill, 2003), wherein the court denied a motion to intervene due to concerns that it could lead to additional motions to intervene being filed. *Id.* at 610. The attorneys for the plaintiff Linda Dedrick have filed another motion to intervene on behalf of Joseph and Sandra Pellechio, a couple currently residing in public housing, who makes allegations similar to those made by the plaintiff and Ms. Dedrick. Allowing additional parties to intervene at this time will greatly frustrate the orderly adjudication of this matter and will not promote judicial economy.

  **B.**  **The Would-Be Intervenors Will Not Significantly Contribute to the Full Development of the Underlying Factual Basis for the Suit and To The Just and Equitable Adjudication of the Legal Questions Presented**

In this present case, Linda Dedrick and the plaintiff are represented by the same counsel, who are diligently pursuing discovery to develop a factual basis for the allegations made in this suit. The would-be intervenor's claims are substantially the same as those made by the plaintiff

and she will not make a significant contribution to the development of the underlying factual basis for the suit or the equitable adjudication of this case.

### C. The Would-Be Intervenors' Interests Are Adequately Protected By the Parties In The Underlying Action

As stated above, the claims of the would-be intervenor are substantially similar to those being made by the plaintiff in the underlying action. Both the plaintiff and the would-be intervenor are represented by the same attorneys. The plaintiff in the underlying action seeks mainly equitable and injunctive relief and also compensatory damages. While Linda Dedrick's claims for monetary damages may require a different factual showing than those of the plaintiff, the claims for equitable and declaratory relief will not.

Finally, the plaintiff in the underlying action has filed a motion for class certification which has not yet been ruled on. The plaintiff seeks to certify a class of individuals consisting of "all disabled persons who have been, are being, or will be subjected to the discriminatory policies or practices of the BHA because of their disabilities while applying or attempting to apply for senior/disabled housing operated by the defendants." ¶ 36 of plaintiff's complaint. If the Motion for Class Certification is granted, then Linda Dedrick would presumably be members of the proposed class. If the motion is denied, there is nothing that would prevent Ms. Dedrick from filing a separate action as Judith Montes has done.

### III. CONCLUSION

For the reasons set forth above, the Linda Dedrick's Motion to Intervene into this present action should be denied. The Motion was not filed until well after the September 20 , 2003 deadline for filing motions to intervene. Allowing intervention at this late date will only delay the orderly adjudication of this matter and prejudice the rights of the defendants by encouraging the attorneys for the plaintiff and the would-be intervenors to seek the intervention of additional parties causing further delay. The would-be intervenors will not make any significant contribution to the development of the underlying factual issue or equitable adjudication of the issues presented. Finally, any interest the would-be intervenors have in this matter is adequately protected by the original plaintiff, who is represented by the same attorneys. Denying

intervention will not prejudice the would-be intervenors' rights as they will not be prevented from filing a separate lawsuit. Accordingly, the Motion to Intervene ought to be denied.

THE DEFENDANTS,
HOUSING AUTHORITY OF THE CITY OF
BRIDGEPORT, et al.

By: *[signature]*
James A. Mahar, Esq. (CT 21854)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT  06905
Juris No. 52525
Phone No. 203-357-9200

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Alan Rosner, Esq.
Law Offices of Alan Rosner
1115 Main Street, Suite 415
Bridgeport, CT 06604
Attorney for Plaintiff, Thomas Matyasovszky, on Behalf of Plaintiff Class

_____
James A. Mahar, Esq.

I:\Procases\1742.007\memolbjdedrickintervn021904.wpd
1742.007