UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS MATYASOVSZKY on behalf of himself and all other similarly situated | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 3:03 CV 968 (WIG) |
| V. | : : | |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, ET AL. | : : : | MARCH 3, 2004 |
| Defendants. | : | |

**MEMORANDUM IN OPPOSITION TO
MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE
TO JOIN JUDIT GROF-TISZA AS A PARTY DEFENDANT
AND TO AMEND THE COMPLAINT**

The defendants in the captioned matter hereby object to plaintiff's efforts to join Judit Grof-Tisza as a party defendant and to amend the complaint accordingly.  Although plaintiff filed a Memorandum of Law (docket entry number 55), no such memorandum was ever served on opposing counsel.  Furthermore, plaintiff has never filed a motion to join Judit Grof-Tisza as a party defendant or to amend the complaint.  For these reasons, purported "motion" cannot be granted.

In addition, the reasons offered by plaintiff in his memorandum do not support the addition of Ms. Grof-Tisza as a party defendant to this action.

Plaintiff alleges that Ms. Grof-Tisza was made Acting Executive Director of the defendant Housing Authority of the City of Bridgeport (BHA) on December 22, 2003.  In the complaint, however, plaintiff complains of actions that occurred well before this date, while Ms. Grof-Tisza was not Acting Executive Director of the BHA.  Plaintiff alleges in his complaint that on November 14, 2002 he called a telephone number for the BHA and was told by an unidentified female staff person that he could not obtain an appointment at Fireside Apartments because he was not 62 years old (paragraph 27).  Plaintiff claims that the actions of the unidentified female staff person were done pursuant to a "policy and practice" of discouraging plaintiff and others similarly situated by making misleading and false statements (Complaint, paragraph 28).  As Ms. Grof-Tisza was not the Acting Executive Director of the BHA at the times of the acts complained of, she is not potentially liable to the plaintiff for the claims he has made and should not be added as a party defendant.

Plaintiff claims that Ms. Grof-Tisza is a "defender of the discriminatory policy of keeping Fireside elderly only."  As plaintiff has learned through the course of discovery, this is simply not true.  Well before Ms. Grof-Tisza became Acting Executive Director on December 22, 2003, the BHA had placed non-elderly disabled individuals in the Fireside Apartments.  (See, for example, deposition of Anita Falco, pgs. 62-63; pg. 69 attached hereto as Exhibit 1).  Furthermore, after Ms. Grof-Tisza became Acting Executive Director, the proposed intervenor, Judith Montes, who is allegedly non-elderly and disabled, was offered an apartment at Fireside Apartments.  Clearly,

defendant does not have a "systemic policy that discriminates based on an applicant's disabled status" as plaintiff claims.

Plaintiff claims that Ms. Grof-Tisza must be joined in this action because if the injunctive relief requested by the plaintiff is granted, defendant's alleged illegal policy will need to be rescinded by someone with authority to do so. The BHA, however, is already a party to the action and if the Court were to order injunctive relief in this case, the BHA would comply. This does not mean that "someone with operational authority," who had no such authority at the time of the acts complained of, must be made a party to this action.

For the foregoing reasons, the defendants respectfully request that if plaintiff files a motion to join Judit Grof-Tisza as a party defendant and to amend the complaint accordingly, that the motion be denied.

                                      THE DEFENDANTS,
                                      HOUSING AUTHORITY OF THE CITY
                                      OF BRIDGEPORT, ET AL

By:_____
      Michael T. Ryan (ct 05685)
      Ryan, Ryan, Johnson & Deluca, LLP
      80 Fourth Street, P.O. Box 3057
      Stamford, CT   06905
      Juris No. 52525
      Phone No. 203-357-9200

## **CERTIFICATE OF SERVICE**

     I hereby certify that on March ____, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Jennifer Vickery, Esq.
Law Offices of Alan Rosner
1115 Main Street, Suite 415
Bridgeport, CT 06604
Attorney for Plaintiff, Thomas Matyasovszky, on Behalf of Plaintiff Class

 

_____
Michael T. Ryan

I:\Procases\1742.007\memoinopp030204.wpd
1742.007