FILED

2004 APR 14  P 12: 27

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVSZKY, on behalf of himself and all others similarly situated,<br>Plaintiff,<br><br>V.<br><br>HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT et al.<br>Defendants. | : <br>: <br>: CIVIL ACTION NO.<br>: NO. 3:03 968 (WIG)<br>: <br>: <br>: <br>: APRIL 13, 2004<br>: |

## MOTION TO AMEND COMPLAINT
## AND JOIN JUDIT GROF-TISZA AS PARTY DEFENDANT

Plaintiff Thomas Matyasovszky, pursuant to Rules 15(a) and 20(a) of the Federal Rules of Civil Procedure, hereby moves this Court for an order granting him leave to amend his complaint to add a fifth count, and to join Judit Grof-Tizsa, recently appointed Acting Executive Director of the Housing Authority of the City of Bridgeport ("BHA"), as a party defendant. This motion is based upon the following facts:

1. This action was filed on May 30, 2003 against defendant Collin Vice, as Executive Director of the BHA, and others, to challenge their policy and practice of

**ORAL ARGUMENT REQUESTED**

1

operating a public housing complex intended equally for both elderly and disabled tenants as an "elderly only" complex. Plaintiff has alleged violations of the state and federal fair housing acts, the Americans with Disabilities Act, and the Rehabilitation Act.

2. Defendant Vice served as Executive Director until on or about December 22, 2003. Ms. Vice oversaw the unlawful operation of Fireside Apartments as an "elderly only" complex, and failed and refused to rescind the discriminatory practices and policies that denied disabled persons access to public housing intended for disabled persons.

3. Acting Executive Director Grof-Tisza stands officially in the stead of defendant Vice. Like defendant Vice before her, she has failed and refused to rescind the discriminatory practices and policies that denied disabled persons access to public housing intended for disabled persons.

4. On or about March 23, 2004, the defendants proffered, pursuant to a discovery request, evidence of how the defendants carried out their discriminatory aims by failing to adhere to application procedures published for public comment and approved by the United States Department of Housing and Urban Development ("HUD"), in the form of their Admissions and Continued Occupancy Plan ("ACOP"). Such evidence includes a "Senior Appointment List," maintained for the purpose of expediting the admission of

persons over the age of 62 to the Fireside Apartments. This list creates a separate waiting list for "elderly-only" housing even though none of the BHA's public housing has been designated "elderly only," and therefore departs from the BHA's own policies as expressed in its ACOP. Such departures violate the due process rights of applicants and prospective applicants.

5. The defendants will suffer no prejudice, as the facts arise from the same transaction, were previously known to the defendants, and the defendants were on notice of the plaintiff's intention to use such facts as evidence throughout discovery.

6. A copy of the proposed amended complaint is attached hereto.

THE PLAINTIFF THOMAS MATYASOVSZKY

By _____
Jennifer Vickery, Esq. (CT24089)
1115 Main Street, Suite 415
Bridgeport, CT 06604
Tel (203) 384-1245
Fax (203) 384-1246