FILED

2004 APR 14  P 12: 27

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVSZKY, on behalf of himself and all others similarly situated, | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| | : NO. 3:03 968 (WIG) |
| V. | : |
| | : |
| HOUSING AUTHORITY OF THE CITY OF | : |
| BRIDGEPORT et al. | : APRIL 13, 2004 |
| Defendants. | : |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT

### INTRODUCTION

The plaintiff seeks the Court's permission to file an amended complaint based on facts discovered subsequent to September 30, 2003, the date originally specified in the Scheduling Order for amendments and additions to parties. At the same time, the plaintiff seeks to join the BHA's Acting Executive Director as a party defendant. Acting Executive Director Grof-Tisza stands officially in the stead of defendant Vice. She continues to enforce, and refuses to rescind the logstanding, illegal policies of her predecessor Collin Vice. She presides over a housing authority that intentionally discriminates against

1

disabled people eligible for senior/disabled public housing.  Inclusion of Ms. Grof-Tisza

in the complaint is also necessary to ensure that the BHA complies with any relief

ordered by this Court.

**FACTS RELATING TO JOINDER OF GROF-TISZA**

Plaintiff filed this action on May 30, 2003 against defendant Collin Vice, as

Executive Director of the Housing Authority of the City of Bridgeport ("BHA"), and

others, to challenge their policy and practice of operating a housing complex, intended

equally for both elderly and disabled tenants, as an "elderly only" complex.  Plaintiff has

alleged claims under both the state and federal fair housing acts, the Americans with

Disabilities Act, and the Rehabilitation Act.

Upon information and belief, on or about December 22, 2003, the BHA's Board

of Commissioners voted to discharge defendant Vice and relieve her of her duties as

Executive Director.  On or about December 22, 2003, proposed defendant Judit Grof-

Tisza took over defendant Vice's duties as Executive Director, under the title of Acting

Executive Director.

During the tenure of defendant Vice, the defendant BHA, acting through and by

defendant Vice, operated the Fireside Apartment as an "elderly only" complex though

2

Fireside is intended to be a mixed population complex for both elderly and disabled tenants. Defendants were, at all times, aware that such operation was unlawful and that Fireside could be operated as an exclusively elderly complex only if the United States Department of Housing and Urban Development gave them permission to do so. No such permission has been sought or granted.

With the firing of defendant Vice and the appointment of proposed defendant Grof-Tisza, the defendants continue to operate Fireside as an elderly only complex. Defendants, with Ms. Grof-Tisza directing the BHA, have failed to rescind either their oft-stated public policy of operating Fireside as an elderly only complex, or their practices of processing applications to effectuate that policy. Ms. Grof-Tisza has assumed the duties of Executive Director, and with it responsibility for directing the BHA's public housing application procedures, as well as its response to litigated matters. On or about January 5, 2004, Ms. Grof-Tisza and the BHA were served with an additional lawsuit arising from the same illegal policies and practices, Montes v. Housing Authority of the City of Bridgeport, 3:04 CV 1 (WIG). On January 7, 2004, she even personally participated in a court settlement conference in that capacity, but has failed to make any change in the defendants' illegal operations.

3

**FACTS RELATING TO PROPOSED COUNT V**

Plaintiff, through discovery, has learned that defendants' application procedures regularly deviated from the application procedures noticed for public comment and approved by HUD, in the form of their Admissions and Continued Occupancy Plan ("ACOP"). The BHA's departures from its authorized procedures lead directly to discriminatory, unlawful treatment of disabled persons seeking public housing in Bridgeport. These departures from the BHA's own ACOP also violate applicants' due process rights.

The plaintiff was unable to confirm the facts relating to the suspected due process violations until three weeks ago. On March 23, 2004 plaintiff received documents from the defendant indicating that the defendants maintain a separate, expedited list for the purpose of interviewing elderly persons and placing them in senior /disabled housing. Plaintiff's inspection of application files currently awaiting placement in senior/disabled public housing showed that as of March 2004, the BHA continued to place elderly or near-elderly applicants in its senior/disabled complexes while excluding their disabled counterparts. Although these facts were known all along to the defendants, and were covered by discovery requests served on the defendants in October of 2003, they were not

4

available to the plaintiffs until the defendants responded to such requests, following a

Motion to Compel filed by the plaintiffs.

    **A.**    **No Prejudice to the Defendant Exists Where Facts Underlying the Added Claim Were Only Recently Made Known to the Plaintiff By the Defendants.**

        Plaintiff seeks to add a due process claim based on recently discovered evidence

of the BHA's failure to follow its own application procedures. Baldwin v. Housing

Authority of the City of Camden, 278 F. Supp. 2d 365 (D.N.J. 2003) (failure to adhere to

ACOP stated due process claim.) The standards for amending a complaint to reflect

events occurring subsequent to the initial pleadings are similar under either Rule 15(a) or

(d) of the Federal Rules of Civil Procedure. Klos v. Haskell, 835 F. Supp. 710, 715

(W.D.N.Y. 1993), aff'd 48 F.3d 81 (2d Cir. 1995); Flaherty v. Lang, 199 F.3d 607, 613 n.

