UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS MATYASOVSZKY on behalf of himself and all other similarly situated | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 3:03 CV 968 (WIG) |
| V. | : : | |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, ET AL. | : : : | MAY 5, 2004 |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND JOIN JUDIT GROF-TIZA AS PARTY DEFENDANT**

The Defendants in the above referenced matter, hereby Object to Plaintiff's Motion to Amend his Complaint and to Join Judit Grof-Tiza as Party Defendant.

**I.   OBJECTION TO JOINING JUDIT GROF-TIZA AS PARTY DEFENDANT**

The Defendants Object to Plaintiff's Motion to Join Judit Grof-Tiza as a party Defendant to the above referenced matter. The reasons offered by plaintiff in his memorandum do not support the addition of Ms. Grof-Tisza as a party defendant to this action.

Plaintiff alleges that Ms. Grof-Tisza was made Acting Executive Director of the

1

defendant Housing Authority of the City of Bridgeport (BHA) on December 22, 2003. In the complaint, however, plaintiff complains of actions that occurred well before this date, while Ms. Grof-Tisza was not Acting Executive Director of the BHA. Plaintiff alleges in his Complaint that on November 14, 2002 he called a telephone number for the BHA and was told by an unidentified female staff person that he could not obtain an appointment at Fireside Apartments because he was not 62 years old (paragraph 27). Plaintiff claims that the actions of the unidentified female staff person were done pursuant to a "policy and practice" of discouraging plaintiff and others similarly situated by making misleading and false statements (Complaint, paragraph 28). As Ms. Grof-Tisza was not the Acting Executive Director of the BHA at the times of the acts complained of, she is not potentially liable to the plaintiff for the claims he has made and should not be added as a party defendant.

Plaintiff claims that Ms. Grof-Tisza is a "defender of the discriminatory policy of keeping Fireside elderly only" and that "she has failed and refused to rescind the discriminatory practices and policies that have denied disabled persons access to public housing intended for disabled persons." As plaintiff has learned through the course of discovery, this is simply not true. Well before Ms. Grof-Tisza became Acting Executive Director on December 22, 2003, the BHA had placed non-elderly disabled individuals in the Fireside Apartments. (See, for example, deposition of Anita Falco, pgs. 62-63; pg. 69 attached hereto as Exhibit 1). Furthermore, after

Ms. Grof-Tisza became Acting Executive Director, the proposed intervenor, Judith Montes, who is allegedly non-elderly and disabled, was offered an apartment at Fireside Apartments. Additionally, a number of other disabled applicants have been offered apartments at the Fireside Apartment complex. Clearly, defendant does not have a "systemic policy that discriminates based on an applicant's disabled status" as plaintiff claims.

Plaintiff claims that Ms. Grof-Tisza must be joined in this action because if the injunctive relief requested by the plaintiff is granted, defendant's alleged illegal policy will need to be rescinded by someone with authority to do so. The BHA, however, is already a party to the action and if the Court were to order injunctive relief in this case, the BHA would comply. This does not mean that "someone with operational authority," who had no such authority at the time of the acts complained of, must be made a party to this action.

For the foregoing reasons, the defendants respectfully request that the plaintiff's motion to join Judit Grof-Tisza as a party defendant and to amend the complaint accordingly, be denied.

## II.     OBJECTION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND ADD A DUE PROCESS VIOLATION CLAIM

The Plaintiff's proposed Amended Complaint seeks to add additional count, claiming a violation of his procedural due process rights. The Motion to Amend the Complaint should be denied because Count V fails to state a claim for a denial of due process. Specifically, the Plaintiff has not alleged that he was deprived of a "property interest" sufficient to give rise to a

3

claim of a due process violation. The Plaintiff does not have a property interest in any specific unit of public housing and does not have a constitutionally protected interest in the application process itself. The Plaintiff does not allege that he was denied any unit in a low income housing project owned and operated by the BHA.

The Plaintiff alleges in the Proposed Amended Complaint that he is a 57 year old man with a permanent mobility impairment. (Proposed Amended Complaint, ¶ 5) He further alleges that on November 14, 2002, he called the BHA's number for the Fireside Apartments and spoke to an unidentified female. (Proposed Amended Complaint, ¶ 27). Plaintiff further alleges that he was told that he could not be granted an apartment at the Fireside because he was not 62 years old. (Proposed Amended Complaint ¶ 5 and 27). Plaintiff did not complete an application for public housing. (Proposed Amended Complaint ¶ 28). Rather than filing an application for public housing, plaintiff filed a complaint with the State of Connecticut's Commission on Human Rights and Opportunities ("CHRO"). The substance of his complaint is that the Defendants denied him the opportunity to apply to the Fireside Apartments because of his age and disability. (Proposed Amended Complaint ¶ 32).

