UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
THOMAS MATYASOVSZKY,           \*
                               \*
         Plaintiff,            \*
                               \*
                               \*     CIVIL ACTION
v.                             \*     NO. 3:03cv968(WIG)
                               \*
HOUSING AUTHORITY OF           \*
THE CITY OF BRIDGEPORT,        \*
                               \*
         Defendant             \*
                               \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RULING ON PENDING MOTIONS

Currently pending before the Court are Plaintiff's motion for Judith Montes to intervene (Doc. #18), Defendants' motion for extension of time (Doc. #30), Plaintiff's motion to compel (Doc. #34), Plaintiff's motion for extension of time (Doc. #43), Plaintiff's motion for extension of time (Doc. #46), Joseph and Sandra Pellechio's motion to intervene (Doc. #48), Linda Dedrick's motion to intervene (Doc. #51), Defendants' motion for extension of time (Doc. #54), Plaintiff's motion for extension of time (Doc. #61), Plaintiff's motion to modify scheduling order deadline (Doc. # 65); Plaintiff's motion to amend his complaint and join a defendant (Doc. # 66) and Plaintiff's motion for extension of time (Doc. #68).

Judith Montes's motion to intervene (Doc. #18) is DENIED as moot in light of the fact that Ms. Montes has filed separate litigation related to this matter.

After a telephonic status conference with the parties, the plaintiff's motion to compel production (Doc. #34) is GRANTED in part and DENIED as moot in part. Plaintiff has

withdrawn his motion to compel responses to his first requests for production numbers 5-8. The defendants have complied with plaintiff's second requests for production numbers 5-18, 20-22 and 31. Plaintiff's motion to compel responses to requests for production 4 and 19 are granted. Defendants shall produce copies of documents that the Bridgeport Housing Authority (BHA) has exchanged with any other governmental or non-profit agency, on or after October 19, 1999, as follows: documents pertaining to eligibility criteria for residency at Fireside Apartments and/or Harborview; documents pertaining to unit vacancies at Fireside Apartments and/or Harborview; documents pertaining to waiting lists maintained by or for Fireside Apartments and/or Harborview; and all written complaints of age or disability discrimination made against individuals employed by the BHA, including but not limited to, employees of Fireside Apartments and Harborview.

Defendants shall produce documents responsive to RFP 19 on or before **May 17, 2004.**

Joseph and Sandra Pellechio's and Linda Dedrick's motions to intervene (Doc. #48) and (Doc. #51) are granted. The movants present "questions of law or fact in common" with the plaintiff and contend they would be forced to file separate actions against the defendant were intervention not permitted. Defendants' objections on the grounds of untimeliness and minimal advancement of the equitable adjudication of this matter are unpersuasive. While Ms. Dedrick's and the Pellechios' motions to intervene were filed after the established deadline, the Court finds the defendants are not prejudiced by the delay and the judicial economy gains of litigating these similar claims in joint litigation outweigh defendants' objections. All other motions to intervene must be filed with the clerk's office by **May 30, 2004.** This deadline will be strictly enforced.

Plaintiff's motion to amend his complaint and to add Judit Grof-Tisza as a defendant is granted. Federal Rule 15(a) specifies that "leave shall be freely given when justice so requires." The Second Circuit, citing to Supreme Court precedent, has "emphasized that amendment should normally be permitted, and has stated that refusal to grant leave without justification is inconsistent with the spirit of the Federal Rules." Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995), citing Foman v. Davis, 371 U.S. 178, 182 (1962) (internal quotations omitted). Ms. Grof-Tisza is being sued in her official and individual capacities as the Acting Executive Director of the Bridgeport Housing Authority and is therefore an appropriate party in this action. Defendants' arguments against plaintiff's motion to amend pertain to the merits of plaintiff's claims against Ms. Grof-Tisza and are therefore not a basis for denying this motion to amend. The Court finds that defendants will not be prejudiced by an amendment at this stage in the litigation.

## CONCLUSION

Plaintiffs's motion **(Doc. #18) is DENIED**. Motions **(Doc. #30.1) (Doc. #30.2) (Doc. #43) (Doc. #46)(Doc. #54)(Doc. #61) are Granted** nunc pro tunc. Plaintiff's Motion **(Doc. #48) (Doc. #51) are GRANTED.** Plaintiff's motion **(Doc. #34) is GRANTED in part and DENIED as moot in part.** Plaintiffs Motion **(Doc. #65) is GRANTED**. Plaintiff's motion to amend his complaint and join a defendant **(Doc. # 66-1 and 66-2) is GRANTED** and Plaintiff's motion for extension of time **(Doc. #68) is GRANTED**. The Clerk is directed to docket the amended class action complaint and the complaints in intervention.

So ordered this 6th day of May 2004, at Bridgeport, Connecticut.

                                         */S/ William I. Garfinkel*
                                         William I. Garfinkel
                                         United States Magistrate Judge