UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS MATYASOVSZKY on behalf of himself and all other similarly situated | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 3:03 CV 968 (WIG) |
| V. | : : | |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, ET AL. | : : : | JUNE 9, 2004 |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT V OF PLAINTIFF'S AMENDED COMPLAINT**

The undersigned defendants, Housing Authority of the City of Bridgeport ("BHA"), et al, hereby submit this Memorandum of Law in support of their Motion to Dismiss Count V of plaintiff's amended complaint. As explained below, the grounds for the defendants' Motion to Dismiss Count V of the plaintiff's amended complaint are that he has failed to allege a protected "property interest" sufficient to give rise to a due process claim.

**I.      BACKGROUND**

This matter stems from a claim by the plaintiff that the defendants discriminated against non-elderly, disabled applicants for public housing in the City of Bridgeport Connecticut, by operating one of their housing complexes, The Fireside Apartments, as "elderly only" without

approval from the United States Department of Housing and Urban Development ("HUD"). The plaintiff alleges that the Fireside Apartment complex, in the absence of HUD approval as an "elderly only" site, should have been available equally to elderly and disabled non-elderly applicants.

The plaintiff's original Complaint, dated May 16, 2003, alleged violations of 1) Federal and State Fair Housing Acts, 42 U.S.C. § 3601 et seq., and Conn. Gen. Stat. § 46a-64c, (Count I); 2) Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, et seq., (Count II); 3) Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, (Count III); and 4) the Housing Act of 1937, 42 U.S.C. § 1437 et seq. (Count IV). By Motion dated April 13, 2004 plaintiff sought to Amend the Complaint to add a fifth count. Count V of the Amend Complaint purports to allege a violation of plaintiff's due process rights set forth in the Fifth and Fourteenth Amendments to the United States Constitution.

Plaintiff alleges in the Amended Complaint that he is a 57 year old man with a permanent mobility impairment. (Amended Complaint, ¶ 5) He further alleges that on November 14, 2002, he called the BHA's number for the Fireside Apartments and spoke to an unidentified female. (Amended Complaint, ¶ 27) He further alleges that he was told that he could not be granted an apartment at the Fireside because he was not 62 years old. (Amended Complaint ¶ 5 and 27) Plaintiff did not complete an application for public housing. (Amended Complaint ¶ 28) Rather than filing an application for public housing, plaintiff filed a complaint with the State of

2

Connecticut's Commission on Human Rights and Opportunities ("CHRO").  The substance of his claim is that the defendants denied him the opportunity to apply to the Fireside Apartments because of his age and disability.  (Amended Complaint ¶ 32)

In ¶ 58 of Count V of the Amended Complaint, plaintiff alleges that he "possesses a property interest in being permitted to apply for senior/disabled housing and receiving fair consideration of their applications (sic), in accord with all relevant regulations, regulatory guidance from the United States Department of Housing and Urban Development ("HUD") including the HUD Handbook, HUD Notices, and the BHA Admissions and Continued Occupancy Plan."  Plaintiff further alleges in ¶ 59 of the Amended Complaint that the defendants had "actual or constructive knowledge of the illegality of the BHA's practices and policies for assigning applicants to senior/disabled housing, including knowledge that:

- A. the BHA's practice of failing to inform disabled persons of their eligibility for senior/disabled housing, and denying disabled persons an opportunity to demonstrate their eligibility for senior/disabled housing violates its own Admissions and Continued Occupancy Plan and 24 C.F.R. § 960.206;

- B. the BHA's practice of using a separate list to expedite the admission of elderly, but not disabled persons, to senior/disabled housing violates its own Admission and Continued Occupancy Plan and 24 C.F.R. §960.407; and

- C. the BHA's practice of offering units of senior/disabled housing to non-disabled, "near-elderly" persons first, so that disabled persons who applied earlier are offered housing later violates its own Admissions and Continued Occupancy Plan, 24 C.F.R. § 906-407 and 42 U.S.C. § 1437a(b)(3).

3

Finally, plaintiff alleges that the above mentioned actions "violate the plaintiff's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution by preventing him from applying for or being considered for senior/disabled public housing in accord with all relevant regulations, regulatory guidance from the United States Department of Housing and Urban Development ("HUD") including the HUD Handbook, HUD Notices, and the BHA Admissions and Continued Occupancy Plan." ¶ 58 of the Amended Complaint.

