UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS MATYASOVSZKY on behalf of himself and all other similarly situated | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 3:03 CV 968 (WIG) |
| V. | : : | |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, ET AL. | : : : | JULY 29, 2004 |
| Defendants. | : | |

**DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**

    The undersigned Defendants, Housing Authority of the City of Bridgeport, et al, respectfully move this Court, pursuant to Fed. R. Civ. P. Rule 26 and Loc. R. Civ. P. Rule 7, for an order modifying the Scheduling order by extending the time for the Defendants to disclose their expert witness until September 1, and by modifying all other deadlines accordingly. Counsel for the plaintiff consents to this proposed modification.

    Under the prior scheduling order, the plaintiff's expert was to be deposed by June 1, 2004 and the defendants were to disclose their expert by July 1, 2004, thirty days following

**ORAL ARGUMENT NOT REQUESTED/
TESTIMONY NOT REQUIRED**

plaintiff's expert's deposition.  Due to scheduling issues, the plaintiff's expert was not deposed until June 15, 2004.  The attorneys for the Defendants have discussed the matter with a number of consultants with public housing experience and HUD regulations, and are in the process of discussing the case with an individual who appears to be qualified to render an opinion regarding the plaintiff's claims.  Additionally, it appears that a statistical expert will have to be consulted with to evaluate the plaintiff's claims that disabled applicants for public housing waited a longer period of time to be assigned a public housing unit.  In order to evaluate the plaintiff's data to determine its accuracy, each individual tenant file must be review to determine the application date, the interview date, and the date each applicant was ultimately assigned a public housing unit.  Additionally, each file will need to be reviewed to determine if there were circumstances that effected the amount of time an individual waited for an assignment.  Counsel for Defendants has begun this review, but additional time is required to review the 500 plus files[1].

The proposed extensions, if granted, would modify the terms of the Scheduling Order as follows:

| | |
|---|---|
| Defendant's expert disclosure: | September 1, 2004 |
| Plaintiff's deadline to depose defendants' expert: | August 1, 2004 |
| Discovery completed: | November 1, 2004 |

---

[1] There are 248 units at the Fireside Apartment complex and 240 units at the Harborview Towers complex.  In addition, one bedroom units a the Marina Village complex will be reviewed as well as one bedroom Scattered Site units.

    Dispositive Motions:                                        December 1, 2004

    Joint Trial Memorandum:                             March 1, 2005

    Trial Ready:                                                April 1, 2005.

This is the second motion to modify the Scheduling Order filed by the Defendants. The Plaintiffs do not consent to this extension.

    **WHEREFORE,** the Defendants respectfully move this Court to Grant this Motion to Modify the Scheduling Order.


                                                    THE DEFENDANTS,
                                                    HOUSING AUTHORITY OF THE CITY OF
                                                    BRIDGEPORT, et al.


                           By:_____
                               James A. Mahar, Esq., (CT 21854)
                               Ryan, Ryan, Johnson & Deluca, LLP
                               80 Fourth Street, P.O. Box 3057
                               Stamford, CT   06905
                               Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

  I hereby certify that on July ___, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Alan Rosner, Esq.
Law Offices of Alan Rosner
1115 Main Street, Suite 415
Bridgeport, CT 06604
Attorney for Plaintiff, Thomas Matyasovszky, on Behalf of Plaintiff Class

                 _____
                 James A. Mahar, Esq.

I:\Procases\1742.007\motmodschedule072904.wpd
1742.007