FILED

2004 AUG -6  P 2: 57

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVSZKY, ET AL, | : |
| Plaintiffs, | : CIVIL ACTION NO. |
| | : 3:03 CV968 (WIG) |
| V. | : |
| | : |
| HOUSING AUTHORITY OF THE CITY OF | : |
| BRIDGEPORT, ET AL, | : AUGUST 6, 2004 |
| Defendants. | : |

**PLAINTIFF'S OBJECTION TO
DEFENDANT'S MOTION TO EXTEND TIME TO DISCLOSE EXPERTS**

Plaintiff opposes the defendants' motion as dilatory and unnecessary. Defendants' claim that additional time is required because the importance of the dates units were offered to applicants was heretofore unclear is preposterous. Plaintiffs have been building their case around dates of offer from the start. In October of 2003, for example, plaintiffs made FOIA requests to elicit the dates when each unit became available. In response, defendants supplied logbooks, which are used to record the offer date--i.e., the date on which each available unit is offered, and to whom. Thereafter, plaintiffs discussed the issue of delay extensively during the December 22, 2003 deposition of Anita Falco, while asking Ms. Falco questions about specific dates on

1

which she had offered public housing units located in the Fireside complex. Moreover, plaintiffs have maintained consistently from the original complaint that defendants had engaged in steering, and therefore the importance of information on all complexes can come as no surprise. For example, plaintiffs deposed defendant Jonas DeGuzman about offers in Harborview and other complexes, not just Fireside, as early as August of 2003. Finally, it is unclear why plaintiffs would find it onerous to determine the offer dates, as the database kept by the BHA and disclosed to plaintiffs pursuant to a FOIA request contains a field for offer dates. Thus, compiling the data on offer dates would seem to be a simple matter of printing a single report.

In June, 2004, defendants indicated to counsel for plaintiffs' that they needed until July 15, 2004 to disclosed experts. Subsequently, they asked for and obtained a further extension until July 31, 2004. Defendants offer no new facts or excuses which would warrant such an extension.

This is extension is requested at a time when the BHA is withholding documents from plaintiffs. In July, 2004, the defendants disclosed documents from 1999 through the period of 2002. No excuse was offered as to why these documents were not disclosed months before. Defendants are currently withholding documents that will show that

2

defendants are jumping over disabled applicants on the wait list to offer apartments to the elderly (62 and over) and the near elderly (55-61 by statute, 46-61 under the BHA's mistaken notion of what near elderly is. These documents have been promised under threat of the filing of a motion for expedited discovery but not delivered as promised. Defendants should not be allowed to abuse the discovery process when production is required and then ask for a favorable exercise of the court's discretion to further delay this case.

For the above reasons, plaintiffs oppose defendants' motion and request that this Court require the parties to continue moving forward on the current schedule.

THE PLAINTIFF,

By _____
Jennifer Vickery, Esq. (CT24089)
1115 Main Street, Suite 415
Bridgeport, CT 06604
(203) 384-1245
Fax (203) 384-1246
Email: alanrosner@aol.com

3

## CERTIFICATION

This is to certify that a copy of the foregoing has been served on this 6th day of August, 2004 by facsimile transmission to Michael Ryan, Esq., Ryan Ryan Johnson & Deluca, LLP, P.O. Box 3057, 80 Fourth Street, Stamford, CT 06905-3057.

_____
Jennifer Vickery

4