



2004 SEP 27 P 12: 15

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVSZKY et al., on behalf of themselves and all others similarly situated,<br>Plaintiffs, | : <br> : <br> : CIVIL ACTION NO. <br> : 3:03 CV 968 (WIG) |
| V. | : |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT et al. <br> Defendants. | : SEPTEMBER 21, 2004 <br> : <br> : |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND COMPLAINT AND JOIN PATSY MICHELLE AS A PARTY DEFENDANT

Plaintiffs seek the Court's permission to file and amended complaint and join the newly appointed Acting Executive Director of defendant Housing Authority of the City of Bridgeport ("BHA") Patsy Michelle as a party defendant.

Ms. Michelle stands officially in the stead of defendant Judit Grof-Tisza, former Acting Executive Director, who, in turn, had replaced defendant Collin Vice in that position. Ms. Michelle continues to enforce, and refuses to rescind the longstanding, illegal policies of her two predecessors. She presides over a housing authority that intentionally discriminates against disabled people eligible for elderly/disabled public housing. Inclusion of Ms. Michelle as a named party in the complaint is also necessary to ensure that the BHA complies with any relief ordered by this Court.

Ms. Michelle was appointed to serve as Acting Executive Director of the BHA in or about August, 2004 following the resignation of her predecessor, defendant Judit Grof-Tisza, who, in turn, had replaced defendant Collin Vice.. Like her predecessors, Ms. Michelle has failed to rescind policies and practices of the BHA that deny a housing opportunity to disabled persons to reside in elderly/disabled housing at the Fireside Apartments by limiting eligibility for such housing to only elderly tenants. Plaintiffs have alleged claims under both state and federal housing acts, the Americans with Disabilities Act, and the Rehabilitation Act. Ms. Michelle is aware that operation of Fireside as an "elderly only" complex was unlawful and would only be permitted if the BHA had obtained permission from the United States Department of Housing and Urban Development to do so. No such relief has been sought or granted.

### B. Amendment of the Complaint to Add the New Acting Executive Director Is Permitted Under Rule 15(a) and (d) Based on Her Supervisory Role.

A party joined by means of an amended pleading must meet the standards of both Rule 15 and Rule 20. See: Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611, 618 (4th Cir. 2001).

The proposed defendant, as the acting chief executive of the defendant BHA, must be joined so that full relief may be provided to plaintiffs. Ms. Michelle must also be

joined so that plaintiffs may hold her accountable for damages and other relief for her failure to rescind an obviously illegal policy and practice by the entity she leads. Justice would require, under these circumstances, that the complaint be amended to include Ms. Michelle as a defendant charged with operational responsibility for the defendant BHA. A proposed amended complaint which so alleges is attached to this motion as an exhibit.

**Conclusion**

Based on the foregoing, the plaintiffs respectfully move that the proposed defendant be joined as party defendant in this action, and that leave be granted to amend the complaint accordingly.

THE PLAINTIFFS,

BY _____
Alan Rosner, Esq. (Ct 10414)
1115 Main Street, Suite 415
Bridgeport, CT 06604
(203) 384-1245
Fax (203) 384-1246
Alanrosner@aol.com

## CERTIFICATION

This is to certify that a copy of the foregoing memorandum has been served by regular first class mail postage prepaid on this 21st day of September, 2004 to Michael Ryan, Esq., Ryan, Ryan Johnson & Deluca, LLP, P.O. Box 3057, 80 Fourth Street, Stamford, CT 06905-3057.

Alan Rosner