#106

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS MATYASOVSZKY, et al. on behalf of themselves and all other persons similarly situated, Plaintiffs, | : : : : | CIVIL ACTION NO. |
| KENNETH GIHON, Intervenor | : : | |
| V. | : : : | 3:03-CV-968 (WIG) |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, et al. Defendants. | : : : : | SEPTEMBER 21, 2004 |

### KENNETH GIHON'S MOTION TO INTERVENE

Kenneth Gihon hereby respectfully request that the Court permit him to intervene as a party plaintiff pursuant to Fed. R. Civ. P. 24(b), and in support thereof state the following:

1. Intervenor Kenneth Gihon is 41 years old and disabled by severe physical and mental impairments. A copy of Mr. Gihon's affidavit in suppor of this motion is attached hereto. He is mobility impaired as a result of a lower back disorder. He is currently homeless and in urgent need of affordable, habitable housing. Notwithstanding his

1

disabled medical condition, the BHA's waiting list does not list Mr. Gihon as disabled and, therefore, eligible for elderly/disabled housing.

2. On or about April 28, 2003, Mr. Gihon applied for an apartment for himself with the BHA. Although he had already been forced to quit his job due to his medical condition, he knew of no reason to indicate that he was disabled; the application he completed did not request such information, nor did the BHA employee assisting him ask whether he wanted to be considered for housing made only available to elderly and disabled persons.

3. In July, 2004, Mr. Gihon received a letter scheduling him for an interview at the BHA's Resident Selection office. At the interview, he met with a BHA employee named Dalia, who informed him that the only housing that would be available to him was located at the Marina Village complex. With this statement, Dalia produced a form entitled "Tenant Preference List" or something to that effect. Dalia proceeded to write the name "Marina Village" on the line on the form reserved for an applicant's "First Choice." Dalia did not ask Mr. Gihon which complex he preferred.

4. Mr. Gihon is familiar with Marina Villages; he has visited friends and relatives who have lived there over the years. He has observed that Marina Village is dirty, noisy

2

and infested with illegal drugs.

5. After receiving legal advice about his eligibility for other housing complexes, including elderly/disabled housing sites, Mr. Gihon returned to meet with Dalia on or about September 2, 2004 and provided her with medical treatment records diagnosing both mental and physical impairments. He informed her that he preferred to receive an assignment at Fireside because all units are at ground floor level and because Fireside is located in an attractive, safe location.

6. Dalia reviewed the records and then informed Mr. Gihon that she would not refer him to Marina Village. She took out the preference form mentioned above, crossed off the name "Marina Village" and wrote that Harborview was his first choice and that Fireside was his second choice. Dalia stated that Mr. Gihon was now considered eligible for apartments at both Harborview and Fireside, but added that there were no available apartments at Fireside. He has not yet been assigned an apartment.

7. The BHA's failure to take measures in its application process to identify all applicants who are disabled nearly deprived Mr. Gihon of his right to be assigned to elderly/disabled housing. If permitted to intervene in this case, Mr. Gihon will represent the other disabled applicants on the waiting list who are not identified there as disabled

3

and, who, therefore, would be deprived of their rights to a housing opportunity. Mr. Gihon also seeks to vindicate his own rights under fair housing laws to the extent he is excluded from Fireside. To the extent anyone who might arguably be considered disabled is permitted to live in Fireside, such persons must be "near elderly" as that term is defined under the federal housing laws, that is, between ages 50 and 61. Since Mr. Gihon is only 41, he will clearly be unlawfully excluded from Fireside unless he is permitted to intervene.

8. Intervenor Gihon's claims and the main action have questions of law and fact in common, in that:

a. Intervenor, like the named plaintiffs, have had or will have rental housing at Fireside denied to them and otherwise made unavailable to them for discriminatory reasons related to their disabled status;

b. As occurred with the named plaintiffs, defendants violated federal and state laws by discriminating in the terms and conditions under which they would rent to disabled persons;

c. As with other members of the proposed plaintiff class, the opportunity for the proposed intervenor to obtain urgently needed affordable housing may be delayed for

discriminatory reasons related to his disabled status.

    d. The policy and practice challenged in the main action is precisely the same policy and practice that the proposed intervenor has been, and may be victimized by.

9. Intervention will not delay or prejudice the rights of the original parties.

10. Intervenor's complaint is attached hereto along with his affidavit.

WHEREFORE, Intervenor Kenneth Gihon respectfully requests that the Court permit him to intervene as a party plaintiff.

                              INTERVENOR KENNETH GIHON,

                              BY _____
                              Alan Rosner, Esq. (ct 10414)
                              1115 Main Street, Suite 415
                              Bridgeport, CT 06604
                              Phone (203) 384-1245
                              Fax(203) 384-1246
                              Alanrosner@aol.com

CERTIFICATION

This is to certify that a copy of the foregoing has been served by regular first class mail postage prepaid on this 24st day of September, 2004 to:

Michael Ryan and James Mahar
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905-3057
Fax (203) 357-7915

*[signature]*

Commissioner of Superior Court