#107

2004 SEP 27 P 12: 15

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVSKY et al. on behalf of themselves and others similarly situated,<br>　　　　　　　　　Plaintiff, | :<br>:<br>: CIVIL ACTION NO.<br>: 3:03 CV 968 (~~RNC~~) WIG |
| KENNETH GIHON, Intervenor, | :<br>:<br>: |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT et al.<br>　　　　　　　　　Defendants. | :<br>: SEPTEMBER 24, 2004<br>: |

MEMORANDUM IN SUPPORT OF
**KENNETH GIHON'S MOTION TO INTERVENE**

INTRODUCTION

The proposed Intervenor, Kenneth Gihon, has filed a motion to intervene pursuant to Fed. R. Civ. P. 24(b). This memorandum is filed in support of that motion.

Kenneth Gihon is 41 years old and disabled by both physical and mental impairments. His claim for Social Security disability benefits is pending. Because he is a low income person, he cannot afford a market rent for habitable housing.

Mr. Gihon has applied for low income public housing that is owned and operated with federal funds by the Housing Authority of the City of Bridgeport ("BHA"). As a

1

condition for receipt of such funds, the BHA is required to comply with federal law. Under federal housing laws, the BHA is charged with the operation of certain housing intended for mixed use populations, that is, for elderly (62 and over) and disabled tenants on an equal basis. The BHA may apply to the United States Department of Housing and Urban Development ("HUD") to designate such projects to exclude either elderly or disabled tenants, but must provide alternative housing to the excluded class of tenants under such circumstances.

The BHA-owned Fireside Apartments, all 248 units, is such a mixed population complex.. Though the BHA has not even made a request for permission from HUD to do so, the BHA, acting through three different Executive Directors before and during the pendency of this action, has been operating Fireside as an elderly only complex, while excluding disabled tenants. As a consequence, disabled tenants are denied the opportunity to live at Fireside, and must wait longer on the waiting list than they would if the BHA were complying with their mandate under federal law. The BHA also discriminates against persons with disabilities by refusing to afford them disabled status and the housing preference that accompanies this status unless they receive Social Security disability benefits.

## ARGUMENT

Like the named plaintiffs, Intervenor Kenneth Gihon has been or will be effectively denied the opportunity to rent an apartment at the Fireside Apartments because she is disabled. First, the BHA failed to acknowledge his disabled status. When Mr. Gihon's submission of medical records to the Resident Selection office forced the BHA to make elderly/disabled housing available to him, the BHA immediately informed him that Fireside did not have an available apartment for him. Since Mr. Gihon is not even at the top of the waiting list but is merely at that point in the process where he establishes eligibility before receiving a unit, it is impossible for the BHA worker to know if a Fireside unit will be available when Mr. Gihon receives housing. This BHA worker has merely stated in an indirect fashion what has always been the BHA's position, that Fireside is not for the disabled.

Upon information and belief, Mr. Gihon will at some point be awarded an apartment. Since Fireside is not available to him because of his disabled status, he will be steered to the Harborview complex, where younger disabled people are segregated. In the absence of relief from this Court, the Intervenor will suffer ongoing discrimination based on his disability, just as members of the proposed class are suffering discrimination

3

without knowledge of the actions of the defendants in the main action and without knowledge of their rights under fair housing laws.

Since Mr. Gihon is a member of the proposed plaintiff class, any order entered by the Court to protect her right to be free from discrimination under fair housing laws will also affect other class members. His intervention in this case will assist the Court by providing a representative for those claiming harm as the result of the defendants' policy and practice of unlawfully operating Fireside as an "elderly only" complex.

Unless intervention is permitted, Mr. Gihon would be required to file a separate action to gain vindication and protection of her interests and rights; such an action would needlessly burden the Court with an additional lawsuit. Such a step would be inefficient, and risk confusion, and inconsistent or varying adjudications with respect to the issues now before it.

Under Rule 24(b), Mr. Gihon need not show a complete identity of facts and law in common with the claims of the other parties in this action. Rather, he must show "a question of law or fact in common." Mr. Gihon easily meets this standard for permissive intervention. Like plaintiff Matyasovszky, he has been falsely informed that a Fireside apartment will not be available to him. Thus, he has suffered discrimination at the hands

of the BHA from the same illegal policy applied to all disabled, interested tenants and applicants for BHA housing intended for a mixed population of elderly and disabled residents. He will serve as an additional named plaintiff for the litigation, and as a typical representative for those claiming harm as the result of the BHA's discriminatory policy and practice.

Defendants have recently obtained from the Court an extension through October 31, 2004 to conduct discovery. Defendants therefore cannot claim prejudice.. Thus, Intervenor meets the criteria for permissive intervention under Rule 24(b).

## CONCLUSION

For the reasons stated above, Intervenor Kenneth Gihon respectfully requests that this Court permit him to intervene as a party plaintiff.

INTEVENOR KENNETH GIHON,

BY *(signature)*
Alan Rosner, Esq. (Ct10414)
1115 Main Street, Suite 415
Bridgeport, CT 06604
Phone (203) 384-1245
FAX (203) 384-1246
Alanrosner@aol.com

CERTIFICATION

This is to certify that a copy of the foregoing has been served by regular first class mail postage prepaid on this 24th day of September, 2004 to Michael Ryan, Esq. and James Mahar, Esq., Ryan Ryan Johnson & Deluca, LLP, P.O. Box 3057, Stamford, Ct 06905.

_____
Alan Rosner