#111

FILED

2004 OCT -4 A 11: 47

UNITED STATES DISTRICT COURT U.S. DISTRICT COURT
DISTRICT OF CONNECTICUT BRIDGEPORT, CO

| | |
|---|---|
| THOMAS MATYASOVSZKY, ET AL<br>Plaintiffs, | : CIVIL ACTION NO.<br>:<br>: 3:03-CV-968 (WIG) |
| v. | : |
| HOUSING AUTHORITY OF THE CITY OF<br>BRIDGEPORT, ET AL,<br>Defendants. | :<br>: OCTOBER 1, 2004<br>: |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

The named plaintiffs, by their undersigned counsel and on behalf of the themselves, the proposed intervenors, John Nelson Jr. and Kenneth Gihon, and the proposed plaintiff class, hereby respectfully request that the Court enter a preliminary injunction against the defendant Housing Authority of the City of Bridgeport ("BHA") and the named individual defendants and proposed party defendant Patsy Michelle with respect to their discriminatory practices and policies which deny housing opportunities to persons with disabilities seeking housing with the BHA. In support thereof, plaintiffs aver the following:

1. The defendants operate their Fireside housing complex, which is funded and

1

intended for both elderly and disabled tenants on an equal basis, as if such complex had been lawfully designated as "elderly only" housing. They do so by refusing and failing to identify applicants who are disabled and therefore eligible for such housing. Their application fails to solicit information identifying eligible disabled tenants. Defendants have excluded the disabled from Fireside and have admitted only those applicants who are either elderly or "near elderly" (ages 46-61).

2. Defendants have also excluded the disabled by ignoring their legal obligation to accept people into Fireside and other elderly/disabled housing in the order that they applied for housing. Defendants have hand-picked the elderly and near elderly from the BHA applicant pool to preserve the elderly character of Fireside and to deny housing opportunities to disabled persons in the one other elderly/disabled complex they operate, Harborview Towers.

3. Defendants' discriminatory practices and policies which exclude the disabled from housing intended for their use violates the rights of the named plaintiffs, the proposed intervenors, and members of the proposed plaintiff class, under the federal fair housing laws, 42 U.S.C. Sec. 3604 et seq., and state fair housing laws, 46a C.G.S. Sec. 64c.

4. As set forth more fully in the accompanying memorandum of law and exhibits submitted in support of this motion, plaintiffs are highly likely to succeed on the merits of their claims that defendants are violating fair housing laws.

5. In any event, there are sufficiently serious questions going to the merits of plaintiffs' claims to make them fair grounds for litigation, and the balance of hardships tips decidedly in plaintiffs' favor.

WHEREFORE, plaintiffs respectfully request that this Court enter an order enjoining defendants to:

(A) eliminate the use of age restrictions when determining whether persons with disabilities are eligible for housing at Fireside;

(B) stop assigning persons who are neither elderly nor disabled to elderly/disabled housing, including but not limited to Fireside and Harborview;

(B) provide written notice, in a form to be approved by the Court, to all BHA employees at the Resident Selection office, and at the BHA's executive offices and site management offices, that persons with disabilities, regardless of their age, are eligible and entitled to a preference for Fireside or Harborview on an equal basis with the elderly, and requiring such employees to communicate the same to BHA tenants seeking transfer,

prospective applicants for BHA housing, and interested members of the general public.

(C) employ a "Pre-Application" form which requests information necessary to identify persons with disabilities who may be eligible for elderly/disabled housing;

(D) provide written notice to each applicant on the current general population waiting list, and each current BHA tenant, informing them of the definition of "disabled person" for purposes of public housing eligibility, and of how disabled persons may demonstrate eligibility for a housing preference for elderly/disabled housing;

(E) modify the BHA's Tenant Preference form, whereon prospective tenants state their preferences for particular BHA housing complexes, to identify all elderly/disabled housing complexes for which persons with disabilities may be eligible;

(F) provide written notice to all BHA tenants currently occupying one bedroom or studio apartments stating that the BHA discriminated against persons with disabilities at the time they were assigned a unit, and stating that such tenants may be eligible to transfer to Fireside, Harborview or any other elderly/disabled public housing complex owned by the BHA and identified in the notice.

(G) make available "tenant transfer request" forms and a written copy of the rules or policies governing tenant transfer requests to all interested disabled tenants, and ensure

that such submitted forms shall be date and time stamped and that the tenant's name be placed on the current waiting list chronologically in accordance with the stamped date and time;

(H) provide notice, in a form and in a manner to be approved by the court, of the eligibility of disabled persons for Fireside and Harborview to all persons who applied for public housing prior to the implementation of a preliminary injunction in this case, or who inquired about applying, and to governmental agencies and non-profit organizations in the State of Connecticut providing advocacy or support for disabilities.

(I) process all applications submitted by disabled persons using the same procedures as are used for applications submitted by elderly persons;

(J) produce and maintain an elderly/disabled complex waiting list ("E/D List"), showing the chronological order in which all disabled and elderly applicants who are still on the waiting list should be offered housing, and promptly adding new applicants and transfer requests from disabled and elderly applicants immediately upon receipt;

(K) offer each unit at Fireside that becomes available in the future to the next eligible disabled applicant on the E/D List, in chronological order, until such time as the percentage of disabled tenants residing there is equal to or greater than the percentage of

5

disabled applicants on the waiting list for elderly/disabled complexes.

Respectfully submitted,

By _____
Alan Rosner, Esq. (Ct 10414)
1115 Main Street, Suite 415
Bridgeport, CT 06604
(203) 384-1245
Fax (203) 384-1246
Alanrosner@aol.com

6

## CERTIFICATION

This is to certify that a copy of the foregoing has been served by regular first class mail postage prepaid on this 4th day of October, 2004 to Michael Ryan, Esq. and James Mahar, Esq., Ryan Ryan Johnson & Deluca, LLP, P.O. Box 3057, Stamford, CT 06905-3057.

*/s/ Alan Rosner*

Alan Rosner