

FILED

2004 OCT 26  A 11: 55

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVZSKY, et al. on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br><br>V.<br><br>HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT et al.<br>Defendants. | : <br>: <br>: CIVIL ACTION NO.<br>: 3:03 CV 968 (WIG)<br>: <br>: <br>: <br>: <br>: OCTOBER 25, 2004<br>: |

## PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER

Plaintiffs respectfully move this Court, pursuant to Fed.R.Civ.P.Rule 26 and Local R.Civ.P. Rule 7, for an modifying the Scheduling Order by extending the time for the filing of motions to join a party defendant and to amend the complaint accordingly, until October 26, 2004  No other deadlines are affected by this proposed modification.

Good cause exists to modify the Scheduling Order, in light of the Housing Authority of the City of Bridgeport's change in leadership of the BHA, the third such change in the past ten months, based on the following facts:

1. Prior to the commencement of this action, the defendant BHA, through its officers and employees, openly acknowledged that they operated the Fireside apartments

1

as an elderly only complex even though it is funded to provide a housing preference to both disabled and elderly tenants. A recitation of the many public statements made by BHA officials acknowledging the *de facto* elderly only status of Fireside and the efforts of advocates to have the BHA comply with federal housing law by making Fireside available to disabled tenants on an equal basis is set forth in the memorandum submitted in support of plaintiffs' motion for a preliminary injunction, dated September 24, 2004.

    2. In or about August, 2004, proposed defendant Patsy Michelle became the third person to serve as executive director of the BHA, replacing defendant Judith Grof-Tisza. A motion to have Ms. Michelle joined as a third party defendants is pending before this Court.

    3. Ms. Michelle has now herself been replaced by a hired consultant, Robert Graham, who now must be joined as a party defendant as the person who directs and enforces implementation of the policies, practices and procedures of the BHA. He therefore must be joined so that he may be held accountable for any damages and injunctive relief that may be granted plaintiffs. Like his predecessors, Mr. Graham has thus far failed to rescind longstanding discriminatory policies and practices challenged in this case.

4. The plaintiffs have moved to modify the Scheduling Order on five prior occasions. Counsel for defendants have been informed of plaintiffs' intent to make this motion but do not consent to the relief requested.

THE PLAINTIFFS,

BY *[signature]*
Alan Rosner, Esq. (ct 10414)
1115 Main Street, Suite 415
Bridgeport, CT 06604
(203) 384-1245
Fax (203) 384-1246
Alanrosner@aol.com

CERTIFICATION

This is to certify that a copy of the foregoing motion has been served by regular first class mail postage prepaid on this 24th day of September, 2004 to Michael Ryan, Esq., Ryan Ryan Johnson & Deluca, P.O. Box 3057, Stamford, CT 06905.

*[signature]*
Alan Rosner

3