FILED

2004 OCT 25 P 12: 56

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVSZKY on behalf of himself and all other similarly situated | : |
| Plaintiff, | : CIVIL ACTION NO. 3:03 CV 968 (WIG) |
| V. | : |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, ET AL. | : OCTOBER 21, 2004 |
| Defendants. | : |

## OBJECTION TO PLAINTIFFS MOTION TO AMEND COMPLAINT AND JOIN PARTY DEFENDANT

The undersigned Defendants hereby object to plaintiffs Motion to Amend the Complaint and join Patsy Michelle as a party defendant. In support of this objection, the defendants represent the following.

The plaintiffs in this matter allege that the Defendants discriminated against nonelderly, disabled applicants and tenant of public housing. The gravamen of the plaintiffs' complaint is that the BHA operated one of its sites, the Fireside Apartment Complex, as "elderly only" without HUD approval.

In December 2003, Collin Vice's contract with the BHA was terminated for reasons not relevant to this case. Judit-Grof Tizsa was appointed by the BHA Board of Commissioners to be

the Acting Executive Director. In August of 2004, Ms. Grof-Tisza's employment with the BHA was terminated, also for reasons unrelated to this case. Patsy Michelle, was named Interim Acting Executive Director following Ms. Grof-Tisza's termination. Prior to that, Ms. Michelle was in charge of the Section 8 office.

On or about October 5, 2004, the BHA Board of Commissioners hired a consultant to act as Interim Acting Executive Director while a search for a permanent Executive Director is conducted. Ms. Michelle has returned to her previous position with the Section 8 office.

The plaintiffs' claim that, despite substantial evidence to the contrary, that the BHA continues to operate the Fireside Complex as "elderly only." Without addressing plaintiffs' claims regarding the operation of any BHA complex prior to the commencement of this lawsuit, the BHA currently operates the Fireside as an elderly/disable (mixed population) site, meaning that applicants who are 62 years of age or older (elderly) or disabled (as defined by federal law) of any age, are eligible for available units at the Fireside. See Affidavits of Judit Grof-Tizsa, Jonas de Guzman, Anita Falco, and Millie Morales, filed in conjunction with the defendants' Reply to Memorandum of Law In Further Support of Plaintiff's Motion for Class Certification dated June 30, 2004. These affidavits demonstrate that the BHA's official policy with respect to the Fireside is that it is an "elderly/disabled" site, contrary to plaintiffs' unsupported allegations. Interestingly, plaintiffs' now seem to claim that the BHA discriminates against disabled applicants under the age of 46.

The defendants are preparing supplemental affidavits to reflect the demographics of applicants assigned to the Fireside since the submission of the aforementioned affidavits. Significantly, Willie Collazo was housed at the Fireside Apartments on September 8, 2004. Mr. Collazo is disabled and his date of birth is November 15, 1973, making him 30 years of age. (See attached note history of Willie Collazo). Presumably the plaintiffs' will now claim the BHA discriminates against disabled applicants under the age of 30.

Inasmuch as Ms. Michelle is no longer the Interim Acting Executive Director, she is not a necessary party to this case, either in her official capacity or individual capacity. Since the BHA is already a party to this action in its corporate capacity, any injunctive relief will be binding on the BHA and will be required to be followed by the current Interim Acting Executive Director and the person who is eventually selected as the new Executive Director.

Inasmuch as the plaintiffs' claims that Patsy Michelle operated the Fireside Apartment Complex in violation of Federal law, said allegations are completely without merit and categorically denied. Ms. Michelle acted in the capacity of Interim Acting Executive Director for under two months from August 2004 to October 2004. She is not a necessary party to this action.

**WHEREFORE,** the Defendants respectfully request that this Court sustain this objection and deny the plaintiffs' Motion to Amend the Complaint and Join Patsy Michelle. In the alternative, should the Court grant the plaintiffs' motion, the defendants request that they be ordered to post a reasonable bond to reimburse Patsy Michelle for any cost or fees incurred as a result of their frivolous claims against her.

                            THE DEFENDANTS,
                            HOUSING AUTHORITY OF THE CITY OF
                            BRIDGEPORT, ET AL

                        By: /s/ James A. Mahar
                            James A. Mahar, Esq., (CT 21854)
                            Ryan, Ryan, Johnson & Deluca, LLP
                            80 Fourth Street, P.O. Box 3057
                            Stamford, CT  06905
                            Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Alan Rosner, Esq.
Jennifer Vickery, Esq.
Law Offices of Alan Rosner
1115 Main Street, Suite 415
Bridgeport, CT 06604

_____
James A. Mahar, Esq.

I:\Procases\1742.007\objmotaddpmichelle101504.wpd
1742.007