**FILED**

2004 JUL -1 P 3: 49

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS MATYASOVSZKY on behalf of himself and all other similarly situated | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 3:03 CV 968 (WIG) |
| V. | : : | |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, ET AL. | : : : | JUNE 30, 2004 |
| Defendants. | : | |

## DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR CLASS CERTIFICATION

The undersigned defendants, Housing Authority of the City of Bridgeport (Hereinafter 'BHA'), Collin Vice, Jonas DeGuzman, and Judit Grof-Tiza, hereby respond to plaintiff's Memorandum of Law In Further Support of Plaintiff's Motion for Class Certification. The plaintiff's Motion for Class Certification should be denied because the requirements for class certification set forth in Fed. R. Civ. P. Rule 23(a) and 23(b)(2) have not been met. Specifically, the named plaintiff cannot adequately represent the proposed class members because he is not a member of the proposed class. Further there is an inherent conflict among the various subclasses of purposed class members based on the relief sought. Additionally, the individual claims for monetary damages, including punitive damages, predominate over any common question of law

or fact, thereby potentially necessitating numerous separate trials on the issue of damages, and making class certification pursuant to Fed. R. Civ. P. Rule 23(b)(2) inappropriate. Even if the court were to separate the claims for equitable and legal relief, class certification is not warranted because the defendants acknowledge that their current policy is in accord with the relief sought by the plaintiff. Moreover, any injunctive relief granted would inure to the benefit of the proposed class members even without class certification. As such, a class certification is not necessary to afford relief to the purported class. Accordingly, the Motion for Class Certification should be denied.

## I.    BACKGROUND

This matter stems from an alleged policy of the defendants, a public housing authority and two employees, to discriminate against low income, disabled public housing applicants. By motion dated August 7, 2003, the plaintiff moved to certify a class of "all other disabled applicants under the age of 62 years who have been, are being, or will be subject to the discriminatory practices of the defendants because of their disabilities while applying or attempting to apply for senior/disabled housing operated by the defendants." See Plaintiff's Motion for Class Certification ¶ 3. The plaintiff seeks class certification pursuant to Fed. R. Civ. P. Rule 23, and states certification is appropriate "under Subsection (b)(2) of Rule 23, which is intended to permit relief in cases where the defendants have 'acted or refused to act on grounds

generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.'" Id. at ¶4.

A.    **Claims of Thomas Matyasovszky**

The plaintiff's original Complaint, dated May 16, 2003, alleged violations of 1.) Federal and State Fair Housing Acts, 42 U.S.C. § 3601 et seq., and Conn. Gen. Stat. § 46a-64c, (Count I); 2.) Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, et seq., (Count II); 3.) Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, (Count III); and 4.) the Housing Act of 1937, 42 U.S.C. § 1437 et seq. (Count IV).  By Motion dated April 13, 2004 plaintiff sought to Amend the Complaint to add a fifth count, which was granted.  Count V of the Amend Complaint purports to allege a violation of plaintiff's due process rights set forth in the Fifth and Fourteenth Amendments to the United States Constitution.[1]

The plaintiff alleges in the Amended Complaint that he is a 57-year-old man with a permanent mobility impairment. (Amended Complaint, ¶ 5)  He further alleges that on November 14, 2002, he called the BHA's number for the Fireside Apartments and spoke to an unidentified female. (Amended Complaint, ¶ 27)  He further alleges that he was told that he could not be granted an apartment at the Fireside because he was not 62 years old. (Amended Complaint ¶ 5 and 27)  Plaintiff did not complete an application for public housing. (Amended Complaint ¶ 28)

---

[1]    The defendants have filed a Motion to Dismiss Count V of the Amended Complaint for failure to state a claim upon which relief may be granted, which is currently pending before this Court.

3

Rather than filing an application for public housing, plaintiff filed a complaint with the State of Connecticut's Commission on Human Rights and Opportunities ("CHRO"). The substance of his claim is that the defendants denied him the opportunity to apply to the Fireside Apartments because of his age and disability. (Amended Complaint ¶ 32). The plaintiff alleges in paragraph 34 of the Amended Complaint that "by reason of the defendants' unlawful acts and practices, Mr. Matyasovszky has suffered loss of a housing opportunity, economic losses, violation of his civil rights, emotional and physical distress, humiliation, embarrassment, and mental anguish."

