UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVSZKY ET AL., on behalf of themselves and all other similarly situated,<br>Plaintiffs,<br>V.<br><br>HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT ET AL.<br>Defendants. | : <br>: CIVIL ACTION NO<br>: <br>: 3:03 CV968 (WIG)<br>: <br>: <br>: <br>: JULY 11, 2005 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL PRODUCTION**

NATURE OF THE CASE

The defendant Bridgeport Housing Authority ("BHA") owns and operates approximately six hundred units of "mixed population" public housing. Mixed population housing units are intended under law for occupancy by both elderly and disabled tenants. Federal regulation requires the BHA to make such units available, on an equal basis, to both the elderly and the disabled.

With full knowledge of the eligibility criteria for mixed population units, and with full knowledge of the illegality of their actions, the defendants chose to exclude the disabled from the Fireside complex, which is mixed population housing. Disabled tenants were instead steered into other, less safe and desirable complexes, and forced to

remain on the BHA's waiting lists far longer than would have been necessary if defendants had complied with federal law.

Plaintiffs have prosecuted this action on behalf of themselves and all similarly situated is disabled applicants or potential applicants to the Bridgeport Housing Authority.

## PROCEDURAL HISTORY

By letter dated May 23, 2005 (exh. A), and by telephone on several occasions prior thereto, plaintiffs have requested access to review all tenant and applicant files for individuals whose names appear of on the BHA's July 27, 2004 waiting list. The purpose for requesting access to these documents is to enable plaintiffs to determine the extent to which the disabled have been undercounted by the BHA because of its use of an illegal standard to identify disabled applicants and due to administrative error. From this information, plaintiffs will determine an approximate ratio of elderly to disabled on the July, 2004 waiting list.

On June 29, 2005, plaintiffs provided defendants' counsel with a list of names from that list for whom no documents have been provided that would permit a determination as to whether they were disabled. A copy of that list is attached as exhibit B, paragraph 2 of the attachment to email. To date, plaintiff has not been provided with

access to these files.

Plaintiff has also requested that defendants provide pre-applications and assignment of unit letters for each person who has been assigned a single bedroom unit by the defendant BHA since the fall. This information had been provided to plaintiffs as part of defendants' continuing obligation to provide documents pursuant to plaintiffs' earlier productions requests through in or about September, 2004. Then compliance stopped. See plaintiffs first two production requests, dated October 13 and 14, 2003, especially requests numbered 18 through 24, attached collectively as exhibit C. Note histories, which provide very little of the information requested by plaintiffs, have been provided. The documents containing the information sought by plaintiffs have not been provided to date.

Since defendants' objections to any of these requests have all been resolved long ago, and there is no dispute that plaintiffs' are entitled to these documents, defendants should be ordered to provide them immediately.

WHEREFORE, plaintiffs seek an order from this Court compelling defendants to provide to plaintiffs' counsel access to, or copies of the documents themselves, on or before July 25, 2005.

Respectfully submitted,

By _____
Alan Rosner, Esq. (Ct 10414)
1115 Main Street, Suite 415
Bridgeport, CT 06604
(203) 384-1245
Fax (203) 384-1246
Alanrosner@aol.com