UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVSZKY on behalf of himself and all other similarly situated<br><br>Plaintiff,<br><br>V.<br><br>HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, ET AL.<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:  CIVIL ACTION NO. 3:03 CV 968 (RNC)<br>:<br>:<br>:<br>:<br>:  AUGUST 24, 2007<br>: |

## MOTION FOR PROTECTIVE ORDER

The undersigned Defendants, Housing Authority of the City of Bridgeport (the "BHA"), et al, respectfully move this Court, pursuant to Fed. R. Civ. Proc. Rule 26 (c), to enter a protective order prohibiting the Plaintiffs in this matter from taking the deposition of Nicolas Calace, the Executive Director of the Defendant, BHA. Counsel for the Plaintiffs have noticed Mr. Calace's deposition for September 11, 2007. The stated purpose of the deposition of Mr. Calace is for the plaintiffs' counsel to determine if the BHA intends to settle the case or is "to subvert the negotiated agreement." Inasmuch as the stated purpose of this deposition is not to obtain discovery of matters relevant a claim or defense in this case, it is beyond the scope of permissible discovery and is solely intended to harass, annoy, embarrass, and/or oppress Defendants.

In support of this Motion, the Defendants represent the following:

The Plaintiffs in this case allege that the Defendant BHA discriminated against young disabled applicants and tenants for public housing in the City of Bridgeport by operating one of their housing sites as "elderly only" without approval from the United States Department of Housing and Urban Development, ("HUD"). The Plaintiffs contend that this housing site, the Fireside Apartment Complex (the "Fireside") should have been operated as an "elderly/disabled" site. The Plaintiffs also alleged that the BHA discriminated against disabled applicants in the applications process. These allegations have been denied by the Defendants.

Since approximately January of 2005, the parties have been involved in negotiations to enter into a Consent Decree to resolve the Plaintiffs' claims. In order for the BHA to enter into the Consent Decree, HUD must review and approve the terms of the decree. The parties reached an agreement on the material terms of the Consent Decree in October 2006 and the proposed Consent Decree was submitted to HUD shortly thereafter.

As part of the Consent Decree, the parties agreed that the BHA would assign units in a manner that favored disabled applicants until a certain ratio of disable to elderly tenants was reached. After HUD reviewed the proposed Consent Decree, they raised a concern that, given the way units were to be assigned at the Fireside, the BHA should implement a "site based waiting list." This is something the Plaintiffs' attorneys were adamantly opposed to.

After further communication with HUD, they agreed to approve the Consent Decree without the "site based waiting lists." However, they required that language be included in the

Consent Decree that indicated the parties understanding that, by approving the Consent Decree, HUD was not relinquishing their authority to approve tenant assignment plans and to require modification of such plans if necessary for the fair and efficient administration of HUD programs. The Plaintiffs' attorneys have also expressed their objections to the inclusions of this language in the Consent Decree because they feel that it will allow HUD to modify the terms of the Consent Decree without seeking approval from the Court first.

The parties are continuing in efforts to resolve these issues with HUD and are in the process of scheduling a conference with Magistrate Judge Garfinkel to discuss these issues with a representative of HUD in an attempt to resolve them.

On or about August 9, 2007, Plaintiffs' counsel served a Notice of Deposition to depose Nicholas Calace, the current Executive Director of the BHA. The notice contains a request for the production of documents. A copy of the Notice of Deposition is attached hereto.

In a letter to the Court dated August 9, 2007, regarding the dismissal of a companion matter, <u>Montes v. Housing Authority of the City of Bridgeport et al.</u> 3:04 CV 1 (RNC), Plaintiffs' counsel stated the following:

> Plaintiffs, therefore, are in the process of taking steps to either affirm the negotiated consent decree or to bring these cases to a swift resolution. First, plaintiffs are preparing to file a motion for summary judgment. Secondly, plaintiffs intend to depose the Executive Director of the Bridgeport Housing Authority, to determine if the BHA intends to honor the agreement it negotiated and whether the BHA has taken steps to subvert the negotiated agreement. Plaintiffs will make certain, limited document production requests and will put the BHA and HUD on notice of their duty to preserve all electronic documents,

including e-mails, relevant to the consent decree, its negotiations, and HUD's review of the decree.

