UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVSZKY, LINDA DEDRICK, JOSEPH PELLECHIO, SANDRA PELLECHIO, KENNETH GIHON, JOHN NELSON, JR., on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>V.<br><br>HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, COLLIN VICE, JUDITH GROF-TISZA and JONAS DEGUZMAN,<br>Defendants. | : <br>: <br>: CASE NO. 3:03 CV 968 (WIG)<br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: OCTOBER 8, 2007<br>: <br>: |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, SETTING FAIRNESS HEARING AND APPROVING NOTICE TO CLASS REGARDING FAIRNESS HEARING**

Upon review and consideration of the Consent Decree between plaintiffs and class representatives Thomas Matyasovszky, Linda Dedrick, Joseph Pellechio, Sandra Pellechio, Kenneth Gihon, and John Nelson, Jr. ("Plaintiffs") and defendants Housing Authority of the City of Bridgeport ("BHA"), Collin Vice, Judith Grof-Tisza, and Jonas DeGuzman ("Defendants"), and good cause appearing therefor, this Court hereby finds and orders as follows:

1. The terms of the Consent Decree filed by the parties, and the settlement provided for therein, are approved preliminarily as fair, reasonable and adequate to the class certified by the Court in its order dated January 7, 2005 as amended herein, subject to further consideration thereof at the fairness hearing described in paragraph 6 of this Order.

**Notice of Proposed Settlement**

2. The Notice of Proposed Settlement Form, in the form attached hereto as Exhibit A, is

approved. The Notice of Hearing attached shall be considered to be an order of the Court, and the dates set forth therein shall govern this case and the Class, unless otherwise modified.

3. Within 30 days of entry of this Order, defendant BHA shall mail the approved Notice of Hearing to absent Class Members by first class mail postage prepaid, in envelopes marked with the return address of the BHA, notifying them of the terms of the proposed settlement and the date and time set for this Court's hearing on the fairness of the Consent Decree (the "Fairness Hearing") pursuant to Rule 23(e)(B) and (C) of the Federal Rules of Civil Procedure.

4. Prior to the Fairness Hearing, Plaintiffs and Defendants shall serve and file a declaration evidencing compliance with the provisions of this Order concerning the delivery and service of the Notice of Hearing.

5. The Plaintiffs shall cause a "Summary Notice" to be published in three newspapers serving the greater Bridgeport area, one of which shall be the Connecticut Post, and another newspaper being a prominent Spanish language newspaper. The "Summary Notice" shall appear in the Connecticut Post and one other English language newspaper on at least one Sunday during the four weeks subsequent to the Court's granting of the Motion for Preliminary Approval and in the Spanish language newspaper on two Sundays during four weeks subsequent to the Court's granting of the Motion for Preliminary Approval. The Summary Notice shall contain a summary of the terms of the Notice of Proposed Settlement and information regarding the locations where potential Class Members may obtain additional information about the lawsuit and copies of the Notice of Proposed Settlement and the Claim Form.

6. The Plaintiffs shall also deliver copies of the Notice of Proposed Settlement and the Claim Form to the Executive Director or other appropriate managerial person at

the social service and legal organizations listed in Paragraph 24 of the Consent Decree and any other agencies in the discretion of Plaintiffs.

7. The Defendants shall post a copy of the Notice of Proposed Settlement at the Resident Selection Office and at its Administrative Offices. The Defendant BHA shall also post a link on its Website to a copy of the Claim Form and a summary of the terms of the proposed Consent Decree.

**Consideration of Final Approval of Settlement**

8. The Fairness Hearing shall be held before this Court at 10:00 a.m. on November 26, 2007, in Courtroom \_\_\_\_ of the United States District Court for the District of Connecticut, located at 915 Lafayette Boulevard, Bridgeport, Connecticut 06604. At the Fairness Hearing, the Court will consider: the fairness, reasonableness, and adequacy of the proposed settlement; entry of any final order and consent decree in the case; the adequacy of the proposed class claim forms and procedure; Class counsel's motion for attorneys' fees and costs. The Fairness Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the class.

