United States District Court
District of Connecticut
FILED AT BRIDGEPORT
10/12/07
Roberta D. Tabora, Clerk
By W. Cardle
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVSZKY, LINDA DEDRICK, JOSEPH PELLECHIO, SANDRA PELLECHIO, KENNETH GIHON, JOHN NELSON, JR., on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>V.<br><br>HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, COLLIN VICE, JUDITH GROF-TISZA and JONAS DEGUZMAN,<br>Defendants. | : CASE NO. 3:03 CV 968 (WIG)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: OCTOBER 11, 2007<br>:<br>: |

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
SETTING FAIRNESS HEARING AND APPROVING NOTICE
TO CLASS REGARDING FAIRNESS HEARING

Upon review and consideration of the Consent Decree between plaintiffs and class representatives Thomas Matyasovszky, Linda Dedrick, Joseph Pellechio, Sandra Pellechio, Kenneth Gihon, and John Nelson, Jr. ("Plaintiffs") and defendants Housing Authority of the City of Bridgeport ("BHA"), Collin Vice, Judith Grof-Tisza, and Jonas DeGuzman ("Defendants"), and good cause appearing therefor, this Court hereby finds and orders as follows:

1. The terms of the Consent Decree filed by the parties, and the settlement provided for therein, are approved preliminarily as fair, reasonable and adequate to the class certified by the Court in its order dated January 7, 2005 as amended herein, subject to further consideration thereof at the fairness hearing described in paragraph 6 of this Order.

**Notice of Proposed Settlement**

2. The Notice of Proposed Settlement Form, in the form attached hereto as Exhibit A, is

approved. The Notice of Hearing attached shall be considered to be an order of the Court, and the dates set forth therein shall govern this case and the Class, unless otherwise modified.

3. Within 30 days of entry of this Order, defendant BHA shall mail the approved Notice of Hearing to absent Class Members by first class mail postage prepaid, in envelopes marked with the return address of the BHA, notifying them of the terms of the proposed settlement and the date and time set for this Court's hearing on the fairness of the Consent Decree (the "Fairness Hearing") pursuant to Rule 23(e)(B) and (C) of the Federal Rules of Civil Procedure.

4. Prior to the Fairness Hearing, Plaintiffs and Defendants shall serve and file a declaration evidencing compliance with the provisions of this Order concerning the delivery and service of the Notice of Hearing.

5. The Plaintiffs shall cause a "Summary Notice" to be published in three newspapers serving the greater Bridgeport area, one of which shall be the Connecticut Post, and another newspaper being a prominent Spanish language newspaper. The "Summary Notice" shall appear in the Connecticut Post and one other English language newspaper on at least one Sunday during the four weeks subsequent to the Court's granting of the Motion for Preliminary Approval and in the Spanish language newspaper on two Sundays during four weeks subsequent to the Court's granting of the Motion for Preliminary Approval. The Summary Notice shall contain a summary of the terms of the Notice of Proposed Settlement and information regarding the locations where potential Class Members may obtain additional information about the lawsuit and copies of the Notice of Proposed Settlement and the Claim Form.

6. The Plaintiffs shall also deliver copies of the Notice of Proposed Settlement and the Claim Form to the Executive Director or other appropriate managerial person at

the social service and legal organizations listed in Paragraph 24 of the Consent Decree and any other agencies in the discretion of Plaintiffs.

7. The Defendants shall post a copy of the Notice of Proposed Settlement at the Resident Selection Office and at its Administrative Offices. The Defendant BHA shall also post a link on its Website to a copy of the Claim Form and a summary of the terms of the proposed Consent Decree.

