# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS MATYASOVSZKY et al., on behalf of themselves and all others similarly situated, | : : | |
| Plaintiffs, | : : | CASE NO. 3:03CV968 (WIG) |
| V. | : : | |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT et al. | : : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JUDITH MONTES, | : | |
| Plaintiff, | : | |
| V. | : : | CASE NO. 3:04CV1 (WIG) |
| HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, et al. | : : | November 29, 2007 |
| Defendants. | : | |

## AFFIDAVIT IN SUPPORT OF MOTION FOR ALLOWANCE OF ATTORNEYS' FEES AND COSTS

_____Alan Rosner, being duly sworn, deposes and says:

1. I am counsel for the plaintiff class, along with Lori Welch-Rubin, Esq., in the above-referenced class action. Attorney Jennifer Vickery previously had been appointed class co-counsel in this case but has withdrawn her representation. I submit this affidavit in support of the application of plaintiff's class counsel for allowance of fees and

reimbursement of expenses in this action.

    2. This action was commenced in May, 2003 and, since that time, has been continuously active as shown by the court file herein. The action has been settled, subject to the court's approval at a fairness hearing, scheduled for December 3, 2007, for which due notice has been given, pursuant to a Consent Decree. Under paragraphs 9U and 105 - 108 of the Consent Decree, the parties have agreed that plaintiffs' counsel shall be compensated and reimbursed for their fees and expenses in the amount not to exceed $325,000.00. This number was arrived at by reviewing the hours that had already been expended by plaintiffs' counsel prior to negotiations and by reviewing funds advanced by plaintiffs' counsel for expenses at that point. Counsel for the parties also estimated the number of hours that would need to be spent to implement the terms of the Consent Decree. Settlement negotiations occurred over a period of nearly three years, and an estimate of time expended during this period is also provided.

    3. Based on these facts and the showing made herein, it is submitted that an allowance of attorney fees and costs in the amount of $325,000.00 would be reasonable, and is accordingly requested herewith.

    4. Economic benefit of settlement to class. Under the terms of the Consent Decree, the plaintiff class will receive compensation for damages for past discrimination

in amounts ranging from $500.00 to $2000.00, depending on the sub-category of the class to which they are a member.  Class representatives are receiving payments in amounts ranging from $6000.0 to $9000.00 reflecting the time and expense they invested in prosecuting this action.

     5.  Time Expended by counsel.  This action was filed on or about May 16, 2003.  Negotiations to settle this action began in or about December, 2004.  During the period from the commencement of the action to the commencement of negotiations, counsel for plaintiffs expended no less than 700 hours reviewing thousands of BHA tenant files, researching statutes, federal regulations, rules, and caselaw, conducting discovery, including either conducting or defending ten depositions, intervening five additional party plaintiffs, and preparing a motion for a preliminary injuction and supporting papers that included charts of assignments of new tenants to specific housing apartments based on their age and disability status.  During the period from December, 2004 through November, 2007, plaintiffs' counsel has expended approximately 400  hours in negotiating the provisions of what is now known as the Consent Decree.  This time was spent drafting provisions of the agreement or reviewing provisions proposed by defendants' counsel.  Numerous settlement conferences were held during this period in which the language of specific provisions was reviewed or during which specific

impediments were discussed, debated and ultimately resolved. In reaching a settlement during this period, plaintiffs' counsel also retained and consulted with an expert and had frequent interaction with the plaintiff class representatives. During the period of negotiations, plaintiffs also performed continuing discovery and individual review of files for tenants who were being assigned units while the action remained pending.

      6. A portion of the $325,000.00 number for fees and costs was attributed to hours spent by counsel implementing the Consent Decree. Notice to the class was provided in writing by mail and by publication in three local newspapers with the past ten days. Already, plaintiffs' counsel has received approximately 500 phone calls from possible class members. This type of volume greatly exceeds what the claims administrator can handle and has required plaintiffs' counsel to spend many hours answering the questions of a class of tenants having considerable difficulty understanding the nature of the action and their rights under the settlement. The undersigned anticipates that plaintiffs' counsel will expend a minimum of 500 hours, the assistance of the claims administrator notwithstanding, responding to class member inquiries, reviewing and determining the viability of claims filed by people maintaining they are class members, speaking to social services organizations who are being approached with questions about the settlement by their clients, providing notices to individuals whose claims have been determined, and

filing the requisite motions and supporting documentation with the court in furtherance of counsels' attempt to make payment of compensation to deserving class members. It is a certainty that other tasks, not presently forseen, but related to efforts to get notice out to deserving class members will cause the number of hours expended to increase. In this regard, and upon information and belief, over 700 written notices to potential class members delivered by the defendant BHA have been returned to the BHA as undeliverable. Thus, notice, to the extent it will actually be received by class members, will have to be provided by other, unconventional means at the discretion of plaintiffs' counsel.

      7. The total number of hours here given - 1600 hours - is a conservative estimate of the amount of time expended or to be expended in this case. Already, however, it is clear that the number of hours expended will produce an hourly rate of under $200.00 per hour, which, upon information and belief, is below any market rate that would be assigned to plaintiffs' co-counsel. Based on the economic benefits to the plaintiff class and the injunctive relief making heretofore unavailable housing units available to disabled applicants and tenants, the complexity of the legal and factual issues involved, the experience of counsel, and the amount of time spent litigating and settling this action, it is submitted that the requested amount of $325,000.00 for both fees and costs would be

reasonable.

8. Costs incurred have been computed to date to be $18,750.18. This includes payments made for two legal experts, one computer programming expert, deposition fees and other expenses. Additional costs attributable to special copying of documents, subpoena fees and other expenses will be added to the above figure and will bring the total amount of costs to approximately $23,000.00.

9. Accordingly, in the light of the facts presented and the entire record of this case it is respectfully requested that the court find the request of plaintiffs' counsel for legal fees and costs to be reasonable and allow fees and costs in the amount of $325,000.00.

Dated: November 29, 2007
      Bridgeport, CT

/s/_____
Alan Rosner

Subscribed and sworn to before me this 29th day of November, 2007.

/s/_____
Commissioner of the Superior Court

CERTIFICATION

_____I hereby certify that a copy of the foregoing has been served by regular first class mail and by email (MTRyan@rrjd-law.com and jamahar@rrjd-law.com) to Michael Ryan, Esq. and James Mahar, Esq. of Ryan Ryan Johnson and Deluca, LLP, 707 Summer Street, Stamford, CT 06901 on this 29th day of November, 2007.

/s/_____
Alan Rosner