United States District Court
District of Connecticut
FILED AT   BRIDGEPORT

12-3-_____ 2007
Roberta D. Tabora, Clerk
By _____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS MATYASOVSZKY on behalf :
of himself and all other :
similarly situated :
 :
 :
Plaintiff, :
 : CIVIL ACTION NO. 3:03 CV 968 (RNC)
V. :
 :
 :
HOUSING AUTHORITY OF THE CITY :
OF BRIDGEPORT, ET AL. :
 : DECEMBER 3, 2007
Defendants. :

## ORDER OF FINAL JUDGMENT OF DISMISSAL

WHEREAS, on October 11, 2007, the Court entered an order preliminarily approving the proposed settlement of this class action ("the Preliminary Approval Order"), as set forth in the Consent Decree filed October 12, 2007 (the "Consent Decree");

WHEREAS, the Preliminary Approval Order approved the form of the Notice of Settlement and directed that the Notice of Settlement be given to all Class Members of the settlement and of a hearing (the "Fairness Hearing") scheduled to determine whether the proposed settlement should be finally approved by the Court pursuant to Fed. R. Civ. P. 23(e) as fair, adequate and reasonable, and to determine whether and in what amount to grant Class Counsel's Motion for an award of attorney's fees, costs and expenses, and payments to the named Plaintiffs and the Intervening Plaintiffs for their claimed damages;

WHEREAS, on December 3, 2007, the Court held the Fairness Hearing; and

WHEREAS, the Court having considered all papers and matters submitted in conjunction with and at the Fairness Hearing including the objections raised by _— No written objections; concerns of individual members of class were noted and discussed at the hearing_ and it appearing that the Notice of Settlement substantially in the form approved by the Court was timely mailed as directed by the Court in the Preliminary Approval Order;

**THE COURT FINDS AS FOLLOWS:**

1     To the extent defined in the Consent Decree, previously filed with this Court, and incorporated by reference herein, the terms of the Order shall have the meanings set forth therein.

2.     The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties.

3.     The Court has approved the parties' proposed modification to the definition of the of the class in this action certified by the Court on January 7, 2005 as follows:

> All persons who: 1) between October 19, 1999 and September 1, 2005, were disabled and under the age of 62 years when they applied for a one-bedroom unit of public housing with the BHA and were assigned a one-bedroom unit of public housing at a BHA complex other than the Fireside Apartment Complex; or 2) between October 19, 1999 and September 1, 2005, were disabled and under the age of 62 years when they applied for a one-bedroom unit of public housing with the BHA and whose application or pre-application was purged or withdrawn from the BHA waiting list or who, for any reason, were not offered public housing, other than for certain criminal conduct; or 3) between October 19, 1999 and September 1, 2005, were disabled and under the age of 62 years when they applied for a one-bedroom unit of public housing with the BHA and are currently

on the BHA waiting list; or 4) after October 19, 1999, were disabled and under the age of 62 years when they inquired about a unit at the Fireside Apartment Complex and were informed that they were not eligible to live at that complex because they were not old enough (under the age of 62 years); or 5) after October 19, 1999, were BHA residents, disabled and under the age of 62 years when they sought to transfer to a unit at the Fireside Apartment Complex and were denied because they were not old enough (under the age of 62 years).

4. Notice of the proposed settlement was given to all Class Members who could be identified and located with reasonable effort and as well as by the publication of a summary notice in the *Connecticut Post*, another English language newspaper serving the greater Bridgeport area and a Spanish language newspaper serving the greater Bridgeport area. The form and method of notifying the Class of the pendency of the class action and the terms and conditions of the proposed Settlement constituted the best notice practicable under the circumstances, and met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law.

5. The settlement embodied in the Consent Decree is finally approved as fair, reasonable, and adequate, and the parties are directed to consummate the settlement in accordance with the terms and provisions of the Consent Decree.

6. The Complaints as identified in paragraph 2 of the Consent Decree, are dismissed with prejudice and without costs to any party, other than as specified in the Consent Decree and this Order.

7. Each Plaintiff and each Class Member is:

   a. conclusively deemed to have, fully, finally and forever settled, released, relinquished, waived and discharged the Defendants and the Released Parties from all Settled Claims arising out of or in connection with the institution, prosecution or assertion of the Complaints or any of the Settled Claims;

   b. conclusively deemed to have covenanted not to sue the Defendants or the Released Parties in any action or proceeding alleging any of the Settled Claims; and

   c. forever enjoined and barred from asserting any of the Settled Claims against any of the Defendants or the Released Parties in any action or proceeding alleging any of the Settled Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members now know or believe to be true with respect to this action and the Settled Claims, whether or not such Class Members have executed and delivered a Claim Form, whether or not such Class Members have filed an objection to the settlement embodied in the Consent Decree, or to the Motion for Award of Attorney's Fees, and whether or not the Claims of such Class Members have been approved or allowed.

8. All Plaintiffs and all Class Members are bound by the Release set forth above, whether or not they qualify as an Authorized Claimant.

