UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS MATYASOVSZKY, ET AL | : | CIVIL ACTION NO. |
| Plaintiffs, | : | |
| | : | 3:03-CV-968 (WIG) |
| v. | : | |
| | : | |
| HOUSING AUTHORITY OF THE CITY | : | |
| OF BRIDGEPORT, ET AL, | : | February 10, 2008 |
| Defendants. | : | |

## MEMORANDUM AND IN SUPPORT OF
## MOTION TO MODIFY ORDER

The undersigned seeks, pursuant to Rules 22, 23(h) and 54 of the Federal Rules of Civil Procedure, this Court's determination of a fair and reasonable division of the $325,00 of the lump sum fee among the three attorneys who have contributed to achieving the Consent Decree entered in this case. Specifically, the undersigned asks the Court to either: (A) vacate its Order (Docket # 187) granting the Motion for Fees (Docket #183) and order each attorney to submit a separate fee petition; or (B) modify paragraph 17 of its Order dated December 3, 2007 to specify payment to the undersigned of $92,487, representing seventy percent of the 700 hours attributed by current class counsel's fee affidavit to the liability phase.

**FACTS**

Alan Rosner and I served as initial co-counsel to the named plaintiffs and class from in the above-captioned case. I worked on the case from the start of federal litigation in May 2003 through June 2005. Our work was undertaken on a contingency basis, with each of us owning fifty percent of the case. We anticipated that Attorney Rosner would bear the costs of litigation, to be repaid from

1

settlement proceeds before any distribution of attorney's fees. In return, I would perform the more of the work. As expected, at the time I withdrew, I had performed 679 hours of work on this case, or about 70% of the total hours. See Exhibit A. Alan Rosner had performed 291 hours of work on this case during the same period, or about thirty percent. See Exhibit B.

Alan Rosner also paid me to perform a substantial amount of work for him on other matters, including Manning-Jones v. Beazley Co. Realtors, 3:03-cv-1473 (SRU), Fleming v. City of Bridgeport, 92 Conn. App. 400 (2005), and two CHRO matters. In 2004, these payments amounted to $15,400.

In early 2005, our business relationship broke down. Attorney Rosner refused to give me access to the file or communicate developments in the case to me. When I learned that Attorney Rosner had failed to advise me of a settlement offer made in late May of 2005, I decided I could not remain as co-counsel with Attorney Rosner. See Exhibit C. I offered to allow Attorney Rosner to withdraw and to bring the case to a conclusion myself. Attorney Rosner preferred to take full responsibility for the case during the compliance phase rather than permitting me to do the work. In June of 2005, I moved to withdraw. At that time, I agreed to repay the $15,400 he had paid me during 2004 for from the proceeds of the settlement of this case. I agreed to do so based on the expectation that I would receive the full benefit of my fifty percent ownership of this case. I did not agree to relinquish or reduce my fifty percent share of ownership in the case. Instead, I stated my intention to seek a fee award based on my hours of billable work performed up to that time. In July of 2005, Attorney Rosner asked for a copy of my contemporaneous time entries and stated that he would use it to support a joint

motion for attorney fees at the appropriate time. I provided him with a copy of the same time entries that I have attached hereto as Exhibit A.

Attorney Lori Welch-Rubin filed an appearance on October 15, 2007. On November 29, 2007, Attorney Rosner submitted a Motion for Attorney Fees and Costs (Docket # 183) on behalf of all three attorneys in the case, including myself. Neither Attorney Rosner nor Attorney Welch-Rubin advised me that they were preparing the Motion or asked for my contribution to its submission. Attorney Rosner's supporting Affidavit includes my name and acknowledges the submission of interim fees to this Court in early 2005, stating that part of the basis for the $325,000 lump sum was "reviewing the hours that had already been expended by plaintiffs' counsel prior to negotiations."  See Rosner Aff. Dated Nov. 29, 2007. The Motion was granted on December 3, 2007 (Docket # 187).

Attorney Rosner's Affidavit estimates that 1600 hours of attorney work have or will be performed by the three attorneys involved.  The work was broken down as follows:

| | | |
|---|---|---|
| *Liability* | May 2003 - December 2004 | 700 hours |
| *Negotiation of Consent Decree* | January 2005 - November 2007 | 400 hours |
| *Compliance* | December 2007 forward | 500 hours |

No contemporaneous time entries were submitted with the November 29, 2007 Motion.  No attempt was made in that Motion or its accompanying Affidavit to state the number of hours of work performed by each attorney.  There is no

3

explanation in the Affidavit about why the 983 hours that had actually been performed were reduced to 700.

