UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS MATYASOVSZKY, ET AL | : | CIVIL ACTION NO. |
| Plaintiffs, | : | |
| | : | 3:03-CV-968 (WIG) |
| v. | : | |
| | : | |
| HOUSING AUTHORITY OF THE CITY | : | |
| OF BRIDGEPORT, ET AL, | : | February 10, 2008 |
| Defendants. | : | |

## AFFIDAVIT OF JENNIFER C. VICKERY

1. Alan Rosner and I served as initial co-counsel to the named plaintiffs and class from in the above-captioned case. I worked on the case from the start of federal litigation in May 2003 through June 2005. Our work was undertaken on a contingency basis, with each of us owning fifty percent of the case. We anticipated that Attorney Rosner would bear the costs of litigation, to be repaid from settlement proceeds before any distribution of attorney's fees. In return, I would perform the more of the work.

2. Alan Rosner also paid me to perform a substantial amount of work for him on other matters, including <u>Manning-Jones v. Beazley Co. Realtors</u>, 3:03-cv-1473 (SRU), <u>Fleming v. City of Bridgeport</u>, 92 Conn. App. 400 (2005), and two CHRO matters. In 2004, these payments amounted to $15,400.

3. In early 2005, our business relationship broke down. Attorney Rosner refused to give me access to the file or communicate developments in the case to me. When I learned that Attorney Rosner had failed to advise me of a settlement offer made in late May of 2005, I decided I could not remain as co-counsel with Attorney Rosner. I offered to allow Attorney Rosner to withdraw and

to bring the case to a conclusion myself. Attorney Rosner preferred to take full responsibility for the case during the compliance phase rather than permitting me to do the work. In June of 2005, I moved to withdraw. At that time, I agreed to repay the $15,400 he had paid me during 2004 for from the proceeds of the settlement of this case. I agreed to do so based on the expectation that I would receive the full benefit of my fifty percent ownership of this case. I did not agree to relinquish or reduce my fifty percent share of ownership in the case. Instead, I stated my intention to seek a fee award based on my hours of billable work performed up to that time. In July of 2005, Attorney Rosner asked for a copy of my contemporaneous time entries and stated that he would use it to support a joint motion for attorney fees at the appropriate time. I provided him with a copy of the my time entries.

      4.      On November 29, 2007, Attorney Rosner submitted a Motion for Attorney Fees and Costs on behalf of all three attorneys in the case, including myself. Neither Attorney Rosner nor Attorney Welch-Rubin advised me that they were preparing the Motion or asked for my contribution to its submission.

      5.      On December 6, 2007, three days after his Motion regarding fees had been granted, Attorney Rosner contacted me to ask how I proposed to split the fees. I reiterated my understanding that I would be paid for the hours recorded in my contemporaneous time entries. I also stated that, based on Attorney Rosner's Affidavit, I understood the hourly rate for the case to be $188.75.

      6.      Attorneys Welch-Rubin and Attorney Rosner instead offered $50,000 as my share of the fees. Attorney Welch-Rubin represented that the Court

intended to limit payment for the 700 hours of work performed in the liability phase to $100,000.

7.  I explained that I never agreed to limit my interest in the case to fifty percent of the liability phase alone, and that the Court's Order did not limit attorney fees for the liability phase to $100,000. I proposed instead to compensate all attorney hours at the same rate of $188.75. As a compromise based on the fact that I actually performed seventy percent of the liability work, I offered to settle for seventy percent of 700 hours at $188.75 per hour, or a total fee of $92,487.

8.  In response, Attorneys Rosner and Welch-Rubin raised their offer to $60,000.

                                    Respectfully submitted,


                                    By_____
                                    Jennifer Vickery (CT24089)
                                    P.O. Box 1281
                                    New Haven, CT 06505
                                    Tel. (203) 809-0223
                                    Fax. (203) 498-8223

# **CERTIFICATION**

This is to certify that a copy of the foregoing has been delivered by first class mail, postage pre-paid on this 10th day of February, 2008 to:

Michael Ryan, Esq.
James Mahar, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
707 Summer Street
Stamford, CT 06901

Alan Rosner, Esq.
111 Main Street, Suite 415
Bridgeport, CT 06604

Lori Welch-Rubin, Esq.
Welch-Rubin & Jacobs
129 Whitney Avenue
New Haven, CT 06511

_____
Commissioner of Superior Court