FILED

2008 APR -7 P 1:04

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS MATYASOVSZKY, ET AL., on behalf :
of themselves and all others similarly situated,   :    CASE NO.
                Plaintiffs,   :    3:03CV968 (WIG)
                                                             :
V.   :
   :
HOUSING AUTHORITY OF THE CITY OF   :
BRIDGEPORT ET AL.   :    APRIL 7, 2008
                Defendants.   :

## MOTION TO AMEND THE APRIL 18, 2008 DEADLINE
## FOR CLASS MEMBERS TO FILE CLAIMS

The undersigned, on behalf of the plaintiff class representatives and the plaintiff class, hereby request that this Court enter an Order amending the deadline by which class members or potential class members must file completed Claim Forms in order to be considered for a monetary award under the Consent Decree approved by this Court on December 3, 2007. With the consent of counsel for the defendants, plaintiffs' counsel seek to amend the filing deadline to July 19, 2008 upon the following facts and circumstances:

1. On December 3, 2007, this Court approved a Consent Decree settling all claims between the parties in the above referenced class action. Just prior to its approval, paragraph 53 of the proposed Consent Decree was modified by stipulation to delete that

portion of the paragraph requiring defendants to perform a National Change of Address ("NOCA") database search in an effort to locate a current address for a potential class member.

2. At the Fairness Hearing held in this matter on December 3, 2007, defendants' counsel agreed, notwithstanding modification of paragraph 53, that NOCA searches would be performed for those potential class members who were served the Proposed Notice of Settlement at their last known address but whose notices were returned as undeliverable. The NOCA searches would be performed after the Fairness Hearing and it was expected that new notices would be served in time to permit potential class members to file Claim Forms by the deadline of February 15, 2008, as set forth in the Notice of Proposed Settlement.

3. When the defendants experienced delays in hiring a NOCA search company, plaintiffs, with defendants' consent, successfully sought from the this Court an extension of time through April 18, 2008 to file claims for awards under the consent decree.

4. Unfortunately, the company hired by the BHA to perform the NOCA search was unable to locate a single address from among the 1537 individuals whose notice of settlement and claim form was returned to the BHA as "undeliverable." The BHA hired a second database search company who fared only slightly better; the second company

found approximately 50 updated addresses for persons on the list. Thus, close to 1500 potential class members still have not receive actual notice of the settlement and their right to file a claim for a monetary award.

5. In response, plaintiffs' counsel has adopted two methods for locating people entitled to notice. First, we have reviewed names on the "undeliverable" list with individual social workers, clinicians, nurses, psychologists and physicians serving the Greater Bridgeport community to see if these individuals are being treated in local health clinics. We have provided claims forms in both Spanish and English to healthcare providers who, in turn, contact their patients and advise them of the settlement of this case. The undersigned is now beginning to receive completed claims forms by this means. We are still in the process of meeting with local health care personnel. The process of identifying potential class members employing this method is very time consuming, which is, in part, the reason why plaintiff's are seeking a second extension of the deadline.

6. Additionally, plaintiffs' counsel has made a formal request to the Connecticut Department of Social Services, and, specifically, to Kevin Loveland, who is Director of Assistance Programs, to assist us in locating potential class members. This request was made on the assumption that many if not all of the people remaining on the

"undeliverable" list receive some form of medical or other assistance from State DSS. After several weeks of discussion and explanation of our case and the problem of notice to class members, Mr. Loveland secured from his agency the requisite approvals from DSS to permit his agency to assist us.

7. Mr. Loveland has asked that DDS be allowed to place a notice in the envelopes they mail out advising potential claimants of their obligations to notify DSS program workers of their receipt of any cash award. Plaintiffs' counsel has consented to this request. Plaintiffs' counsel advises claimants similarly, but gives more detailed advice on how receipt of an award under the decree is regarded by each benefit program operated by DSS, the Social Security Administration and other government agencies providing assistance to our clients. The DSS notice will only duplicate, in a general way, way plaintiffs' counsel provides to each claimant.

8. DSS will not disclose addresses of their clients but will work with the BHA to review names on the "undeliverable" list, and, when a person proves to be a client of DSS, will mail our notice and claims forms to that client. By this means, we are hopeful we will be able to provide actual notice to most, and, perhaps, all of the nearly 1500 people who have not yet received notice of the settlement.

9. DSS indicates that it will take nearly a month to put staff in place to perform

this work, and to identify potential claimants and mail the notice and claims forms.

10. To ensure that persons receiving actual notice of the settlement by these two means have approximately the same time frame to file claims as persons receiving notice prior to the Fairness Hearing, the plaintiffs request that the deadline to file claims be amended to July 18, 2008.

11. Counsel for defendants have consented to the relief requested herein.

THE PLAINTIFFS,

BY *Alan Rosner*
Alan Rosner, Esq. (CT 10414)
1115 Main Street, Suite 415
Bridgeport, CT 06604
(203) 384-1245
Fax: (203) 384-1246
Email: alanrosner@aol.com

## CERTIFICATION

I hereby certify that a copy of the foregoing motion to amend the deadline to file claims has been served by regular first class mail to James Mahar, Esq. and Michael Ryan, Esq., Ryan Ryan Johnson & Deluca, LLP, at 707 Summer Street, 5th floor, Stamford, CT 06901 on this 7th day of April, 2008.

_____
Alan Rosner