UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS MATYASOVSZKY, ET AL | : | CIVIL ACTION NO. |
| Plaintiffs, | : | |
| | : | 3:03-CV-968 (WIG) |
| v. | : | |
| | : | |
| HOUSING AUTHORITY OF THE CITY | : | |
| OF BRIDGEPORT, ET AL, | : | June 12, 2008 |
| Defendants. | : | |

### REPLY TO AFFIDAVIT IN OPPOSITION TO
### MOTION TO MODIFY ORDER

The undersigned offers the following Exhibits and statements of fact in response to "Affidavit of Alan Rosner" submitted in opposition to the Motion to Modify Order dated February 10, 2008.

**Response to ¶ 3:**

Attorney Rosner's claim that he deducted taxes from checks to me is untrue, as demonstrated by the attached Form 1099.  See Exhibit 1.  He failed to pay any tax obligation associated with employing me, including the unemployment insurance taxes required by the Connecticut Department of Labor, but only admitted this in October 8, 2003.

At Attorney Rosner's urging, I agreed on October 8, 2003 to retroactively treat all of the "salary" payments recorded in Exhibit B of his Affidavit as payments an independent contractor, and to continue working as an independent contractor in exchange for 50% ownership of the Matyasovszky and Manning-Jones cases. This arrangement created an unplanned for additional tax burden of

$4,000 for me for the year 2003. I agreed to take on this tax liability and to work on other matters as an independent contractor only because I knew I would ultimately be paid a full fifty percent of the attorney's fees due for these cases. If Attorney Rosner would honor his agreement to fifty percent ownership of the total proceeds from these two cases, then I would gladly reimburse him for these payments. Otherwise, asking for reimbursement of these amounts creates a windfall to him.

**Response to ¶ 4:**

Attorney Rosner's claim that he paid separately for my work on such matters as the Fleming and Luna cases is contradicted by his own listing of these checks in the 4-13-05 email (Exhibit D) as amounts to be repaid from my fifty percent of the Matyasovszky case. The language in this email makes clear that the agreement to reimburse was contingent upon splitting the fees on a fifty-fifty basis.

**Response to ¶ 5:**

Contrary to Attorney Rosner's description, I did not withdraw from the Manning-Jones case. See Exhibit 2, Manning-Jones Docket Sheet. My work on the case was significant, as indicated by the fact that I was the filer for four out of the eight substantive filings required for the case. See Exhibit 3, Manning-Jones Signature Pages. I received no part of the $30,000 settlement for the case.

Attorney Rosner's statement about sanctions is grossly misleading, if it is intended as a claim that I engaged in sanctionable behavior. I had and still have a fine working relationship with Bob Hinton, the attorney who served as primary defense counsel for the case. Moreover, no grievance or motion for sanctions has

ever been filed against me by any court, lawyer, or client in any forum. Attorney Rosner cannot say the same.

**Response to ¶¶ 11 and 12:**

I have produced my contemporaneous time entries. I kept them in a word processing document and printed them out in 2005. Attorney Rosner has not done the same.

The time sheet submitted with the instant Motion to Modify remains unchanged from the one presented to the Court and to Attorney Rosner in 2005. No pages were removed. Attorney Rosner never asked me to correct any entry.

**Response to ¶ 21:**

I have attached copy of a September 24, 2004 draft I wrote for the Plaintiff's Motion for Preliminary Injunction. See Exhibit 4. It is remarkably similar to the Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction (Docket #111 and 112) for this case that was filed under my signature in October of 2004. Attorney Rosner's claim that he spent "many hours" on this motion "which are not accounted for in my time records" offers no basis for awarding fees in his favor.

Respectfully submitted,
/s/_____
Jennifer Vickery (CT24089)
P.O. Box 1281
New Haven, CT 06505
Tel. (203) 809-0223
Fax. (203) 498-8223

**<u>CERTIFICATION</u>**

This is to certify that a copy of the foregoing has been delivered by electronic filing in accord with Rule 5 of the Federal Rules of Civil Procedure on this 12th day of June, 2008 to:

Michael Ryan, Esq.
James Mahar, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
707 Summer Street
Stamford, CT 06901

Alan Rosner, Esq.
111 Main Street, Suite 415
Bridgeport, CT 06604

Lori Welch-Rubin, Esq.
Welch-Rubin & Jacobs
129 Whitney Avenue
New Haven, CT 06511

_____
Jen Vickery