3 (2d Cir. 1999). A Rule 15 amendment should not be denied simply because it raises a

new issue of law. See, e.g., Busam Motor Sales v. Ford Motor Co., 203 F.2d 469, 472

(6th Cir. 1953). Amendment of pleadings is generally allowed absent undue surprise or

undue prejudice to the opposing party. See Jackson v. Rockford Housing Authority, 213

F.3d 389 (7th Cir. 2000). Some additional expense or delay are not by themselves

sufficient reasons for denying leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962);

Edwards v. City of Goldsboro, 178 F.3d 231 (4th Cir. 1999); Viernow v. Euripides Development Corp., 157 F.3d 785, 799 (10th Cir. 1998); Loggerhead Turtle v. County Council of Volusia County, Florida, 148 F. 3d 1231, 1257 (11th Cir. 1998), cert. denied, 526 U.S. 1081 (1999).

Plaintiff's motion to amend should be granted because there is a complete absence of circumstances prejudicing the defendants, such as bad faith or undue delay in this case, where the facts on which the new claim is based are "new" only to the plaintiff, not to the defendants. Moreover, the plaintiff made vigorous efforts to discover more specific evidence of due process violations since the commencement of this lawsuit. For example, the plaintiff had deposed four individuals immediately following the filing of this lawsuit, asking each one specific questions regarding statements in the ACOP claiming that the BHA maintains separate waiting lists for the elderly. These staff persons each claimed a lack of familiarity with the separate list described in the ACOP and denied its existence. A fifth and subsequent deponent, Anita Falco, admitted to the existence of the separate, expedited "sublist," but claimed that the list included disabled persons. It was not until the plaintiff received a partial copy of the list in question, entitled "Senior Appointment List," that the plaintiff could ascertain that such list did not in fact include

6

disabled persons, and thereby claim a denial of due process in good faith. Although the

defendants have yet to supply the full list, inclusive of the period since this suit was filed

through the present, the plaintiff is filing his request immediately in order to minimize the

impact of this amendment on all parties and on the Scheduling Order.

**B.      Amendment of the Complaint to Add the New Acting Director is
Permitted Under Rule 15(a) and (d), Based on Her Supervisory Role.**

A party joined by means of an amended pleading must meet the standards of both

Rule 15 and Rule 20. See, e.g., Hinson v. Norwest Financial South Carolina, Inc. 239

F.3d 611,618 (4th Cir. 2001).

The proposed defendant, as the chief executive of the defendant BHA, must be

joined so that full relief may be provided to plaintiff. Ms. Grof-Tisza also must be joined

so that plaintiff may hold her accountable for damages and other relief for her failure to

rescind an obviously illegal policy and practice by the entity she leads. Justice would

require, under these circumstances, that the complaint be amended to include Ms. Grof-

Tisza as a defendant charged with operational responsibility for the defendant BHA. A

proposed amended complaint which so alleges is attached to this motion as an exhibit.

7

**B. Joinder of the New Acting Director is Justified Under Rule 20(a) Based On Her Supervisory Role.**

Rule 20(a) of the Federal Rules of Civil Procedure authorizes the joinder of additional defendants if there is asserted against them "jointly, severally, or in the alternative, any right of relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." A party joined by means of an amended pleading must meet the standards of both Rule 15 and Rule 20. See, e.g., Hinson v. Norwest Financial South Carolina, Inc. 239 F.3d 611,618 (4th Cir. 2001).

The case against the proposed defendant relies upon current repetition of exactly the same types of transactions and involves exactly the same questions of law and fact as arose when defendant Vice was directing the BHA's fortunes. Where, as here, the particular circumstances of the plaintiff and the various intervenors that have thus far sought to become party plaintiffs implicates the same, corporate wide discriminatory policy and practice, such policy and practice must arise necessarily from the same series of transactions and occurrences. Blesedell v. Mobil Oil Corp., 708 F.Supp. 1408, 1422 (1989). That plaintiff challenges the actions or inaction of both defendant Vice and

8

proposed defendant Grof-Tisza based on their support for a systemic policy that discriminates based on an applicant's disabled status provides support for a finding of commonality of legal and factual questions.  Id.

If injunctive relief requested by plaintiff is granted, the defendants' illegal policy will need to be rescinded by someone with authority to do so.  Similarly, implementation of the affirmative portions of any relief granted will need to be performed by someone with operational policy making authority.  Because such implementation cannot happen without the participation of the Executive Director of the BHA's, it is necessary for the proposed defendant to be joined in this action.

**CONCLUSION**

Based on the foregoing, the plaintiffs respectfully move that the proposed defendant be joined as a party defendant in this action, that the motion to amend the complaint to add an additional count be granted, and that the plaintiff be granted leave to amend his complaint accordingly.

9

THE PLAINTIFF THOMAS MATYASOVSZKY

By _____
    Jennifer Vickery, Esq. (CT24089)
    1115 Main Street, Suite 415
    Bridgeport, CT 06604
    Tel (203) 384-1245
    Fax (203) 384-1246

## CERTIFICATION

This is to certify that a copy of the foregoing has been served on this 123th day of April, 2004 by regular first class mail postage prepaid to Michael Ryan, Esq., Ryan, Ryan, Johnson & Deluca, LLP, P.O. Box 3057, 80 Fourth Street, Stamford, CT 06905-3057.

_____
Jennifer Vickery