In ¶ 58 of Count V of the proposed Amended Complaint, the Plaintiff alleges that he "possesses a property interest in being permitted to apply for senior/disabled housing and receiving fair consideration of their applications (sic), in accord with all relevant regulations,

regulatory guidance from the United States Department of Housing and Urban Development ("HUD") including the HUD Handbook, HUD Notices, and the BHA Admissions and Continued Occupancy Plan." The Plaintiff further alleges in ¶ 59 of the Proposed Amended Complaint that the defendants had "actual or constructive knowledge of the illegality of the BHA's practices and policies for assigning applicants to senior/disabled housing, including knowledge that:

    A.    the BHA's practice of failing to inform disabled persons of their eligibility for senior/disabled housing, and denying disabled persons an opportunity to demonstrate their eligibility for senior/disabled housing violates its own Admissions and Continued Occupancy Plan and 24 C.F.R. § 960.206

    B.    the BHA's practice of using a separate list to expedite the admission of elderly, but not disabled persons, to senior/disabled housing violates its own Admission and Continued Occupancy Plan and 24 C.F.R. §960.407; and

    C.    the BHA's practice of offering units of senior/disabled housing to non-disabled, "near-elderly" persons first, so that disabled persons who applied earlier are offered housing later violates its own Admissions and Continued Occupancy Plan, 24 C.F.R. § 906-407 and 42 U.S.C. § 1437a(b)(3).

Finally, the Plaintiff alleges that the above mentioned actions "violate the plaintiff's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution by preventing him from applying for or being considered for senior/disabled public housing in accord with all relevant regulations, regulatory guidance from the United States Department of Housing and Urban Development ("HUD") including the HUD Handbook, HUD Notices, and

the BHA Admissions and Continued Occupancy Plan.

The Plaintiff in this case does not allege that he was denied a unit of senior/disabled housing owned and operated by the BHA, rather he alleges that was denied a senior/disabled unit at the Fireside Complex. Significantly, the Plaintiff never submitted an application for public housing with the BHA and was never denied admittance to public housing by the BHA.

For the reasons set forth below, Count V of the Plaintiff's proposed Amended Complaint fails to state a cause of action for a denial of due process. The Plaintiff's Motion to Amend the Complaint to add this cause of action ought to be denied because to allow such amendment will unnecessarily add further complications to an already complicate case, will cause undue delay and prejudice to the defendants.

**LAW AND ARGUMENT**

The Plaintiff fails to allege a protected "property interest" sufficient to give rise to a claim of a Due Process violation. The Plaintiff does not have a "property interest" in any specific public housing unit and he does not have a "property interest" in the admissions process. Moreover, the Plaintiff did not submit an application for public housing with the BHA, therefore any claim that it would not have been considered fairly is speculative, at best. Construing the allegations contained in the proposed Amended Complaint in a light most favor to the Plaintiff, Count V fails to state a due process violation claim. Accordingly the Motion to Amend the

6

Complaint should to be denied.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." *U.S. Const., Amend. XIV, §1*. Essentially, due process requires that a person be given notice and an opportunity to be heard prior to an adverse action. *Goldberg v. Kelly*, 397 U.S. 254, 267-68 (1970). When a plaintiff alleges that state actors have failed to provide procedural due process, a court must determine "whether the asserted individual interests are encompassed withing the Fourteenth Amendment's protection of 'life, liberty, or property'"; if such protected interests are implicated, a court must then "decide what procedures constitute 'due process of law." *Alvin v. Suzuki,* 227 F.3d. 107, 116 (3d Cir. 2000). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims." *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

The Plaintiff in this present case alleges that the BHA failed to follow its own policies and procedures in that: 1) they failed to inform disabled persons of their eligibility for

7

senior/disabled housing and denied them the opportunity to demonstrate their eligibility for senior/disabled housing; 2) they used a separate waiting list to expedite the admission of elderly, but not disabled persons, to senior disabled housing; and 3) they offered units of senior/disabled housing to non-disabled, "near-elderly" persons first, so that disabled persons who applied earlier were offered housing later.  The Plaintiff alleges that he was informed that he was not eligible for a unit at the Fireside Apartments because he was not over 62 years of age.  This allegation is denied.

However, even construing the allegations contained in the proposed Amended Complaint in a light most favorable to the Plaintiff, the Plaintiff has not alleged a "property interest" sufficient to warrant due process protections.  The Plaintiff alleges a property interest in "being permitted to apply for senior/disabled housing, and receiving fair consideration of their (sic) applications."  ¶ 58 of Amended Complaint.  However, applicants for public housing do not have a constitutionally protected interest in the application process.  *Anderson v. New York City Housing Auth.* 1995 LEXIS 14115; 91 Civ. 2584 (JSM)(Martin, U.S.D.J., Sept. 28, 1995)(Copy attached hereto as Exhibit 2); citing *Yale Auto Parts, Inc. v. Johnson*, 758 F. 2d 54, 58-59 (2nd Cir. 1985).