The plaintiff in this case does not allege that he was denied a unit of senior/disabled housing owned and operated by the BHA, rather he alleges that was denied a senior/disabled unit at the Fireside Apartment complex. Significantly, plaintiff never submitted an application for public housing with the BHA and was never denied admittance to public housing by the BHA.

For the reasons set forth below, Count V of the plaintiff's Amended Complaint fails to state a cause of action for a denial of due process.

## II.    LAW AND ARGUMENT

" A motion to dismiss filed pursuant to Rule 12(b)(6) tests only the legal sufficiency of the complaint and should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). "In ruling on a motion to dismiss, [the court should] accept as true all allegations of the complaint and draw all reasonable inferences in favor of the plaintiff." *Still v. DeBuono*, 101 F. 3d. 888, 891 (2d Cir. 1996).

4

In Count V of the Amended Complaint, plaintiff fails to allege a protected "property interest" sufficient to give rise to a due process violation claim. Plaintiff does not have a "property interest" in any specific public housing unit and he does not have a "property interest" in the admissions process. Moreover, the plaintiff did not submit an application for public housing with the BHA, therefore any claim that it would not have been considered fairly is speculative, at best. Construing the allegations contained in Count V of the Amended Complaint in a light most favorable to the plaintiff, said count fails to state a claim for violation of due process. Accordingly the Motion to Dismiss Count V of the Amend the Complaint should be granted.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." *U.S. Const., Amend. XIV, §1*. Essentially, due process requires that a person be given notice and an opportunity to be heard prior to an adverse action. *Goldberg v. Kelly*, 397 U.S. 254, 267-68 (1970). When a plaintiff alleges that state actors have failed to provide procedural due process, a court must determine "whether the asserted individual interests are encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property'"; if such protected interests are implicated, a court must then "decide what procedures constitute 'due process of law.'" *Alvin v. Suzuki,* 227 F.3d. 107, 116 (3d Cir. 2000).

The threshold issue in evaluating a due process claim is whether the plaintiff possessed a protected property interest. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims." *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

In this present case, plaintiff alleges that the BHA failed to follow its own policies and procedures in that: 1) they failed to inform disabled persons of their eligibility for senior/disabled housing and denied them the opportunity to demonstrate their eligibility for senior/disabled housing; 2) they used a separate waiting list to expedite the admission of elderly, but not disabled persons, to senior disabled housing; and 3) they offered units of senior/disabled housing to non-disabled, "near-elderly" persons first, so that disabled persons who applied earlier were offered housing later. Plaintiff alleges that he was informed that he was not eligible for a unit at the Fireside Apartments because he was not over 62 years of age.

Construing the allegations contained in Count V of the Amended Complaint in a light most favorable to the plaintiff, the plaintiff has not alleged a protected "property interest" sufficient to warrant due process protections. Plaintiff alleges a property interest in "being

6

permitted to apply for senior/disabled housing, and receiving fair consideration of their (sic) applications." ¶ 58 of Amended Complaint. However, applicants for public housing do not have a constitutionally protected interest in the application process. *Anderson v. New York City Housing Auth.* 1995 LEXIS 14115; 91 Civ. 2584 (JSM)(Martin, U.S.D.J., Sept. 28, 1995)(Copy attached hereto as Exhibit 1); citing *Yale Auto Parts, Inc. v. Johnson*, 758 F. 2d 54, 58-59 (2nd Cir. 1985).

    The Plaintiff in this case alleges that he was effectively denied a unit at the Fireside Apartment Complex. However, the Plaintiff does not have a "property interest" in any specific unit of housing. *McGrath v. Department of Housing and Urban Development*, 722 F. Supp. 902, 905 (D. MA 1989). "There is no federally protected right to low income public housing and there is no federally protected right to housing in a particular community." (Internal citations and quotations omitted) Id. "There is no 'constitutional guarantee of access to dwellings of a particular quality." *Acevedo v. Nassau County*, 500 F. 2d. 1078, 1081 (2nd Cir. 1974)(citing *Lindsey v. Normet*, 405 U.S. 56, 74 (1972)), see also *Schmidt v. Boston Housing Authority*, 505 F. Supp. 988, 995 (D. MA1981).