Plaintiff seeks the following in his Prayer for Relief:

1.    That a class be certified in this action pursuant to Rule 23(a) and Rule 23(b)(2) of the Federal Rules of Civil Procedure;

2.    That the plaintiffs be offered remedial relief according to their proof;

3.    That the Court enjoin all unlawful practices complained about and impose affirmative injunctive relief requiring the defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and applicants regardless of disability or handicap, and to conform their current practices for admitting applicants to mixed population public housing to federal law and their own Admissions and Continued Occupancy Plan;

4

4.    That the Court declare that the defendants have violated the provisions of

applicable federal and state fair housing laws;

5.    That the Court award plaintiffs compensatory damages;

6.    That the Court award plaintiff punitive damages;

7.    That the Court grant costs of the suit and reasonable attorney's fees; and

8.    That the Court grant such other and further relief as the Court deems just.

In addition to the plaintiff, Thomas Matyasovszky, the Court recently granted permission

to Joseph and Sandra Pellechio, and Linda Dedrick to intervene into this matter.

**B.    Claims of Joseph and Sandra Pellechio**

With respect to the Complaint in Intervention dated December 30, 2003, (hereinafter,

"Complaint"), filed on behalf of the plaintiff-intervenors Joseph and Sandra Pellechio, the

plaintiff-intervenors state that they are 54 and 53 years old, respectively, and are disabled.

Complaint ¶1. They further allege that they applied for public housing in or about October of

2000, at which time they asked to be placed in the Fireside Apartments, "but were told that only

persons over 62 years of age were allowed in the Fireside Complex." Complaint ¶ 5, see also ¶

24. They further alleged that when they "requested the Fireside Apartments, a BHA supervisor

advised them that the BHA places all disabled persons in either its Harborview complex or its

Trumbull Towers apartments." Complaint ¶ 5.

5

In ¶ 27 of the Complaint, the Pellechios allege that "two years after they first applied, the Bridgeport Housing Authority offered the Plaintiff-Intervenors unit B-12 at Harborview. The Pellechios have leased unit B-12 since October 1, 2002, but would prefer to be transferred to a unit in the Fireside complex. The plaintiff's further allege that as a result of the alleged discriminatory policy, they were caused to "remain in overcrowded housing for a longer period of time than they would have if they were not unlawfully excluded from a substantial portion of the BHA's housing stock." Complaint ¶28. Additionally, they claim that they suffered "as a direct and proximate result of the BHA's housing practices and policies for administering Fireside Apartments, economic losses, violation of their civil rights, emotional and physical distress, humiliation, embarrassment, and mental anguish." Complaint ¶ 30.

In their Prayer for Relief, the Pellechios seek substantially the same relief as Thomas Matyasovszky.

## C.    Claims of Linda Dedrick

The intervening plaintiff, Linda Dedrick, alleges that she is 50 years old and disabled by back and leg impairments. Intervening Complaint dated January 28, 2004 (hereinafter "Complaint") ¶ 1. Ms. Dedrick further alleges that on or about June 24, 2003 she applied for public housing at which time she "stated her preference for a Fireside unit to a BHA representative... ." Complaint ¶ 5. She further alleges that the BHA representative informed her that she was not old enough to receive a Fireside apartment and that the Fireside complex was

reserved for elderly tenants 62 years of age and older.  Complaint ¶¶ 5 and 24.  Ms. Dedrick

alleges that "as a direct and proximate cause of the BHA's housing practices and policies

described herein, Ms. Dedrick has suffered economic losses, violations of their (sic) civil rights,

emotional and physical distress, humiliation, embarrassment, and mental anguish."  Complaint ¶

28.