A copy of Attorney Rosner's letter is attached hereto.

Fed. R. Civ. Pro. Rule 26 (b) states in relevant part:

**(b) Discovery Scope and Limits.**

Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) *In General.* Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

Inasmuch as the purpose of the deposition of Mr. Calace, as stated by Attorney Rosner, is not to seeking information relevant to a claim or defense in the matter but rather is only for the purpose of determining the BHA's intent to settle the case and their communications with HUD during the negotiation and review process, the information sought is not related to any claim or defense in this matter and is beyond the scope of permissible discovery as set forth in the Federal Rules of Civil Procedure. The only purpose is to annoy, harass, embarrass the BHA and subject Mr. Calace to undue burden by having to take time away from his duties in running the largest public housing authority in the State of Connecticut.

Accordingly, the Defendants respectfully move this Court to enter an order prohibiting the deposition of Mr. Calace from going forward as notice by plaintiffs' counsel.

A Certificate of Good Faith is attached hereto.

                                    THE DEFENDANTS,
                                    HOUSING AUTHORITY OF THE CITY OF
                                    BRIDGEPORT

                                    By: /s/ James A. Mahar
                                    James A. Mahar, Esq., (CT 21854)
                                    Ryan, Ryan, Johnson & Deluca, LLP
                                    707 Summer Street
                                    Stamford, CT  06901
                                    Phone No. 203-357-9200

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2007, a copy of the above was mailed to the following counsel and pro se parties of record:

Alan Rosner, Esq.
Law Offices of Alan Rosner
1115 Main Street, Suite 415
Bridgeport, CT 06604
Attorney for Plaintiff, Thomas Matyasovszky, on Behalf of Plaintiff Class

Lori Welch-Rubin, Esq.
Welch-Rubin and Jacobs
129 Whitney Avenue
New Haven, CT 06511
Attorney for Plaintiff, Thomas Matyasovszky

_____
James A. Mahar, Esq.

I:\Procases\1742.007\motion for protective order.wpd
1742.007

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS MATYASOVSZKY on behalf of himself and all other similarly situated | : : : : | |
| Plaintiff, | : : | |
| V. | : : | CIVIL ACTION NO. 3:03 CV 968 (RNC) |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, ET AL. | : : : : | AUGUST 24, 2007 |
| Defendants. | : | |

### CERTIFICATE OF GOOD FAITH ATTEMPT TO RESOLVE DISPUTE

This is to certify that the undersigned counsel for the Defendants, Housing Authority of the City of Bridgeport, et al, participated in a telephone conference with Attorney Alan Rosner, who represents the Plaintiffs in this matter in an attempt to resolve the Defendants' objection to the deposition of Nicholas Calace and the Defendants' objections to the production requests served therewith. The parties were not able to reach an agreement with respect to the deposition and the production requests.

THE DEFENDANTS,
HOUSING AUTHORITY OF THE CITY OF
BRIDGEPORT

By: /s/ James A. Mahar
James A. Mahar, Esq., (CT 21854)
Ryan, Ryan, Johnson & Deluca, LLP
707 Summer Street
Stamford, CT  06901
Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2007, a copy of the above was mailed to the following counsel and pro se parties of record:

Alan Rosner, Esq.
Law Offices of Alan Rosner
1115 Main Street, Suite 415
Bridgeport, CT 06604
Attorney for Plaintiff, Thomas Matyasovszky, on Behalf of Plaintiff Class

Lori Welch-Rubin, Esq.
Welch-Rubin and Jacobs
129 Whitney Avenue
New Haven, CT 06511
Attorney for Plaintiff, Thomas Matyasovszky

James A. Mahar, Esq.