9. Any Class Member who wishes to do so may object and/or enter an appearance in the action at his or her own expense, individually or through counsel of his or her own choice, and be heard to the extent allowed by the Court in opposition to the fairness, reasonableness and adequacy of the settlement embodied in the Consent Decree, or to Plaintiffs' Motion for Award of Attorneys' Fees, by complying with the procedures set forth in the Notice of Proposed Settlement. Any Class Member who wishes to be heard by the Court shall provide a written statement to Plaintiff's attorney, Alan Rosner, at 1115 Main Street, Suite 415, Bridgeport, Connecticut 06604, no later than ten

(10) days before the hearing. Any Class Member who appears at the Fairness Hearing without filing a written statement will be heard by the Court in its discretion.

11. Members of the Class include: "All persons who 1) between October 19, 1999 and September 1, 2005, were disabled and under the age of 62 years when they applied for a one-bedroom unit of public housing with the BHA and were assigned a one-bedroom unit of public housing at a BHA Complex other than the Fireside Apartment Complex; or 2) between October 19, 1999 and September 1, 2005, were disabled and under the age of 62 years when they applied for a one-bedroom unit of public housing with the BHA and whose application or pre-application was purged or withdrawn from the BHA waiting list or who, for any reason, were not offered public housing, other than for certain criminal conduct; or 3) between October 19, 1999 and September 1, 2005, were disabled and under the age of 62 years when they applied for a one-bedroom unit of public housing with the BHA and are currently on the BHA waiting list; or 4) after October 19, 1999, were disabled and under the age of 62 years when they inquired about a unit at the Fireside Apartment Complex and were informed that they were not eligible to live at that complex because they were not old enough (under the age of 62 years; or 5) after October 1, 1999, were BHA residents, disabled and under the age of 62 years when they sought to transfer to a unit at the Fireside Apartment Complex and were denied because they were not old enough (under the age of 62 years).

**Other Provisions**

11. All other events contemplated under the Consent Decree to occur after this Order and before the Fairness Hearing shall be governed by the Consent Decree and the Notice of Hearing , to the extent not inconsistent herewith. Counsel for the parties shall take such further actions are required under the Consent Decree.

12. The parties to the Consent Decree shall be authorized to make non-material changes to the Notice of Hearing so long as counsel for the parties agree and one of the parties files a notice thereof with the Court prior to the Fairness Hearing.

13. If final approval of the Consent Decree does not occur, or if the settlement is terminated for any reason whatsoever, the Consent Decree and all proceedings had in connection therewith shall be without prejudice to the rights of the parties to the action before the Consent Decree was executed, and all orders issued pursuant to the Consent Decree shall be vacated.

14. The Court previously considered the qualifications of Attorney Alan Rosner and Attorney Jennifer Vickery in connection with the Plaintiffs' Motion for Class Certification, pursuant to Fed.R.Civ.P. 23(g). Subsequent to issuing the Ruling on Plaintiffs' Motion for Class Certification, Attorney Vickery withdrew her appearance. The Court considered the qualifications of Lori Welch-Rubin, pursuant to Fed.R.Civ.P. 23(g), in granting the Motion for Order Substituting Lori Welch-Rubin as Co-Counsel for Plaintiffs. The Court finds that Attorneys Alan Rosner and Lori Welch-Rubin have been acting as Class Counsel and have 1) performed adequate work to identify and investigate potential claims in this action; are experienced in handling complex litigation and claims of the type asserted in this action; 3) have adequate knowledge of the applicable law; and 4) have sufficient resources available to prosecute this action. The Court appoints Attorney Alan Rosner as class counsel retroactive to January 5, 2005 and appoints Attorney Lori Welch-Rubin as co-class counsel retroactive to January 15, 2005.

Dated: September , 2007

_____
Hon. William I. Garfinkel
United States District Magistrate Judge