**Consideration of Final Approval of Settlement**

8. The Fairness Hearing shall be held before this Court at ~~10:00~~ 1:30 p.m. on ~~November 26~~ Monday, December 3, 2007, in Courtroom ~~~~ 435 of the United States District Court for the District of Connecticut, located at 915 Lafayette Boulevard, Bridgeport, Connecticut 06604. At the Fairness Hearing, the Court will consider: the fairness, reasonableness, and adequacy of the proposed settlement; entry of any final order and consent decree in the case; the adequacy of the proposed class claim forms and procedure; Class counsel's motion for attorneys' fees and costs. The Fairness Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the class.

9. Any Class Member who wishes to do so may object and/or enter an appearance in the action at his or her own expense, individually or through counsel of his or her own choice, and be heard to the extent allowed by the Court in opposition to the fairness, reasonableness and adequacy of the settlement embodied in the Consent Decree, or to Plaintiffs' Motion for Award of Attorneys' Fees, by complying with the procedures set forth in the Notice of Proposed Settlement. Any Class Member who wishes to be heard by the Court shall provide a written statement to Plaintiff's attorney, Alan Rosner, at 1115 Main Street, Suite 415, Bridgeport, Connecticut 06604, no later than ten

(10) days before the hearing. Any Class Member who appears at the Fairness Hearing without filing a written statement will be heard by the Court in its discretion.

11. Members of the Class include: "All persons who 1) between October 19, 1999 and September 1, 2005, were disabled and under the age of 62 years when they applied for a one-bedroom unit of public housing with the BHA and were assigned a one-bedroom unit of public housing at a BHA Complex other than the Fireside Apartment Complex; or 2) between October 19, 1999 and September 1, 2005, were disabled and under the age of 62 years when they applied for a one-bedroom unit of public housing with the BHA and whose application or pre-application was purged or withdrawn from the BHA waiting list or who, for any reason, were not offered public housing, other than for certain criminal conduct; or 3) between October 19, 1999 and September 1, 2005, were disabled and under the age of 62 years when they applied for a one-bedroom unit of public housing with the BHA and are currently on the BHA waiting list; or 4) after October 19, 1999, were disabled and under the age of 62 years when they inquired about a unit at the Fireside Apartment Complex and were informed that they were not eligible to live at that complex because they were not old enough (under the age of 62 years; or 5) after October 1, 1999, were BHA residents, disabled and under the age of 62 years when they sought to transfer to a unit at the Fireside Apartment Complex and were denied because they were not old enough (under the age of 62 years).

**Other Provisions**

11. All other events contemplated under the Consent Decree to occur after this Order and before the Fairness Hearing shall be governed by the Consent Decree and the Notice of Hearing , to the extent not inconsistent herewith. Counsel for the parties shall take such further actions are required under the Consent Decree.

12. The parties to the Consent Decree shall be authorized to make non-material changes to the Notice of Hearing so long as counsel for the parties agree and one of the parties files a notice thereof with the Court prior to the Fairness Hearing.

13. If final approval of the Consent Decree does not occur, or if the settlement is terminated for any reason whatsoever, the Consent Decree and all proceedings had in connection therewith shall be without prejudice to the rights of the parties to the action before the Consent Decree was executed, and all orders issued pursuant to the Consent Decree shall be vacated.

14. The Court previously considered the qualifications of Attorney Alan Rosner and Attorney Jennifer Vickery in connection with the Plaintiffs' Motion for Class Certification, pursuant to Fed.R.Civ.P. 23(g). Subsequent to issuing the Ruling on Plaintiffs' Motion for Class Certification, Attorney Vickery withdrew her appearance. The Court considered the qualifications of Lori Welch-Rubin, pursuant to Fed.R.Civ.P. 23(g), in granting the Motion for Order Substituting Lori Welch-Rubin as Co-Counsel for Plaintiffs. The Court finds that Attorneys Alan Rosner and Lori Welch-Rubin have been acting as Class Counsel and have 1) performed adequate work to identify and investigate potential claims in this action; are experienced in handling complex litigation and claims of the type asserted in this action; 3) have adequate knowledge of the applicable law; and 4) have sufficient resources available to prosecute this action. The Court appoints Attorney Alan Rosner as class counsel retroactive to January 5, 2005 and appoints Attorney Lori Welch-Rubin as co-class counsel retroactive to January 15, 2005.