9. Notwithstanding that the Plaintiffs' Counsel, Plaintiffs, or Class Members may hereinafter discover facts in addition to or different from those which they know or believe to be true with respect to the Settled Claims, which, if known by them, might have affected the decision to settle with the Defendants or the Released Parties, or to release, relinquish, waive and discharge the Settled Claims, or might have affected any decision of a Plaintiff or a Class Member not to object to the settlement embodied in the Consent Decree, upon entry of this Order of Final Judgment of Dismissal, each such Plaintiffs' Counsel, Plaintiff, and Class Member is deemed and does fully, finally and forever settle, release, relinquish, waive and discharge any and all Settled Claims or any claims, known or unknown, suspected or unsuspected, that may now exist, may hereafter exist, or may heretofore have existed, against the Defendants and Released Parties.

10. The Class Members and the Plaintiffs, with respect to the Settled Claims, are conclusively deemed to waive any and all provisions, rights and benefits conferred by Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Class Members and the Plaintiffs, with respect to the Settled Claims are conclusively deemed to waive any and all provisions, rights and benefits conferred by any law of any State or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

11. The Court finds that this Order of Final Judgment of Dismissal adjudicates all the claims, rights and liabilities of the Plaintiffs' Counsel, the Plaintiffs, Class Members and the Defendants and the Released Parties, and is final and shall be immediately appealable. Neither this Order of Final Judgment of Dismissal nor the Consent Decree shall be construed as an admission by the Defendants or the Released Parties of the truth of any allegations or the validity of any claim asserted in the Complaints, or of the Defendants' liability therefore, nor as a concession or an admission of any fault or omission of any act or failure to act, or of any statement, written document, or report heretofore issued, filed or made by the Defendants, nor shall the Consent Decree nor any papers related thereto and created for settlement purposes only, nor any of the terms of either, be offered or received as evidence in any civil, criminal, or administrative action or proceeding in any Court or tribunal against the Defendants, nor shall they be construed by anyone for any purpose whatsoever as an admission or presumption of any wrongdoing on the part of the Defendants, nor as an admission by any party to the Consent Decree that the consideration to be given thereunder represents the relief which could have been

recovered after trial. Nothing herein shall preclude the use of the Consent Decree in order to effectuate the consummation, enforcement, or modification of its terms.

12. The Court reserves jurisdiction, without affecting the finality of this Order of Final Judgment of Dismissal, over the following: (i) implementation of the Monetary Settlement and any award or distribution of the First Cash Settlement Amount or the Second Cash Settlement Amount; (ii) enforcing the Consent Decree, including any releases in connection therewith; (iii) implementation of the Injunctive Relief; and (iv) other matters related and ancillary to the foregoing.

13. The determinations, as reflected in the Class Distribution Order, by Plaintiffs' Counsel or the Claims Administrator as to (i) whether a Class Member is an Authorized Claimant; (ii) the sufficiency of the Claim of any Class Member; and (iii) the amount of that Claim are conclusive unless the member of the Class filed a timely application with the Court disputing the determination, provided that no such application may seek to modify the settlement embodied in the Consent Decree.

14. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out the provisions of the Consent Decree.

15. The Court finds that the payment from the First Cash Settlement Amount of claims administration fees to the Claims Administrator in an amount not to exceed Forty Thousand Dollars ($ 40,000.00) is reasonable and thereby approved. In the event that the fees,

expenses and costs of the Claims Administrator are less than Forty Thousand Dollars ($40,000.00) upon completion of the Claims Administrator's duties, then the balance will be distributed to the Connecticut Fair Housing Center.

16. The named Plaintiffs and the Intervening Plaintiffs are and at all times have been adequate representatives of the Class, including during the negotiations of the terms of the Consent Decree. The named Plaintiffs and the Intervening Plaintiffs shall receive the following amounts of money as compensation for their claimed damages, pursuant to the terms of the Consent Decree:

    a. Thomas Matyasovszky shall receive Nine Thousand Dollars ($9,000.00);

    b. Judith Montes shall receive Nine Thousand Dollars ($9,000.00);

    c. Linda Dedrick shall receive Nine Thousand Dollars ($9,000.000);.

    d. Sandra Pellechio and Joseph Pellechio shall receive a total of Nine Thousand Dollars ($9,000.00);

    e. Kenneth Gihon shall receive the sum of Six Thousand Dollars ($6,000.00);

    f. John Nelson shall receive the sum of Six Thousand Dollars ($6,000.00).

17. The Court has considered Class Counsels' Motion for Award of Attorney's Fees for the payment of attorney's fees and costs in the amount Three Hundred Twenty Five Thousand Dollars ($325,000.00) and finds that amount to be fair and reasonable under the circumstances of

this case and is approved. The award of attorney's fees and costs to Class Counsel, in no event shall exceed Three Hundred Twenty Five Thousand Dollars ($325,000.00), and shall be allocated among themselves in their discretion.

18. There is no just reason to delay in the entry of this Order of Final Judgment of Dismissal, and the Clerk of the Court is directed to enter this Order of Final Judgment of Dismissal forthwith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

Dated: Bridgeport, Connecticut

___12/3/___, 2007          SO ORDERED:

                           _____
                           The Honorable William I. Garfinkel
                           **United States District Court**
                           **Magistrate Judge**

I:\Procases\1742.007\Order of Final Judgment of Dismissal91107.wpd
1742.007