## CURRENT STATUS OF NEGOTIATIONS

On December 6, 2007, three days after his Motion regarding fees had been granted, Attorney Rosner contacted me to ask how I proposed to split the fees. I reiterated my understanding that I would be paid for the hours recorded in my contemporaneous time entries. I also stated that, based on Attorney Rosner's Affidavit, I understood the hourly rate for the case to be $188.75. I arrived at this rate as follows:

      $ 325,000        Lump sum fee

      <u>- $23,000</u>        Litigation costs (see Docket # 183)

      $302,000 to be divided by 1600 hours total

      = $188.75 per hour.

Multiplying the $188.75 rate against my 679 hours equals a fee of $128,161.

Attorneys Welch-Rubin and Attorney Rosner instead offered $50,000 as my share of the fees. This offer was based on Attorney Welch-Rubin's representation that the Court intended to limit payment for the 700 hours of work performed in the liability phase to $100,000, and her belief that upon withdrawing from the case I had agreed to limit my compensation to fifty percent of the fees for the liability phase. I explained that I never agreed to limit my interest in the case to fifty percent of the liability phase alone, and that the Court's Order did not limit attorney fees for the liability phase to $100,000. I proposed instead to compensate all attorney hours at the same rate of $188.75. As a compromise based on the fact

that I actually performed seventy percent of the liability work, I offered to settle for seventy percent of 700 hours (700 x 0.70 = 490 hours) at $188.75 per hour, or a total fee of $92,487 (490 hours x $188.75 = $92,487). This offer represented a substantial compromise. In response, Attorneys Rosner and Welch-Rubin raised their offer to $60,000.

## LEGAL STANDARD

District courts are empowered with broad discretion over the distribution of attorney's fees among class counsel, based on their superior understanding of the factual basis for such awards and the desirability of avoiding appellate review. Hadix v. Johnson, 65 F.3d 532, 535 (6th Cir. 1995); Shadis v. Beal, 692 F.2d 924 (3d Cir.1982) (granting separate fee petition by consulting counsel following petition by primary class counsel). The primary concern in an attorney fee case is that the fee awarded be reasonable. Blum v. Stenson, 465 U.S. 886, 893, 104 S.Ct. 1541, 1545, (1984). A reasonable fee is "one that is 'adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys.'" Id.; Hadix, 65 F.3d at 536.

## ANALYSIS

Attorneys Rosner and Welch-Rubin propose to reserve two-thirds of the lump sum fee for the negotiation and compliance phases of this case—the phases that occurred after Attorney Rosner engineered my withdrawal from the case. By reserving $202,000 in fees to compensate themselves for their estimated 900 hours (400 negotiation phase hours plus 500 future compliance hours) of work, Attorneys Rosner and Welch-Rubin are being compensated at a rate of $224.00 hourly. In

contrast, the $60,000 share offered to me for my 679.2 hours of work represents an rate of $88.33. Compensating compliance work at a triple the hourly rate of the liability phase is unreasonable and runs counter to the policies behind the very fee-shifting statutes that permit payment for this case.

1.      **$188.75 Hourly Allows Fair Compensation to All Counsel.**

The November 29, 2007 Affidavit by Attorney Rosner filed with this Court describes his request of a lump sum fee of $325,000 for a total of 1600 hours (see Docket #183, hereinafter the "Affidavit"). The Affidavit specified that $23,000 of the sum derived from costs of litigation incurred by Attorney Rosner's office. The remaining $302,000 appears to represent an hourly fee of $188.75 for each of 1600 hours. Thus, while it is true that no attorney in this case can hope to make the market rate, I am not insisting on such a rate. This Motion merely argues that all attorneys who have served as class counsel be compensated at the same rate.

Using the hourly rate suggested by Attorney Rosner's Affidavit will yield a far lower total fee to me than the fifty percent share to which I am entitled by agreement, but I am willing to do so because it permits all three attorneys to share a reasonable fee from the limited fund available.