The Plaintiff in this case alleges that he was effectively denied a unit at the Fireside Apartment Complex.  However, the Plaintiff does not have a "property interest" in any specific

8

unit of housing.  *McGrath v. Department of Housing and Urban Development*, 722 F. Supp. 902, 905 (D. MA, 1989).  "There is no federally protected right to low income public housing and there is no federally protected right to housing in a particular community." (Internal citations and quotations omitted) Id.  "There is no 'constitutional guarantee of access to dwellings of a particular quality." *Acevedo v. Nassau County*, 500 F. 2d. 1078, 1081 (2nd Cir. 1974)(citing *Lindsey v. Normet*, 405 U.S. 56, 74 (1972).

> Other Courts have held that applicants for public housing benefits do not have a property interest in any specific unit or complex.  See *Edison v. Pierce*, 745 F. 2d 453, 455 (7th Cir. 1984), (plaintiff did not have a "property interest" in a Section 8 subsidized apartment at a specific complex.); *Hill v. Group Three Housing Development Corp.*, 799 F. 2d 385, 386-87 (1986), ("...the statutory scheme, ... regulations, and the administrative guidelines developed by the Department of Housing and Urban Development (HUD) ... did not create a legitimate claim of entitlement to housing or benefits for Section 8 applicants.  Thus, plaintiffs had no "property" right entitled to due process protection."); *Hanrahan v. Housing and Redevelopment Auth. of Duluth*, 912 F. Supp. 428, 435 (1995),("The plaintiff's procedural due process claim is clearly without merit since we reject, as wholly unsupported, the contention that the plaintiff possessed a protected property interest either in a Midtowne Manor II apartment unit, or in placement at the top of the HRA's public housing waiting list."). See also *Baldwin v. Housing Authority of the*

9

*City of Camden*, 278 F. Supp. 2d 365, 379. (D.N.J. 2003).

The Plaintiff in this present case relies on a the New Jersey District Court decision in *Baldwin v. Housing Authority of the City of Camden*, 278 F. Supp. 2d 365 (D.N.J. 2003) for the proposition that the BHA's "failure to adhere to ACOP stated due process claim." Plaintiff's Memorandum, pg 5. However, the Plaintiff's reliance on this case is misplaced.

The plaintiff in *Baldwin* was a woman who had applied for a Section 8 housing voucher. The defendant, housing authority, denied the plaintiff's application based on her credit history. Id. at 371. The plaintiff challenged the defendant's use of "creditworthiness" as a proper criterion upon which to deny the plaintiff's application. Id. The crux of the plaintiff's argument in *Baldwin* was that the "creditworthiness" criterion was adopted by the defendant <u>after</u> it denied her application. The plaintiff alleged that because the defendant failed to comply with the relevant statutory and regulatory provisions in adopting the policy of using "creditworthiness" as a criterion to determine the eligibility of applicants, they effectively denied her due process by applying that criterion to deny her application. Id. at 377.

The District Court in *Baldwin* distinguished the plaintiff's claim in that case from the claims made in *Eidson v. Pierce*, supra and *Hill v. Group Three Housing*, supra. The *Baldwin* Court stated "Here, plaintiff seeks review of an initial determination of ineligibility to participate in the Section 8 program, not denial of an asserted entitlement to particular housing. Such a

distinction sets this case apart from *Hill* and *Edison* . . ." Id. at 379.

The Court in *Baldwin* found that the plaintiff had a property interest in obtaining Section 8 benefits and that the plaintiff "stated a due process claim arising out of defendants' denial of her application for Section 8 benefits on the basis of creditworthiness." Id. at 386.

In this present case, the Plaintiff is not claiming that he was denied admission to public housing or even admission to "senior/disabled" housing. Rather, he claims he was denied a specific unit of public housing, namely one at the Fireside Apartment complex. Additionally, Plaintiff acknowledges in the Amended Complaint that he did not submit an application to the BHA because he was told he could not get into the Fireside because of his age. Accordingly, the Plaintiff has failed to allege a "property interest" sufficient to be afforded due process protections pursuant to the Fourteenth Amendment.

### III.   CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Amend the Complaint to add Judit Grof-Tiza as a party defendant should be denied. Because Count V of the Plaintiff's proposed Amended Complaint fails to state a cause of action for a due process violation, the Motion to Amend the Complaint to add that cause of action should be denied.

**WHEREFORE** the Defendants respectfully request this Court to sustain their Objections and deny the Plaintiff's Motion to Amend the Complaint.

11

                THE DEFENDANTS,
                HOUSING AUTHORITY OF THE CITY
                OF BRIDGEPORT, et al.

By:_____
      James A. Mahar, Esq. (CT 21854)
      Ryan, Ryan, Johnson & Deluca, LLP
      80 Fourth Street, P.O. Box 3057
      Stamford, CT  06905
      Juris No. 52525
      Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

     I hereby certify that on May ___, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Alan Rosner, Esq.
Law Offices of Alan Rosner
1115 Main Street, Suite 415
Bridgeport, CT 06604
Attorney for Plaintiff, Thomas Matyasovszky, on Behalf of Plaintiff Class

                                                                                     _____
                                                                                     James A. Mahar, Esq.