    Other courts have held that applicants for public housing benefits do not have a property interest in any specific unit or complex. See *Edison v. Pierce*, 745 F. 2d 453, 455 (7th Cir. 1984) (plaintiff did not have a "property interest" in a Section 8 subsidized apartment at a specific complex); *Hill v. Group Three Housing Development Corp.*, 799 F. 2d 385, 386-87 (8th Cir.

7

1986) ("...the statutory scheme, ... regulations, and the administrative guidelines developed by the Department of Housing and Urban Development (HUD) ... did not create a legitimate claim of entitlement to housing or benefits for Section 8 applicants. Thus, plaintiffs had no "property" right entitled to due process protection"); *Hanrahan v. Housing and Redevelopment Auth. of Duluth*, 912 F. Supp. 428, 435 (D. Minn.1995) ("The plaintiff's procedural due process claim is clearly without merit since we reject, as wholly unsupported, the contention that the plaintiff possessed a protected property interest either in a Midtowne Manor II apartment unit, or in placement at the top of the HRA's public housing waiting list"). See also *Baldwin v. Housing Authority of the City of Camden*, 278 F. Supp. 2d 365, 379. (D. NJ 2003).

In his Motion to Amend the Complaint, plaintiff relies on a New Jersey District Court decision in *Baldwin v. Housing Authority of the City of Camden*, 278 F. Supp. 2d 365 (D. NJ 2003) for the proposition that the BHA's "failure to adhere to ACOP stated due process claim." See Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Amend Complaint, pg 5. However, the Plaintiff's reliance on this case is misplaced.

The plaintiff in *Baldwin* was a woman who had applied for a Section 8 housing voucher. The defendant, housing authority, denied the plaintiff's application based on her credit history. Id. at 371. The plaintiff challenged the defendant's use of "creditworthiness" as a proper criterion upon which to deny the plaintiff's application. Id. The crux of the plaintiff's argument in *Baldwin* was that the "creditworthiness" criterion was adopted by the defendant <u>after</u> it denied

8

her application. The plaintiff alleged that because the defendant failed to comply with the relevant statutory and regulatory provisions in adopting the policy of using "creditworthiness" as a criterion to determine the eligibility of applicants, they effectively denied her due process by applying that criterion to deny her application. Id. at 377.

The District Court in *Baldwin* distinguished the plaintiff's claim in that case from the claims made in *Edison v. Pierce*, supra and *Hill v. Group Three Housing*, supra. The *Baldwin* Court stated "Here, plaintiff seeks review of an initial determination of ineligibility to participate in the Section 8 program, not denial of an asserted entitlement to particular housing. Such a distinction sets this case apart from *Hill* and *Edison* . . ." Id. at 379.

The Court in *Baldwin* found that the plaintiff had a property interest in obtaining Section 8 benefits and that the plaintiff "stated a due process claim arising out of defendants' denial of her application for Section 8 benefits on the basis of creditworthiness." Id. at 386.

In this present case, plaintiff is not claiming that he was denied admission to public housing or even admission to "senior/disabled" housing. Rather, he claims he was denied a specific unit of public housing, namely one at the Fireside Apartment complex. Additionally, plaintiff acknowledges in the Amended Complaint that he did not submit an application to the BHA, so any allegation that his application would not have evaluated fairly is speculative. Accordingly, the plaintiff has failed to allege a protected "property interest" sufficient to be afforded due process protections pursuant to the Fourteenth Amendment.

9

### III.   CONCLUSION

For the reasons set forth above, Count V of the plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.  The plaintiff has failed to allege a protected property interest sufficient to give rise to a claim of a due process violation.

THE DEFENDANTS,
HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT

By:_____
Michael T. Ryan, Esq. (ct 05685
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT   06905
Phone No. 203-357-9200


_____
James A. Mahar, Esq., (ct 21854)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT   06905
Phone No. 203-357-9200

## **CERTIFICATE OF SERVICE**

I hereby certify that on May ___, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Alan Rosner, Esq.
Jennifer Vickery, Esq.
Law Offices of Alan Rosner
1115 Main Street, Suite 415
Bridgeport, CT 06604


_____
James A. Mahar, Esq.

I:\Procases\1742.007\memolawdismiss.wpd
1742.007

11