Ms. Dedrick states in ¶ 6 of the Complaint that she seeks "injunctive relief compelling the

defendants to cease their discriminatory conduct, declaratory relief ..., retroactive remedial relief

creating a separate waiting list for elderly and disabled applicants and placing all elderly and

disabled applicants currently on the BHA waiting list onto such list, and an order requiring

defendants to lawfully determine Ms. Dedrick's eligibility for a Fireside unit on an equal basis

with all other eligible applicants.  Plaintiff also seeks compensatory damage and punitive

damages and attorneys' fees."

**D.     Plaintiff's Motion for Class Certification**

In plaintiff's Motion for Class Certification dated August 7, 2003, he describes the

proposed class as including:

> All disabled applicants under the age of sixty-two who have been, are being, or
> will be subjected to the discriminatory policies of the BHA on the basis of their
> handicaps, while applying, or attempting to apply, for senior/disabled housing.
> See plaintiff's Memorandum of Law, dated August 7, 2003, pp 5.

7

The plaintiff has further defined the proposed class to include the following sub-categories:1.) disabled applicants on the current waiting list for public housing; 2.) current BHA public housing tenants who are disabled; and 3.) disabled applicants who were not offered public housing through the BHA. See Memorandum of Law in Further Support of Plaintiff's Motion for Class Certification, dated May 10, 2004. While plaintiff includes all disabled applicants under the age of 62 years, his responses to the Defendants' interrogatories indicate that he is claiming the defendants excluded disabled applicants under the age of 55 years from the Fireside. See Plaintiff's Responses to Defendants' Interrogatories (Attached as Exhibit 'A'). Accordingly, it is unclear what the parameters of the class should be with respect to age.

The plaintiff seeks class certification pursuant to Fed. R. Civ. P. Rule 23(b)(2) and argues in his August 7, 2003 Memorandum, at page 6, that "[t]he proposed class complains of a policy uniformly applied in violation of their civil rights, and thus meets the prerequisites of certification under Rule 23(b)(2)."

For the reasons set forth more fully below, the proposed class does not meet the "adequacy of representation" requirement of Rule 23(a)(4), in that Thomas Matyasovszky is not a member of the class he seeks to represent and there is a conflict among the various class members in the injunctive relief sought. Additionally, class certification pursuant to Rule 23 (b)(2) is inappropriate because the individual claims for monetary and punitive damages predominate over plaintiff's claim for injunctive and declaratory relief. The plaintiff has not

shown that 1. he would have brought the suit to obtain the injunctive or declaratory relief even in the absence of a possible monetary recovery; and 2. that the injunctive or declaratory relief he seeks will be both reasonably necessary and appropriate were he to succeed on the merits of his claims. See *Robinson v. Metro North Railroad*, 267 F. 3d 147, 164 (2nd Cir. 2001), cert. denied, 535 U.S. 951, 122 S. Ct. 1349, 152 L. Ed. 251 (2002). The plaintiff has not addressed these issues in the motion papers submitted thus far.

Even if the plaintiff were successful in making the foregoing showing, class certification in this case is inappropriate given the concerns for judicial economy and ensuring the due process rights of absent class members. The claims for compensatory and punitive damages will make class treatment in this case inefficient and unmanageable. Even if the court separates the plaintiff's claims for injunctive and declaratory relief from the claims for monetary relief, class certification is inappropriate because the defendants have acknowledged that they are currently operating the Fireside Apartment complex as an elderly/disabled site, which is precisely the relief the plaintiff seeks. Moreover, any equitable relief granted by the court will inure to the purported class members, even in the absence of class certification.

## II.    **LAW AND ARGUMENT**

The requirements for class certification pursuant to Fed. R. Civ. P. Rule 23(a) and 23(b)(2) are succinctly stated by Magistrate-Judge Garfinkel in *Robertson v. Sikorsky Aircraft*

*Corp.*, No. 97 CV 1216; 2000 U.S. Dist. LEXIS (D. Conn. 2000)(Sept. 18, 2000)(Attached as

Exhibit 'B').