I:\Procases\1742.007\Certificate of Good Faith.wpd
1742.007

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS MATYASOVSZKY ET AL., on behalf :
of themselves and all others similarly situated, :
: CIVIL ACTION NO.
Plaintiff, : 3:03 CV 968 (RNC)
V. :
:
HOUSING AUTHORITY OF THE CITY OF :
BRIDGEPORT ET AL. : AUGUST 9, 2007
:
Defendants. :

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that pursuant to Fed.R.Civ.P. 30, plaintiffs notify the parties that they intend to take the deposition upon oral examination of NICHOLAS CALACE, in connection with the above encaptioned matter, on TUESDAY, SEPTEMBER 11, 2007, at 9:30 a.m., at the law offices of Alan Rosner, 1115 Main Street, Suite 415, Bridgeport, Connecticut, before a notary public or other competent authority. This deposition will continue from day to day until completed. The examination will be recorded by stenographic means. You are invited to attend and examine.

Pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, Nicholas Calace is directed to bring with him to the deposition the following documents:

1. All documents stored electronically, excluding any document protected by the attorney-client privilege, but including email, memoranda, correspondence, records, and other documents referring to and concerning (a) the negotiation of a consent decree in the above encaptioned action and (b) site based wait lists and all other matters related to tenant assignment plans and their modification from January 1, 2005 to the present.

2. BHA Annual Administrative Plans, including all exhibits to the plans, submitted to the U.S. Department of Housing and Urban Development ("HUD") in 2005, 2006 and 2007.

3. Any five year plan that has been submitted by the BHA to HUD since January 1, 2005 to the present.

4. All documents related to and concerning (a) any request made by the BHA to HUD for authorization or approval to institute site based waiting lists for any BHA owned property and (b) related to and concerning all other matters related to site based wait lists, tenant assignment plans, forms used in the application and apartment assignment process, and their modification from January 1, 2005 to the present.

5. All documents received from or sent to James Woods regarding the implementation of the rotation of assignments of apartments at the Fireside apartment complex.

6. All documents from which James Woods or anyone under his supervision selects the next tenant to receive an apartment at Fireside in accordance with the rotation negotiated under the consent decree currently under review at the U.S. Department of Housing and Urban Development, and all documents used by James Woods to assist in such selection of the next tenant.

7. All minutes of the BHA's Disability Advisory Committee from its inception to the present, including minutes from its meeting held in July, 2007.

                THE PLAINTIFFS,

BY _____
     Alan Rosner, Esq. (CT 10414)
     1115 Main Street, Suite 415
     Bridgeport, CT 06604
     (203) 384-1245, fax 384-1245
     Alanrosner@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by certified mail return receipt requested and by fax on this 9th day of August, 2007 upon:

Michael Ryan, Esq.
James Mahar, Esq.
Ryan Ryan Johnson & Deluca, LLP
707 Summer Street
Stamford, CT 06901
Fax: (203) 357-7915

Lori Welch-Rubin, Esq.
129 Whitney Avenue
New Haven, CT 06510
Fax: (203) 772-2994


_____
Alan Rosner

**ALAN ROSNER**
ATTORNEY AT LAW
1115 MAIN STREET, SUITE 415
BRIDGEPORT, CT 06604

ADMITTED IN
CONNECTICUT
NEW YORK

TELEPHONE 203/384-1245
FAX 203/384-1246
E-MAIL: ALANROSNER@AOL.COM

August 9, 2007

Hon. Robert N. Chatigny
U.S. District Court
450 Main Street
Hartford, CT 06103

Re: <u>Montes v. Housing Authority of the City of Bridgeport et al.</u>
    Docket No. 3:04CV1 (RNC)
    Notice to Counsel: Rule 41(a)

Dear Judge Chatigny:

    I am counsel for the plaintiff in the above referenced action and co-counsel, with Attorney Lori Welch-Rubin, in a class action entitled <u>Matyasovszky v. Housing Authority of the City of Bridgeport</u>, Docket No. 3:03CV968 (RNC). I submit this letter in response to your Notice to Counsel requiring an explanation as to why this action should not be dismissed under Rule 41(a).
    For over two years, counsel in the <u>Matysovszky</u> and <u>Montes</u> cases negotiated the terms of a consent decree with the assistance of Magistrate Garfinkel. Both cases are concerned with a long historical record of steering disabled applicants away from a particular housing development known as Fireside, which is owned and operated by the Bridgeport Housing Authority. Since Ms. Montes is a member of the class certified in <u>Matyasovszky</u>, her case was negotiated and settled as part of the same decree. The final terms of the decree were agreed upon in or about October, 2006, and the entire agreement, including revised forms to implement its provisions, was submitted to the U.S. Department of Housing and Urban Development in November, 2006.
    After seven months of review, HUD informed counsel for the BHA that it would required a site based wait list for Fireside. Since site based wait lists have historically been associated with steering, and since plaintiffs' counsel felt they presented such a danger in the case of the BHA, plaintiffs had rejected the concept of a site based wait list when it was first raised in negotiations by the BHA in or about June, 2005. The issue was laid to rest in June, 2005, only to be raised again by HUD in June, 2007. HUD also insists upon language in the decree that reserves for itself the right, in its sole discretion, to approve tenant assignment

plans and to require modification of such plans if necessary for what HUD considers to be the fair and efficient administration of HUD programs. With such language in the decree, HUD would have the authority, without court review, to change the most important provisions of injunctive relief contained in the decree.

It appears to plaintiffs that HUD is attempting to implement, through its ability to block approval of the decree, settlement demands made by the BHA and rejected by the plaintiffs in June, 2005. Plaintiffs are also concerned that the BHA has prepared for these changes by dramatically changing its annual administrative plan, submitted to and approved by HUD, to provide for, among other things, site based wait lists at "certain properties." These changes in the administrative plan further heighten plaintiffs' concerns that while the BHA was negotiating a consent decree, it was also working to undermine important provisions of that decree having to do with tenant assignments of housing units.

On July 27, 2007, the undersigned sent an email to BHA's counsel expressing plaintiffs' concerns and asking that the BHA explain why plaintiffs' concerns should be considered unfounded. A copy of that email is attached to this letter. To date, plaintiffs have not received a response to their email.

Plaintiffs, therefore, are in the process of taking steps to either affirm the negotiated consent decree or to bring these cases to a swift resolution. First, plaintiffs are preparing to file a motion for summary judgment. Secondly, plaintiffs intend to depose the Executive Director of the Bridgeport Housing Authority, to determine if the BHA intends to honor the agreement it negotiated and whether the BHA has taken steps to subvert the negotiated agreement. Plaintiffs will make certain, limited document production requests and will put the BHA and HUD on notice of their duty to preserve all electronic documents, including emails, relevant to the consent decree, its negotiation, and HUD's review of the decree.

      Based on the foregoing, counsel for Ms. Montes respectfully request that <u>Montes v. Housing Authority</u> not be dismissed and that plaintiff be afforded the opportunity to either settle her case in the context of <u>Matyasovszky</u> or seek a decision on the merits.

      Thank you for your consideration.

Very truly yours,

*[signature]*

Alan Rosner


I hereby certify that a copy of the foregoing has been sent by regular first class mail postage prepaid on this date to James Mahar, Esq., and Michael Ryan, Esq., Ryan Ryan Johnson and Deluca, 80 Fourth Street, P.O. Box 3057, Stamford, CT 06905 and by email to <u>jamahar@RRJD-LAW.com</u> and to <u>MTRyan@RRJD-LAW.com</u>.

*[signature]*

Alan Rosner