15. The Clerk's Office is directed to docket the attached Consent Decree submitted by the parties as a Proposed Consent Decree.

SO ORDERED, this __11th__ day of October, 2007, at Bridgeport, Connecticut.

WILLIAM I. GARFINKEL
United States Magistrate Judge

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATYASOVSZKY, LINDA DEDRICK JOSEPH PELLECHIO, SANDRA PELLECHIO, KENNETH GIHON, JOHN NELSON, JR. on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br><br>v<br><br>HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, COLLIN VICE, JUDITH GROF-TISZA, JONAS DEGUZMAN<br>Defendants. | : CASE NO.<br>: 3:03 CV 968 (WIG)<br>:<br>: NOTICE OF<br>: PROPOSED<br>: SETTLEMENT OF<br>: CLASS ACTION<br>:Version 9/11/07<br>Hearing:<br>  Date: December 3, 2007<br>  Time: ~~10:00 a.m.~~ 1:30 p.m.<br>  Room: Courtroom of the Hon. William I. Garfinkel, 915 Lafayette Blvd, Bridgeport |

### IMPORTANT NOTICE - PLEASE READ CAREFULLY

(Para obtener informacion en enspanol, llame 203-384-1245)

TO: ALL PERSONS WITH DISABILITIES WHO WERE UNDER THE AGE OF 62 YEARS WHEN THEY: 1) APPLIED FOR A ONE-BEDROOM UNIT OF PUBLIC HOUSING WITH THE BHA AND WERE NOT ASSIGNED A UNIT AT THE FIRESIDE APARTMENT COMPLEX; OR 2) INQUIRED ABOUT A

1

UNIT AT THE FIRESIDE APARTMENT COMPLEX; OR 3) AS BHA RESIDENTS, SOUGHT TO TRANSFER TO A UNIT AT THE FIRESIDE APARTMENT COMPLEX; AND WHO WERE SUBJECTED TO THE ALLEGEDLY DISCRIMINATORY POLICIES AND PRACTICES OF THE BHA ON THE BASIS OF THEIR DISABILITIES AFTER OCTOBER 19, 1999 AS DESCRIBED IN THIS NOTICE.

THIS NOTICE GIVES YOU INFORMATION ABOUT A PROPOSED CLASS ACTION SETTLEMENT REFERRED TO IN THIS NOTICE AS THE "CONSENT DECREE."

THE NOTICE ALSO PROVIDES YOU WITH INFORMATION ABOUT HOW TO MAKE A CLAIM FOR A MONEY AWARD THAT YOU MAY BE ENTITLED TO UNDER THE CONSENT DECREE.

IF YOU BELIEVE YOU ARE ENTITLED TO A MONEY AWARD AFTER READING THIS NOTICE, YOU SHOULD COMPLETE THE ENCLOSED CLAIM FORM AND SUBMIT IT TO PLAINTIFFS' ATTORNEYS AS EXPLAINED IN THE ENCLOSED INSTRUCTIONS ATTACHED TO THE CLAIM FORM.

A hearing regarding a proposed settlement of this class action will be held on December 3, 2007 at 1:30 p.m., before the Honorable William I. Garfinkle, in Courtroom Number 435 of the United States District Court for the District of Connecticut, located at 915 Lafayette Boulevard, Bridgeport, Connecticut 06604. The hearing will be held to determine whether the proposed settlement, set forth in the Consent Decree, is fair, reasonable and adequate. If the proposed Consent Decree is approved by the Court, attorneys for the plaintiffs will review all claims for money awards made in the manner explained below.