2.      **Number of Hours of Billable Work Are Undisputed**

None of the calculations provided within this memorandum conflict with the calculations provided by Attorneys Rosner in his Affidavit to this Court. In February of 2005, both counsel for the plaintiffs—Attorney Rosner and I—submitted our contemporaneous time entries to this Court as part of ongoing settlement negotiations. See Exhibits A and B. That submission showed 679

hours by me and 291 hours of work by Attorney Rosner. Alan Rosner raised no challenge to any portion of my entries. In fact, Attorney Rosner's Affidavit appears to refer to a review of those time entries. In view of the fact that my contemporaneous time entries have available to all involved in the case since February 2005, I do not believe that Attorneys Rosner and Welch-Rubin have a good faith basis on which to dispute that they are compensable.

3. **Compensating Compliance at $224 Hourly Creates A Windfall.**

Taking on compliance work under a Consent Decree can generally be expected to provide a risk-free source of income. In this case, the lack of risk is enhanced by the fact that the compliance work is being pre-paid in a lump sum that permits counsel to benefit from the time value of money. This lack of risk and pre-payment are two benefits not enjoyed by the attorney performing the liability phase work.

Attorney Welch-Rubin, the attorney who will apparently perform the bulk of the compliance work, claims that the sole source of the claim that the attorney fees for the liability phase must limited to $100,000. Such a limit is not consistent with the Affidavit, the Consent Decree, or any Order issued by this Court. If such a division of fees had been ordered by this Court, it would certainly create an additional benefit to the compliance attorney, in the nature of a windfall. Limiting the fees for the 700 compliance hours to $100,000 would be tantamount to paying just $143 for each of those liability hours, while distributing $202,000 among the 900 negotiation and compliance hours at a fee of $224 per hour.

Allowing Attorneys Rosner and Wech-Rubin to limit my fee to just $88.33 hourly ($60,000 divided by 679 hours) creates a compliance "cash cow,"

unfairly offering the greatest reward for work done during the risk-free portion of the case. As the Sixth Circuit commented in rejecting a request to pay of a higher billing rate for compliance work than for the liability work:

> From counsel's standpoint, [this phase of the case] more closely resembles a cash cow than a bottomless pit. It is highly likely that the guaranteed stream of income this litigation offers would prove a more potent lure for competent counsel than the ephemeral promise of a fee award at counsel's usual rate in the case of victory--and it is the desire to "achieve the . . .goal of mirroring market incentives" that drives the policy underlying the fee-shifting statutes. [citations omitted.] Hadix v. Johnson, 65 F.3d at 536.

Applying these principles to the instant case, it is unreasonable for Attorneys Rosner and Welch-Rubin to compensate themselves at more than twice the rate offered for liability work. Paying $224.00 *after* the point where liability already had been established, more than double the $88.33 hourly rate offered to me, is simply absurd.

## CONCLUSION

For the two and half years when the fate of the case was uncertain, I performed the bulk of the work on a contingency basis, including the vast majority of client contact, labor-intensive discovery and analysis of that discovery, depositions, drafting the motions that led to class certification and drafting the initial versions of the Consent Decree. Attorney Rosner refused to give me access to the file precisely at the point where it had become clear that the pool of funds for attorney fees were limited. It would be unjust to reward this strategy by permitting compensation to me to be limited to an $88.33 hourly rate while Attorneys Rosner and Welch-Rubin compensate themselves at the rate of $224.00 hourly.

In the event that the Court chooses not to entertain separate fee petitions from each attorney, it would be unreasonable to compensate my work, which was essential to establishing liability in this case, at less than $92,487.

Having relinquished my claim to fifty percent of the total value of this case in the interests of fairness to Attorney Welch-Rubin, all I am asking for is reasonable compensation for the work I have put into this case at a rate equal to that of the other two attorneys involved.

Respectfully submitted,

By_____
Jennifer Vickery (CT24089)
P.O. Box 1281
New Haven, CT 06505
Tel. (203) 809-0223
Fax. (203) 498-8223

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been delivered by first class mail, postage pre-paid on this 10th day of February, 2008 to:

Michael Ryan, Esq.
James Mahar, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
707 Summer Street
Stamford, CT 06901

Alan Rosner, Esq.
111 Main Street, Suite 415
Bridgeport, CT 06604

Lori Welch-Rubin, Esq.
Welch-Rubin & Jacobs
129 Whitney Avenue
New Haven, CT 06511

_____
Commissioner of Superior Court