> For a class to be certified, plaintiffs must satisfy all of the requirements of Rule
> 23(a) and must fit within one of the categories of Rule 23(b). When deciding a
> motion for class certification, the only issue is whether the requirements of Rule
> 23 have been met, and not whether the plaintiff has stated a cause of action or will
> prevail on the merits. Nevertheless, the Supreme Court has cautioned that the trial
> court must conduct a 'vigorous analysis' to determine whether Rule 23's
> requirements have been satisfied. Thus, it is sometimes necessary for the district
> courts to probe behind the pleadings before coming to rest on the certification
> question. Class determination generally involves considerations that are
> enmeshed in the factual and legal issues comprising the plaintiff's cause of action.
>
> When considering a motion for class certification, courts should consider the
> allegations in the complaint as true. Yet, a court may consider material outside
> the pleadings in determining the appropriateness of class certification.
>
> The four requirements of Rule 23(a) are that: (1) the class is so numerous that
> joinder of all members is impracticable; (2) there are questions of law or fact
> common to the class; (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class; and (4) the representative parties
> will fairly and adequately protect the interests of the class.
>
> Additionally, class actions may be maintained only if the requirements of Rule
> 23(b) have been met. Rule 23(b) permits class actions in situations where (1)
> prosecution of separate actions by individual parties would create a risk of
> inconsistent adjudications or would be dispositive of the interest of those
> members not parties to the adjudication; (2) defendants have acted or refused to
> act on grounds generally applicable to the class; or (3) questions of law or fact
> common to members of the class predominate and a class action is superior to
> other available methods for adjudication.
>
> (Internal citations and quotations omitted) *Robertson v. Sikorsky Aircraft*, 2000
> U.S. Dist. LEXIS 21148 at *6-7.

**A.**    <u>**The Plaintiff and Intervening Plaintiffs Cannot Adequately Represent the Members of the Absent Class Members**</u>

"The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent.  A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Products v. Windsor*, 521 U.S. 591, 625-26, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). "Under Rule 24(a), adequacy of representation is measured by two standards.  First, class counsel must be qualified, experienced and generally able to conduct the litigation.  Second, class members must not have interests that are antagonistic to one another."  (Internal citations and quotations omitted) *In re: Drexel Burnham Lambert Group*, 960 F. 2d 285, 292 (2nd Cir. 1992). "It is fundamental that adequacy is lacking if the interests of the putative class representative are antagonistic to or in conflict with the interests of the other class members... ." *Street v. Diamond Offshore Drilling*, No. 00-1317, 2001 U.S. Dist. LEXIS 7054, *13 (E.D. La, May 25, 2001)(Attached as Exhibit 'C'). "... [T]he named or lead plaintiffs [must] have a sufficient stake in the outcome to ensure zealous advocacy, [and] that the class representative does not have antagonistic or conflicting claims with the other class members... ." (Internal citations and quotations omitted) *Latino Officers Assn. v. City of New York*, 209 F.R.D. 79, 90 (S.D.N.Y. 2002).

11

In the present case, the purposed class representative, Thomas Matyasovszky, is not a member of the class he seeks to represent and the intervening plaintiffs, Joseph and Sandra Pellechio, and Linda Dedrick, demonstrate the inherent conflict among the various subcategories of the class the plaintiff seeks to certify. Thomas Matyasovszky testified at his deposition that he was no longer interested in a Fireside Unit and is pursuing a Section 8 voucher to permit him to have his rent payment of a private unit subsidized. (See Matyasovszky Deposition Transcript pp 73 - 74 and 117 (Attached as Exhibit 'D') As such he does not have a sufficient stake in the outcome of this case. Moreover, Mr. Matyasovszky is not a member of the purported class he seeks to represent. He alleges that he was 57 when he first sought information about applying for a unit at the Fireside Apartments. While ¶ 4 of the Amended Complaint states that the BHA "categorically den[ies] all disabled tenants an opportunity to rent an apartment located [at the Fireside]," plaintiff's interrogatory responses state that he now claims that the BHA had a policy of excluding disabled applicants under the age of 55 years from the Fireside. The plaintiff cannot represent a class of which he is not a member. See *Norman v. Connecticut State Board of Parole,* 458 F. 2d 497 (2nd Cir. 1972), citing *Bailey v. Patterson*, 369 U.S. 31, 32-33, 82 S. Ct. 549, 7 L. Ed. 2d 512 (1962). Since Mr. Matyasovszky is over the age of 55 years, he is not a member of the class he seeks to represent, namely, disabled applicants under the age of 55. For this reason, plaintiff's motion should be denied.