THIS PROPOSED CONSENT DECREE IS VERY IMPORTANT TO YOU. PLEASE READ THIS CAREFULLY OR HAVE SOMEONE EXPLAIN IT TO YOU. It may affect your right to receive a money award for rights you had under Fair

2

Housing Laws when you contacted the Bridgeport Housing Authority to obtain an apartment. For disabled persons who are currently public housing tenants in a Bridgeport Housing Authority complex, it may affect your right to transfer to an apartment at the BHA's Fireside Apartment complex.

**If you do not like any part of this Consent Decree, you have the right to object to it. The Judge will consider all objections at a hearing, called a Fairness Hearing, which has been scheduled for December 3, 2007 at the courthouse at 915 Lafayette Boulevard, Bridgeport, Connecticut. At the hearing, the Judge will decide whether the Consent Decree is fair to you and the other people covered by it. If you file your objection in writing, you do not have to come to the hearing for the Judge to consider your objection. If you wish to speak to the Judge at the hearing, you should give a written statement to plaintiffs' attorney, Alan Rosner, at 1115 Main Street, Suite 415, Bridgeport, Connecticut 06604, no later than ten (10) days before the hearing. The statement must contain: (1) your name, address and phone number, and (2) a statement of the reason for your objection. If you come to the hearing without filing this written statement, the Judge will decide whether or not he will hear your objection. You do not have to have a lawyer to go to the hearing.**

If you do not go to the Fairness Hearing or object in writing, you will lose your right to complain about the Consent Decree. If the Judge approves the Consent Decree you will be covered by what it says. So, if you think the Consent Decree is unfair to you, submit a written objection or go to the hearing. If you think the Consent Decree is fair to you, you do not have to go to the Fairness Hearing or do anything else.

YOU SHOULD NOT CONTACT THE COURT ABOUT THIS NOTICE. IF YOU HAVE QUESTIONS, YOU SHOULD CALL 203-384-1245.

### 1. WHY DID I GET THIS NOTICE?

You have been identified as someone who either applied for a one-bedroom unit of public housing with the BHA, inquired about a public housing unit at the BHA's

3

Fireside Apartment Complex, or as a BHA tenant, sought a transfer to the Fireside Apartment Complex after October 19, 1999. If you took any one of these three actions, and were disabled and under the age of 62 years at the time you took such action, then you may be a "Class Member."

## 2. WHAT IS THIS CASE ABOUT?

The plaintiffs began this lawsuit in 2003 and alleged that the Bridgeport Housing Authority and the individuals who direct its operations were unlawfully excluding disabled applicants and BHA tenants seeking to transfer, from the 240 single bedroom apartments that comprise the Fireside Apartments complex. The plaintiffs alleged in their complaint that disabled persons under the age of 62 were incorrectly informed by BHA employees that they were not eligible to live at Fireside because they were not "elderly" or "seniors" or for similar reasons having to do with their age.

Fireside is an apartment complex that is funded by the United States Department of Housing and Urban Development ("HUD") to house both elderly (62 years of age and older) and disabled tenants. Under federal law, the BHA can exclude members of either group only if they have permission to do so from HUD. Under law, HUD may grant permission to exclude one or the other group only if the BHA makes alternative housing resources available to the excluded group. With respect to Fireside, the BHA has never sought nor have they obtained permission to exclude either elderly or disabled tenants from the complex.

The plaintiffs have claimed that Fireside has been operated as an "elderly only" complex and that such operation violates Fair Housing laws. They have commenced this action to obtain fair and equal access to Fireside for disabled applicants and tenants and to remedy alleged violations of the rights of the disabled in the past by means of money damages payments and by giving preference to the disabled in the distribution of apartments at Fireside until the ratio of disabled tenants to elderly tenants at Fireside is equivalent to the ratio of disabled to elderly on a recent BHA waiting list.

The attorneys for the plaintiff class and the defendants have reached an agreement

4

to settle this case, including plaintiffs' claims for injunctive relief, compensatory damages and attorneys' fees and costs. By settling this lawsuit, the defendants do not admit to any wrongdoing with regard to the claims made by the plaintiffs.