The intervening plaintiffs demonstrate the inherent conflict among the purposed subcategories absent purported class members. The Pellechios are current BHA tenants who reside at the Harborview Towers complex and who wish to transfer to the Fireside Apartments. Ms. Dedrick is an applicant for public housing currently on the waiting list who would also like a Fireside Unit. There are 248 units at the Fireside Apartment complex, most of which are already occupied. The Pellechios seek injunctive relief to permit them and other current disabled BHA residents to transfer to the Fireside. Linda Dedrick, also seeks a Fireside unit. Accordingly, there is a conflict between those class members who are already BHA residents and those who are on the waiting list. Not everyone can be offered a unit at the Fireside Apartment complex. This presents an inherent conflict between those purported class members who are already tenants of the BHA and those who are currently on the waiting list.

Given that Mr. Matyasovszky is not a member of the purposed class and that there is a conflict among the class members with respect to the relief the different groups seek, namely units at the Fireside Apartments, the plaintiff does not satisfy the requirement of Rule 23(4) because he cannot adequately protect the rights of the absent class members, regardless of how it is defined. Accordingly, the Motion for Class Certification should be denied.

**B.**     **Class Certification Pursuant to Rule 23(b)(2) is Not Appropriate**

Even if the Court finds that the plaintiff has satisfied the requirements of Rule 23(a), class certification is not appropriate pursuant to Rule 23(b)(2) in this case because the individual

13

proposed class member's claims for monetary and punitive damages predominate over the issues related to the plaintiff's claims for injunctive and declaratory relief.

Plaintiff in the present case seeks class certification under Rule 23(b)(2). Rule 23(b)(2) permits class actions for declaratory or injunctive relief where 'the party opposing the class has acted or refused to act on grounds generally applicable to the class.' *Fed. R. Civ. P. Rule 23(b)(2); Amchem Products v. Windsor*, 521 U.S. 591, 614; 117 S. Ct. 2231; 138 L. Ed. 2d 689 (1997); *Marisol A. v. Giuliani*, 126 F. 3d 372, 378 (2nd Cir. 1997). However, certification is inappropriate under Rule 23(b)(2) because the plaintiff's claim for monetary and punitive damages predominate over his claim for injunctive and declaratory relief.

Other Circuit Courts have held that in actions where "both injunctive and monetary relief are sought, the inherently individualized nature of the determination of damages renders it predominant, and thereby makes class action status under Rule 23(b)(2) inappropriate, except where in those rare instances in which the request for monetary relief is wholly 'incidental' to the requested injunctive relief." *Robinson v. Metro-North Railroad*, 267 F. 3d. 147, 163 (2nd Cir. 2001), cert. denied, 535 U.S. 951, 122 S. Ct. 1349, 152 L. Ed. 2d 251 (2002); citing *Allison v. Citgo Petroleum Corp.*, 151 F. 3d 402 (5th Cir. 1998). However, the Second Circuit in *Robinson v. Metro North,* supra, declined to follow the bright-line rule adopted by the Fifth Circuit in *Allison.* Rather, the Second Circuit has adopted an "ad hoc" test to determine if an action claiming both injunctive and monetary relief may be certified under Rule 23 (b)(2).