### 3. WHAT DOES THE CONSENT DECREE SAY?

Here is a summary of the proposed Consent Decree. The full Consent Decree can be reviewed at the following locations: Law Offices of Alan Rosner, 1115 Main Street, Suite 415, Bridgeport, CT 06604, Connecticut Legal Services, 211 State Street, Bridgeport, CT 06604, Mayor's Office for the Disabled, 44 Lyon Terrace, Bridgeport, CT 06604 and the BHA offices at 150 Highland Avenue, Bridgeport, CT 06604 or at BHA's Resident Selection Office located at 505 Trumbull Avenue, Bridgeport, Connecticut 06606. You need to decide whether you think the Proposed Settlement is fair to you. You should read the Proposed Settlement since that defines your rights in detail.

The settlement involves two forms of relief for the Class and funds for the administration of this settlement agreement, including money awards, attorneys' fees and costs:

A. CHANGES IN POLICY AND PRACTICE

1. The BHA has agreed that it shall not use age restrictions when determining the eligibility of disabled families for Senior/Disabled Housing units, such as those at Fireside and Harborview Towers. Therefore, under the settlement, a disabled applicant for public housing need not be "elderly" or a "senior" in order to receive an apartment at Fireside. The BHA will be required to provide notice in various forms to disabled applicants and tenants advising of their rights to occupy housing reserved for disabled and elderly families.

2. Under the proposed Consent Decree, the BHA will offer Fireside Units in accordance with a schedule that gives preference to disabled persons under the age of 62, until the ratio of Disabled Families to Elderly Families occupying units at Fireside

5

Apartment Complex is 2 to 1. This 2 to 1 ratio reflects the ratio of Disabled Families to Elderly Families who applied for public housing based on the composition of the BHA waiting list for July, 2004.

3. Disabled families who could have been assigned to Fireside when they first moved in to public housing or who were denied or discouraged from requesting the opportunity to transfer to Fireside because they were not 62 years of age or older, may request to be placed on a special Transfer Waiting List for future transfer to Fireside.

4. Under the terms of the proposed Consent Decree, the BHA has agreed to make other changes to their policies and practices regarding the way they process Pre-Applications, Applications and unit transfer requests of Disabled Families, as well as other injunctive relief. For the full provisions of the injunctive relief, please refer to the Consent Decree at the locations listed above.

B.   CASH PAYMENTS

There will be a cash settlement fund that will be created for the benefit of members of the class, other than the named plaintiffs in the lawsuit. The amount of the fund will be based on the number of authorized claimants, as approved by the Judge. The total amount to be paid to all authorized claimants will not exceed $387,000.00. If the amount of all authorized claims exceeds $387,000.00, then authorized claimants will be paid a fraction of the amount of all authorized claims. If the amount of all authorized claims is less than $387,000.00, then authorized claimants will receive an amount between $500.00 and $2000.00, depending on the category to which they belong.

C.   ADMINISTRATIVE COSTS, EXPENSES, COMPENSATION FOR PLAINTIFFS AND ATTORNEY'S FEES

Another Fund will be created in the amount of $413,000.00. This Fund will be used for the following purposes and in the indicated amounts.

1.   $ 48,000.00 as compensation to the named plaintiffs who commenced and

prosecuted this the lawsuit as class representatives for their participation in the lawsuit including investigation, attending depositions and court hearings, etc., as follows:

a) Thomas Matyasovszky, $9,000.00;
b) Judith Montes, $9,000.00;
c) Linda Dedrick, $9,000.00;
d) Sandra and Joseph Pellechio, a combined payment of $9,000.00;
e) Kenneth Gihon, $6,000.00;
f) John Nelson, $6,000.00.

Plaintiffs Montes, Dedrick, and Gihon have been assigned apartments at Fireside. The Pellechios have been granted a transfer to Fireside from another BHA complex.