14

"The (b)(2) class action is intended for cases where broad, class-wide injunctive or declaratory relief is necessary to redress a group-wide injury. The text of Rule 23(b)(2) is silent as to what extent - - if at all - - monetary relief may also be sought." *Robinson v. Metro-North Railroad*, 267 F. 3d. 147, 162; *Parker v. Time Warner Cable*, 331 F. 3d 13, 18 (2nd Cir. 2003). When a district court is "presented with a motion for (b)(2) class certification of a claim seeking both injunctive relief and non-incidental monetary damages, a district court must consider the evidence presented at a class certification hearing and the arguments of counsel, and then assess whether (b)(2) certification is appropriate in light of the relative importance of the remedies sought, given all of the facts and circumstances of the case." *Robinson* at 164; *Parker* at 18. "The district court may allow (b)(2) certification if it finds in its informed, sound judicial discretion that (1) the positive weight or value to the plaintiffs of the injunction or declaratory relief sought is predominant even though compensatory or punitive damages are also claimed and class treatment would be efficient and manageable, thereby achieving an appreciable measure of judicial economy." *Robinson*, at 164.

"*Robinson* holds that when making an ad hoc determination, a district court should, at a minimum, satisfy itself of the following: (1) even in the absence of a possible monetary recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief sought; and (2) the injunctive or declaratory relief sought would be both reasonably necessary and appropriate

were the plaintiffs to succeed on the merits." (Internal citations and quotations omitted) *Parker* at 18-19.

In the present case, the plaintiffs make claims for injunctive and declaratory relief, as well as for monetary and punitive damages. However, they have not addressed the requirements for Rule 23(b)(2) class certification stated by the Second Circuit Court of Appeals in *Robinson* for cases involving both injunctive relief and non-incidental monetary damages. Even if the plaintiffs addressed this issue, the fact that the plaintiff, Thomas Matyasovszky is no longer seeking public housing, but rather seeks a Section 8 voucher, shows that his claim for monetary and punitive damages is the driving factor behind his suit.

Further, with respect to the Pellechios, they filed their Motion to Intervene into this matter two weeks before they actually requested a transfer to the Fireside. Their motion is dated December 2003, yet they did not request a transfer until January 15, 2004. (See deposition Sandra Pellechio pp 28 and 29 (Attached Exhibit 'E') Their motivation for bringing their intervening complaint is to leverage a transfer to the Fireside Apartments, rather than to obtain injunctive or declaratory relief on behalf of the absent class members. The same can also be said for Linda Dedrick. That being the case, the Motion for Class Certification should be denied.

**C.    Class Certification is Not Necessary for Equitable Relief Sought by Plaintiff**

Class certification of a plaintiff's claims seeking injunctive and declaratory against a governmental agency is not appropriate where the governmental agency acknowledges that the

16

injunctive relief will apply equally to every member of the proposed class. See *Galvan v. Levine*, 490 F. 2d 1255 (2nd Cir. 1973). In such cases, class certification is a mere formality.

Under the Second Circuit's decision in *Robinson*, when faced with a motion for class certification pursuant to Rule 23(b)(2) in which a plaintiff seeks both injunctive and non-incidental monetary relief, district courts should only certify so much of a plaintiff's claim that seeks equitable relief. This is necessary to protect the due process rights of absent class members with respect to their claims for monetary damages. The *Robinson* Court stated:

> Where class-wide injunctive or declaratory relief is sought in a (b)(2) class action for an alleged group harm, there is a presumption of cohesion and unity between absent class members and the class representatives such that adequate representation will generally safeguard absent class members' interests and thereby satisfy the strictures of due process. . . . This presumption of cohesion continues and unity continues where incidental damages are also sought because entitlement to such damages does not vary based on the subjective considerations of each class member's claim, but flows directly from a finding of liability on the claims for class-wide injunctive and declaratory relief.
>
> In contrast, where non-incidental monetary relief such as compensatory damages are involved, due process may require the enhanced procedural protections of notice and opt out for absent class members. This is because entitlement to non-incidental damages may vary among class members depending on the circumstances and merits of each claim. The presumption of class homogeneity and cohesion falters, and thus, adequate representation alone may prove insufficient to protect absent class members interests. Absent class members may therefore need notice that their claims are being pursued in the class action and the opportunity to opt out and pursue their claims separately or to intervene, should they conclude such active participation would better protect their individual interests. *Robinson*, at 166 -167.