2. Salary and expenses of a Claims Administrator to assist Class Counsel in publicizing the terms of this settlement agreement and the rights of class members, $40,000.00;

3. Costs incurred by Class Counsel in prosecuting this action (approximately $25,000.00) and attorneys' fees for prosecuting the lawsuit through court approval of the settlement agreement and its execution and enforcement after court approval (costs and fees total $325,000.00);

### 4. RELEASES

Upon approval of this proposed Consent Decree, each Class Member will **fully, finally and forever settle, release, relinquish, waive and discharge any and all claims they may have as Class Members against the Defendants and Released parties and** give up any right to sue the Defendants or the Released parties or anyone else related to the defendants, for claims based on alleged discrimination against disabled persons seeking housing at Fireside prior to court approval of the Consent Decree.

If approved, the proposed Consent Decree will result in a complete resolution of all issues and claims raised in this case. It will be binding on all plaintiff Class Members.

Additionally, anyone who files a Claim Form seeking a money award must sign a Release at the end of the Form which acknowledges that they waive their right to make any other claim for damages or other relief against the defendants and the Released Parties.

## 5. WHEN DOES THIS SETTLEMENT BECOME EFFECTIVE?

The Consent Decree must be approved by this Court to become effective. As stated above, the Court will determine whether to approve the settlement at a hearing on December 3, 2007, at 1:30 p.m. in Courtroom 135 of the United States District Court for the District of Connecticut, located at 915 Lafayette Boulevard, Bridgeport, Connecticut 06604. Any plaintiff Class Member may attend the hearing.

## 6. BENEFITS TO THE CLASS

The attorneys for the plaintiff class believe that this settlement is fair, reasonable, and in the best interests of the class. Defendants agreed to pay the class a substantial settlement and to substantially change their policies and practices regarding the processing of applications submitted by disabled families and the assignment of apartments to Fireside. The attorneys for the class believe that it is appropriate to trade the possibility of a larger money recovery at trial for the immediate implementation of application processing and apartment assignment procedures and the payment of the amounts offered.

## 7. YOUR CORRECT ADDRESS

If you move after receiving this Notice or if it was misaddressed, you should **immediately** send a letter with your correct address and phone number to:

Alan Rosner, Esq.

1115 Main Street, Suite 415
Bridgeport, CT 06604

## 8. WHAT IF THE SETTLEMENT IS NOT APPROVED?

If the Consent Decree is not approved by the Court as being fair, reasonable, and adequate, the Consent Decree will be null and void and the parties will proceed with their lawsuit.

However, every person who believes that they are eligible for a money award, should complete the Claim Form enclosed with this Notice and submit it in the manner described in the Instructions to the Claim Form. If you are not going to attend the Fairness Hearing but want to know if the Consent Decree was approved by the Court before you complete and submit a Claim Form, you may contact plaintiffs' counsel at the Law Office of Alan Rosner, 1115 Main Street, Suite 415, Bridgeport, CT 06604; telephone: (203) 384-1245; Fax: (203) 384-1246; Email: alanrosner@aol.com. on or after December 3, 2007 to find out.

## 9. WHERE CAN I GET MORE INFORMATION?

The pleadings and other papers filed in this lawsuit are available for inspection at the office of the Clerk of the Court of the United States District Court for the District of Connecticut located at 915 Lafayette Boulevard, Bridgeport, Connecticut 06604.

If you have any questions, you or your attorney may contact the attorneys for the plaintiff class.

A copy of the proposed Consent Decree can be obtained by writing to the attorneys for the plaintiff class.

9

**Attorneys for the plaintiff class:**
Alan Rosner, Esq.
1115 Main Street, Suite 415
Bridgeport, CT 06604
(203) 384-1245

Lori Welch-Rubin, Esq.
129 Whitney Avenue
New Haven, CT 06511
(203) 772-6680

10