The options suggested by the court include certifying the class for liability purposes only, then considering whether to certify the class for damages aspect of the case under Rule 23(b)(3) and providing absent class members with notice and the ability to opt out. *Robinson*, at 166-170; *Parker*, 23-24 (Newman, J., dissenting). See also, *Latino Officers Assn. v. City of New York*, supra. 209 F.R.D. at 93; *Wright v. Stern*, No. 01 Civ. 4437, 2003 U.S. Dist. LEXIS 11589 (S.D.N.Y., July 9, 2003)(Attached as Exhibit 'F'). However, certifying a class in this case to obtain equitable relief is unnecessary.

The plaintiff claims in his complaint that the defendants were operating the Fireside Apartment complex as an elderly only facility without proper approval from HUD. The defendants acknowledge that the Fireside Complex is currently being operated as an elderly/disabled complex and that non-elderly-disabled applicants are eligible for units there. Class certification in this case to obtain injunctive and declaratory relief is not necessary since the defendants acknowledge that both elderly and disabled/non-elderly applicants are eligible for units at the Fireside Apartments and the BHA is assigning Fireside Units to disabled/non-elderly applicants. See Affidavits of Anita Falco, Millie Morales, Jonas DeGuzman and Judit Grof-Tiza (Attached hereto as Exhibit 'G').

In *Galvan v. Levine* the Second Circuit held that the denial of class certification was appropriate in actions seeking declaratory or injunctive relief against governmental officials based on administrative practices where the governmental agency withdraws the challenged

18

policy and acknowledges that any injunctive relief afforded to the plaintiff will be binding with respect to others similarly situated. *Id.* at 1261. "Following the *Galvan* decision, courts in this circuit have denied certification in a host of cases in which plaintiffs have sought declaratory and injunctive relief on behalf of a class subject to a government rule or procedure when the courts were confident that its judgment will be applied equally to every member of the proposed class without the 'formality' of certification." *McKenna v. Peekskill Housing Authority*, 83 F.R.D. 600, 605-606 (S.D. NY 1979), and the cases cited therein.

In the present case, the affidavits of Anita Falco, Millie Morales, Jonas DeGuzman, and Judit Grof-Tiza establish that the defendants are currently operating the Fireside Apartments as elderly/disabled housing as required by law, which is precisely the relief sought. Even assuming for the sake of argument that the plaintiff's allegations are true and the BHA had a policy to exclude non-elderly/disabled applicants from the Fireside, which allegations are denied, the current BHA policy is to provide Fireside units on an equal basis to the elderly and the non-elderly/disabled. Accordingly, class certification on the plaintiff's claim for injunctive and declaratory relief is unnecessary and the Motion for Class Certification should be denied.

## III.  CONCLUSION

For the reasons set forth above and in the defendants' Memorandum of Law in Support of Defendants' Objection to Plaintiff's Motion for Class Certification, dated September 11, 2003, the plaintiff's Motion for Class Certification should be denied. The plaintiff does not satisfy the

19

requirements for class certification set forth in Fed. R. Civ. P. Rule 23(a) and 23(b)(2). The proposed class representative does not meet the "adequacy of representation" requirement of Rule 23(a)(4) and the claims for monetary and punitive damages predominate over the claimed common question of law or fact. Additionally, it is not necessary to certify a class with respect to the plaintiff's claims for injunctive and declaratory relief since the defendants are already acting in accordance with the relief sought and acknowledge that any injunctive or declaratory relief afforded to the plaintiff will inure to the benefit of others similarly situated. Accordingly, the plaintiff's motion for class certification should be denied.

THE DEFENDANTS,
HOUSING AUTHORITY OF THE CITY
OF BRIDGEPORT

By:_____
Michael T. Ryan, Esq. (Ct 05685)
James A. Mahar, Esq., (Ct 21854)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905
Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Alan Rosner, Esq.
Jennifer Vickery, Esq.
Law Offices of Alan Rosner
1115 Main Street, Suite 415
Bridgeport, CT 06604

James A. Mahar, Esq.

I:\Procases\1742.007\replysummnemoclasscert.wpd
1742.007

21

